UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEHAN ZEB MIR,<br><br>                        Plaintiff,<br>vs.<br><br>MEDICAL BOARD OF CALIFORNIA, et al.,<br><br>                      Defendant. | CASE NO. 12cv2340-GPC-DHB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND GRANTING DEFENDANT'S REQUEST FOR JUDICIAL NOTICE**<br><br>[DKT. NOS. 17-18] |

For the reasons below, the Court **DENIES** Plaintiff's motion for a preliminary injunction and **GRANTS** Defendant's request for judicial notice. (Dkt. Nos. 17-18.)

**BACKGROUND**

On September 25, 2012, Plaintiff Jehan Zeb Mir (hereinafter "Plaintiff"), proceeding in propria persona, filed this lawsuit in federal court alleging that the California Medical Board wrongfully took disciplinary actions against Plaintiff's physician's and surgeon's certificate. (Dkt. No. 1.) On January 17, 2013, Plaintiff filed a first amended complaint seeking injunctive and declaratory relief. (Dkt. No. 8.) On February 13, 2013, Defendants filed a motion to dismiss Plaintiff's amended complaint. (Dkt. No. 13.) On February 20, 2013, Plaintiff filed a motion for preliminary injunction. **(**Dkt. No. 17.) On March 5, 2013, Defendants filed an opposition to Plaintiff's motion for preliminary injunction, which included a request

for judicial notice. (Dkt. No. 18.)  As the motion to dismiss has not been fully briefed, the only issue before the Court is Plaintiff's motion for preliminary injunction.

This case follows a litany of lawsuits filed by the Plaintiff in an attempt to reverse the California Medical Board's decision to revoke Plaintiff's medical licenses.  In his first amended complaint, Plaintiff provides a complicated history of his treatment for one particular patient, which ultimately resulted in his termination from Pomona Valley Hospital and numerous review proceedings before the California Medical Board. (Dkt. No. 8.)  Plaintiff's complaint provides further background as to the state court proceedings in which he contested the California Medical Board's decision to revoke his licenses. (Id.)

Plaintiff was licensed by the Defendant State of California in 1972 to practice medicine. (Plaintiff's First Amended Complaint (hereinafter, "FAC", ¶ 6).)  On June 8, 2000, Plaintiff treated an 81-year old female patient with a history of medical complications at Pomona Valley Hospital, where he was a provisional member of the medical staff. (FAC ¶¶ 6, 11, 12.)  Plaintiff performed a series of surgeries on the patient, leading up to an above-the-knee amputation of the patient's leg due to gangrene. (FAC ¶¶ 30, 33-34, 42-45, 48-49.)  Related to Plaintiff's mistreatment of the patient and other concerns about the Plaintiff's performance as a provisional staff member, Pomona Valley Hospital ("PVH") terminated Plaintiff around November 2000. (FAC ¶¶ 59-63.)

Plaintiff has a history of filing lawsuits resulting in unfavorable determinations and Court-ordered sanctions against Plaintiff.  Plaintiff sued PVH twice for injunctive relief and damages.  The Superior Court denied relief on both occasions, and the Court of Appeals affirmed the decision and determined Plaintiff was a vexatious litigant. (FAC ¶¶ 57, 59; Defendant's Request for Judicial Notice, Exhibit B, <u>Mir v. Pomona Valley Hosp. Medical Center</u>, 2003WL 403301, *2-*6 (Cal. App. Feb. 24, 2003).)  The Court of Appeal even observed that Plaintiff had a

long history of filing and maintaining frivolous and harassing litigation, including in a previous case where the Ninth Circuit affirmed a sanctions award for Plaintiff's frivolous filings in litigating a hospital's denial of staff privileges for over nine years. (Id. at *20-*21; see also Mir v. Little Company of Mary Hospital, 844 F.2d 646, 653 (9th Cir. 1988)).

In this action, Plaintiff seeks injunctive and declaratory relief from the California Medical Board's decision to revoke Plaintiff's medical license. The Medical Board's actions commenced in 2003, when they first charged Plaintiff with gross negligence and incompetence in connection with his care of the aforementioned PVH patient. In January 2007, the Medical Board issued a decision revoking Plaintiff's medical license. (FAC ¶163.) Following this determination, Plaintiff filed a writ of mandamus with the California Superior Court, which granted the petition and remanded the matter to the Medical Board for reconsideration of the penalty issue. (FAC ¶¶ 163-164, 175.) Plaintiff also filed a petition for writ relief with the Court of Appeal, which was denied. (FAC ¶ 177.) After a lengthy appeal process, reconsideration by the Medical Board, and specified terms for a period of probation, the Medical Board issued its final decision revoking Plaintiff's medical license in August 2012 for failure to comply with the conditions of his probation. (FAC ¶¶ 191, 198-200, 202-209, 223-227.)

Plaintiff's motion for a preliminary injunction largely asserts the same factual allegations as the first amended complaint. (Dkt. No. 17.) Plaintiff claims that the Court should dismiss the Medical Board's 2003 charges for several reasons: first, the Medical Board allegedly failed to follow the Superior Court's order; second, Plaintiff asserts that the right to practice medicine is a constitutionally protected right; third, Plaintiff alleges he was denied due process and that the Medical Board discriminated against him as a member of a minority group; finally, Plaintiff claims that he will suffer irreparable harm without an injunction. (Id.) Throughout these claims, Plaintiff asserts a series of factual allegations regarding the Medical Board's

reliance on false testimony and inaccurate information to make it's determination.

**LEGAL STANDARD**

To obtain a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in the moving party's favor; and (4) that an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).  Under the Ninth Circuit's "sliding scale" approach, the first and third elements are to be balanced such that "serious questions" going to the merits and a balance of hardships that "tips sharply" in favor of the movant are sufficient for relief so long as the other two elements are also met. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134–35 (9th Cir. 2011).  A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief," Winter, 555 U.S. at 22, and the moving party bears the burden of meeting all four Winter prongs.  See Cottrell, 632 F.3d at 1135; DISH Network Corp. v. FCC, 653 F.3d 771, 776–77 (9th Cir. 2011).

Furthermore, the Supreme Court and the Ninth Circuit have stressed that district courts must be sensitive to concerns of equity, federalism, and comity when considering injunctive relief against State agencies. Rizzo v. Good, 423 U.S. 362, 375 (1976); Thomas v. County of Los Angeles, 978 F.2d 504, 508 (9th Cir. 1992). A strong factual record is necessary before a federal district court may enjoin a State agency. Thomas, 978 F.2d at 508. The Ninth Circuit requires a showing of pervasive and intentional misconduct before a district court may enjoin a State agency. Id.

**DISCUSSION**

Plaintiff has failed to provide sufficient support for the Winter factors, and therefore cannot succeed on a claim for preliminary injunction.  As a preliminary matter, Plaintiff does not allege any comprehensible facts to support three of the

four Winter elements. Plaintiff's motion includes confusing assertions that mix law and facts, and he spends much effort arguing in support of this Court's jurisdiction over his claim. As to the first Winter factor, the Court is unable to parse out any facts that indicate Plaintiff will succeed on the merits of the complaint. The assertions that Plaintiff does provide are conclusory and fail to provide any insight into the decisions made by the California Medical Board. Moreover, Plaintiff relies on previous state court decisions in cases which he filed a writ of mandamus to contest the California Medical Board's determination. Upon review of the California Court of Appeals decisions affirming the Superior Court rulings, this Court finds that, at best, Plaintiff misinterprets the state court decisions. At worst, the previous decisions indicate that this claim reflects Plaintiff's frivolous attempt to re-litigate the same set of issues that have been fully adjudicated before the California courts and exhausted through the administrative process before the California Medical Board.

     Having reviewed the motion and supporting exhibits, the Court finds that Plaintiff failed to plead any facts that support three Winter factors. The Court finds there is little likelihood of success on the merits of Plaintiff's claims, especially as it appears that the same issues have already been adjudicated through state court proceedings. A balance of the equities tips does not tip in Plaintiff's favor, as Plaintiff has exhausted both judicial and administrative remedies regarding this matter. Finally, Plaintiff has not pled any facts to indicate that injunctive relief would be in the public interest.

     Plaintiff asserts that he will suffer irreparable injury if preliminary injunctive relief is not granted. Plaintiff claims that the Court must "prevent future wrongs of Defendants," and that "Defendants are discriminating members of the minority group which includes plaintiff in targeting for discipline and imposing disproportionately harshest penalties." (Dkt. No. 17 at 24.) Plaintiff further claims that "depravation of constitutional rights is irreparable injury." The Court finds that

this potential harm is nothing more than mere speculation, and reassertion of facts of an alleged past harm.  Therefore, Plaintiff has failed to demonstrate an "immediate threatened harm." <u>Caribbean Marine Services Co., Inc. v. Baldrige</u>, 844 F.2d 668, 674 (9th Cir. 1988).  "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief." <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 102 (1983).  Plaintiff has failed to establish irreparable harm, and does not meet the additional <u>Winter</u> factor required to support a claim for a preliminary injunction.  As such, Plaintiff has failed to meet the required burden and the Court therefore **DENIES** Plaintiff's motion for a preliminary injunction.

**Request for Judicial Notice**

A court must take judicial notice if a party requests it and supplies the court with the requisite information. Fed. R. Evid. 201(d). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A district court may take judicial notice of unpublished decisions and court records. See <u>Wendt v. Smith</u>, 273 F. Supp. 2d 1078, 1082 (C.D. Cal. 2003); <u>MGIC Indem. Corp. V. Weisman</u>, 803 F.2d 500, 504 (9th Cir. 1986); <u>United States v. Black</u>, 482 F.2d 1035, 1041 (9th Cir. 2007). Defendants request that the Court take judicial notice pursuant to Federal Rule of Evidence 201 of a similar complaint filed by the Plaintiff in the U.S. District Court, Central District of California.  Defendants also ask the Court to take judicial notice of two California Appellate Court decisions rendered in a case filed by the Plaintiff also regarding similar, if not the same, allegations.  Having reviewed, the Court **GRANTS** Defendants' request.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's motion for a

preliminary injunction and **GRANTS** Defendants' request for judicial notice. Accordingly, the Court hereby **VACATES** the hearing set for this matter scheduled on Friday, March 22, 2013.

**IT IS SO ORDERED.**

DATED: March 19, 2013

HON. GONZALO P. CURIEL
United States District Judge