1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17

| JEHAN ZEB MIR, | CASE NO. 12cv2340-GPC-DHB |
|---|---|
| Plaintiff, | **ORDER** |
| vs. | **(1) GRANTING DEFENDANT'S MOTION TO DISMISS** |
| | **(2) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND REQUEST FOR RECUSAL** |
| MEDICAL BOARD OF CALIFORNIA, et al., | |
| Defendant. | [DKT. NOS. 13, 26] |

18
19
20

For the reasons below, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's first amended complaint and **DENIES** Plaintiff's request for reconsideration. (Dkt. Nos. 13, 26.)

21

## PROCEDURAL HISTORY

22
23
24
25
26
27
28

On September 25, 2012, Plaintiff Jehan Zeb Mir (hereinafter "Plaintiff"), proceeding in propria persona, filed this lawsuit in federal court alleging the California Medical Board wrongfully took disciplinary actions against Plaintiff's physician's and surgeon's certificate. (Dkt. No. 1.) On January 17, 2013, Plaintiff filed a first amended complaint seeking injunctive and declaratory relief. (Dkt. No. 8.) On February 13, 2013, Defendants filed a motion to dismiss Plaintiff's amended complaint. (Dkt. No. 13.) On February 20, 2013, Plaintiff filed a motion for

preliminary injunction. **(**Dkt. No. 17.)  On March 19,  2013, the Court denied

Plaintiff's motion for preliminary injunction. (Dkt. No. 23.)  On April 24, 2013,

Plaintiff filed a response in Opposition to Defendants' motion to dismiss. (Dkt. No.

25.)  On May 2, 2013, Plaintiff filed a motion for reconsideration of the Court order

denying Plaintiff's motion for preliminary injunction. (Dkt. No. 26.)

## BACKGROUND

Plaintiff, a resident of the state of California, brings this action against

Defendants Medical Board of California; Linda Whitney, Executive Director of the

Medical Board of California; and Sharon Levine, President of the Medical Board of

California. (Dkt. No. 8, "FAC.") In the FAC, Plaintiff outlines the history of his

treatment for one particular patient, which lead to his termination from Pomona

Valley Hospital and subsequently to the Medical Board's decision to revoke

Plaintiff's medical licenses in 2007.  (Id.)  Plaintiff brings this action following a

series of state court challenges to the California Medical Board's decision to revoke

his medical licenses. (Id.)

Plaintiff was licensed by the Defendant State of California in 1972 to practice

medicine. (FAC ¶ 6.)  On June 8, 2000, Plaintiff treated an 81-year old female

patient with a history of medical complications at Pomona Valley Hospital

("PVH"), where he was a provisional member of the medical staff. (FAC ¶¶  6, 11,

12.)  Plaintiff performed a series of surgeries on the patient, leading up to an above-

the-knee amputation of the patient's leg due to gangrene the patient had contracted

following previous surgeries performed by Plaintiff.  (FAC  ¶¶ 30, 33-34, 42-45, 48-

49.)  Related to Plaintiff's treatment of the patient and other concerns about the

Plaintiff's performance as a provisional staff member, PVH suspended Plaintiff

around November 2000. (FAC ¶ 57.)  Plaintiff requested injunctive relief from the

Superior Court, but was denied for failure to exhaust his administrative remedies.

(Id.) Plaintiff was terminated from PVH following these proceedings. (FAC  ¶ 58.)

Plaintiff requested declaratory relief from the Superior Court, which again was

denied for failure to exhaust administrative remedies, and affirmed by the Court of Appeals. (FAC  ¶¶ 59-62).

The Medical Board's actions commenced in 2003, when the Board first charged Plaintiff with gross negligence and incompetence in connection with his care of the aforementioned PVH patient.  In January 2007, the Medical Board issued a decision revoking Plaintiff's medical licenses for these reasons. (FAC ¶163.) Following the revocation, Plaintiff filed a writ of mandamus with the California Superior Court, which granted the petition and remanded the matter to the Medical Board to reconsider the decision.  (FAC ¶¶ 163-164, 175.)  After review, the Medical Board reissued its decision.  Plaintiff again filed a petition for writ of relief with the Superior Court, alleging the Medical Board had not reviewed its decision but rather had simply reissued the previous findings. (FAC ¶¶ 183-191.)  Plaintiff further alleged the Medical Board had unlawfully made a finding of gross and repeated negligence, improperly determined the penalty, and wrongfully discriminated against Plaintiff and other minorities by disproportionately revoking licenses of physicians in the minority groups. (FAC ¶¶192-197.)  The Superior Court directed the Medical Board to set aside its decision to revoke Plaintiff's licenses and remanded the matter to redetermine the penalty issues. (FAC ¶ 205.)

Following a hearing, the Medical Board issued another decision revoking and issuing a five year probation with terms and conditions.  (FAC ¶¶ 205-218.) Plaintiff filed a third writ of mandate in the Superior Court challenging the Medical Board's decision. (FAC ¶¶ 222-223.)  The Superior Court issued an order temporarily staying enforcement of probation conditions, and later mandated the Medical Board vacate the probation terms requiring Plaintiff to undergo psychiatric evaluation.  (FAC ¶¶222-224.)  The Medical Board complied with the order, and on March 16, 2012 issued its final decision striking the condition of psychiatric evaluation. (FAC ¶¶224-227.) On August 16, 2012, Defendants revoked Plaintiff's license for the fourth time for not complying with the conditions of probation. (FAC

¶ 227.)  Plaintiff alleges that the Superior Court decisions were not final judgments "because there never was compliance by medical board." (FAC ¶¶227-229.)

Plaintiff alleges he has a property interest in his medical license protected by the U.S. Constitution. (FAC ¶ 239.)  Plaintiff alleges the Court has jursdiction pursuant to 42 U.S.C. § 1983. (FAC ¶ 5.)  Plaintiff makes the following primary allegations in support of his claim for injunctive and declaratory relief: Defendants in bad faith brought false fraudulent charges of misdiagnosis;  Defendants denied Plaintiff due process; Defendants refused to consider additional evidence and failed to provide Plaintiff the opportunity for a full and fair hearing; Defendants conducted a sham administrative hearing; Defendants committed extrinsic fraud; and Defendants disobeyed the Superior Court decisions.  ( FAC ¶¶ 240-278.)  Plaintiff also alleges California Appellate process Section 2337 fails to provide due process. (FAC ¶ 266.) Plaintiff's second claim is for a "permanent injunction," and alleges many of the same violations. (FAC ¶¶271-281.)     Plaintiff alleges these actions violate his due process rights under the Fifth and Fourteenth Amendments of the U.S. Constitution.  (FAC Prayer for Relief.)  Plaintiff seeks full restoration of his medical license as it existed prior to 2007. (Id.)  Plaintiff also seeks a declaration that California Business & Profession Code Section 2337 is unconstitutional. (Id.)

**LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balisteri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir.1990).  To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).  While a

plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level."  Twombly, 550 at 545. "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir.2009).

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party.  Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Legal conclusions, however, need not be taken as true merely because they are cast in the form of factual allegations.  Ileto v. Glock, Inc., 349 F.3d 1191, 1200 (9th Cir. 2003); W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." Student Loan Marketing Association v. Hanes, 181 F.R.D. 629, 634 (S.D.Cal.1998).  If a plaintiff fails to state a claim, a court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts." Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 247 (9th Cir.1990).

## DISCUSSION

### 1. Defendants' Motion to Dismiss

Defendants move to dismiss Plaintiff's first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) based on several grounds.  (Dkt. No. 13, "MTD.") Defendants first argue Plaintiff's entire action is barred by the Eleventh

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Amendment, and if not then Defendants are entitled absolute immunity.  Defendants further contend Plaintiff has failed to state a claim for which relief can be granted, and as a final matter, Plaintiff's claims are barred by the application of the *Younger* abstention doctrine.

Plaintiff opposes the Defendant's motion to dismiss on the following grounds.  Plaintiff contends the Eleventh Amendment does not apply to his claim because Plaintiff has not sought monetary relief and his claim merits protection under the Ex parte Young doctrine. (Dkt. No. 24, "Plaintiff's Reply.")  Plaintiff contends Defendants are not entitled to absolute immunity because they are not prosecutors.  Plaintiff also claims he has met all the requirements for a preliminary injunction under the "Winter" factors, and he has sufficiently stated a claim to withstand the motion to dismiss.

**A. Eleventh Amendment Immunity**

The Court first considers whether this action is barred by the Eleventh Amendment.  The Eleventh Amendment to the U.S. Constitution prohibits federal courts from hearing suits brought by private citizens against state governments, without the state's consent.  Hans v. Louisiana, 134 U.S. 1, 15 (1890).  Absent a waiver, state immunity extends to state agencies and to state officers. Alabama v. Pugh, 438 U.S. 781 (1978); Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 142-46 (1993).  In general, the federal courts lack jurisdiction over a suit against state officials when "the state is the real, substantial party in interest." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101 (1984)(citing Ford Motor Co. V. Department of Treasury, 323 U.S. 459 (1945)).

There is one exception to this general rule.  In Ex parte Young, the Supreme Court held the Eleventh Amendment does not bar suit against a state official acting in violation of federal law. Ex parte Young, 209 U.S. 123 (1908); Pennhurst, 465 U.S. at 102-03.  As such, the Ex parte Young exception is "inapplicable in a suit

against state officials on the basis of state law," but allows a plaintiff to bring suit in federal court against a state officer accused of violating federal law. Id. at 102, 104-6. "This exception is narrow: It applies only to prospective relief, does not permit judgments against state officers declaring that they violated federal law in the past, and has no application in suits against the States and their agencies, which are barred regardless of the relief sought." Puerto Rico Aqueduct, 506 U.S. at 146; Edelman v. Jordan, 415 U.S. 651 (1974) (finding that a federal court may award an injunction that governs the official's future conduct, but not one that awards retroactive monetary relief).

Here, Plaintiff brings suit against the Medical Board of California, a state entity created pursuant to Cal. Bus. & Prof. Code § 2001, as well as the Medical Board President Sharon Levine and Medical Board Executive Director Linda Whitney. As discussed below, the FAC is silent as to whether Plaintiff sues Defendants Levine and Whitney in their individual or official capacities. Neither party has suggested that the State of California has consented to the lawsuit. Without State consent, Plaintiff would be barred under the Eleventh Amendment from bringing a lawsuit in federal court against the Medical Board of California, a state entity, and Defendants Levine and Whitney, if they are sued in their official capacity as state officials.

The Court finds that Plaintiff's claims are not subject to the Ex parte Young exception. In the jurisdiction section of the FAC, Plaintiff states that he brings this action pursuant to 42 U.S. C. § 1983. (FAC ¶ 5.) Under this section,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
> 42 U.S.C.A. § 1983 (West).

Inso far as Plaintiff has sought retrospective relief for reinstatement of his medical license from the Medical Board of California, a state agency, the Court finds that the federal claim is cloaked by Eleventh Amendment immunity.  Puerto Rico (Ex parte Young doctrine "has no application in suits against the State and their agencies").   With respect to Plaintiff's § 1983 claim against Defendants Levine and Whitney, the FAC is silent as to whether Plaintiff sues them in their personal or official capacities.  If Plaintiff sues in their official capacities, the action would be barred under the Eleventh Amendment.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)(holding that neither a state nor its officials acting in their official capacities are "persons" under § 1983).  However, Courts have held plaintiffs may proceed with § 1983 claims against the named state officials in their individual capacities for both retrospective and prospective relief.  Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992)(citing Hafer v. Melo, 502 U.S. 21 (1991); DeNieva v. Reyes, 966 F.2d 480, 483-84 (9th Cir. 1992).  Although the FAC is silent, Plaintiff argues in his opposition motion that he has sued Defendants Levine and Whitney in their individual capacities.  (Plaintiff's Reply at 2.)  As the FAC is the operative pleading, not Plaintiff's reply, the Court refuses to read into the complaint an assumption that Defendants are sued in their individual capacities.  Given the lack of clarity in the FAC, the Court refrains from providing Eleventh Amendment immunity to Defendants Levine and Whitney.

For the above reasons, the Court finds that Defendant California Medical Board is entitled immunity under the Eleventh Amendment.  Defendants Levine and Whitney are not entitled immunity under the Eleventh Amendment.

**B. Absolute Immunity for Defendants Levine and Whitney**

Defendants Levine and Whitney argue they are entitled absolute immunity from federal liability. Relying on Mishler v. Clift, 191 F.3d 998 (9th Cir. 1999), Defendants argue that absolute immunity protects the state medical board members'

decisions to revoke a doctor's medical license. (Defendants' Response at 4-5.) Plaintiff argues Defendants Levine and Whitney are being sued as "executives" acting in their "individual" capacities and not for performing prosecutorial duties. (Plaintiff's Reply at 2.) As such, Plaintiff claims Defendants are not entitled immunity. For the reasons below, the Court refrains from granting Defendants absolute immunity.

Courts recognize two forms of immunity: absolute and qualified. See Buckley v. Fitzsimmons, 509 U.S. 259, 268,(1993). "The presumption is that qualified rather than absolute immunity is sufficient to protect government officials in the exercise of their duties," and hence courts are generally "quite sparing" in their recognition of absolute immunity. Burns v. Reed, 500 U.S. 478, 486-87,(1991) (citations omitted). Absolute immunity is accorded to judges and prosecutors functioning in their official capacities and, under certain circumstances, is also extended to officials of government agencies "performing certain functions analogous to those of a prosecutor" or a judge. Butz v. Economou, 438 U.S. 478, 515, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978).  Courts employ a "functional approach" when considering whether the procedures used by the agency are sufficiently similar to judicial process to warrant a grant of absolute immunity. Cleavinger v. Saxner, 474 U.S. 193, 201-02 (1985) (citing Harlow v. Fitzgerald, 457 U.S. 800, 810(1982)). The analysis should look to whether the actions taken by the official are "functionally comparable" to that of a judge or a prosecutor. Butz, 438 U.S. at 513. The courts assess six factors:

> (a) the need to assure that the individual can perform his functions without harassment or intimidation; (b) the presence of safeguards that reduce the need for private damages actions as a means of controlling unconstitutional conduct; (c) insulation from political influence; (d) the importance of precedent; (e) the adversary nature of the process; and (f) the correctability of error on appeal.
> Cleavinger, 474 U.S. at 202 (citing Butz, 438 U.S. at 512).

Moreover, government actors who seek absolute immunity "bear the burden of showing that public policy requires an exemption of that scope." Id. At 506.

Defendants ask the Court to apply a similar functional analysis as the Ninth Circuit in Mishler. (Dkt. No. 27, Defendants Reply, at 4.) In that case, a physician brought an action alleging the members of the Nevada State Board of Medical Examiners engaged in unconstitutional and unlawful conduct when performing several board actions, including revocation of his medical license. Mishler, 191 F.3d at 1002.  Upon review, the Ninth Circuit applied the Supreme Court factors articulated in Butz, 438 U.S. 478, to determine whether the Nevada State Board of Medical Examiners had characteristics of the judicial process, and whether the acts of the Board Members were thereby entitled to absolute immunity.  While members of the Nevada Board of Medical Examiners did not have all attributes of a federal hearing officer, the Ninth Circuit held they were functionally comparable to judges and prosecutors, and, thus, board members were entitled to absolute immunity for their quasi-judicial acts. Id. Although the members were entitled to absolute immunity for quasi-judicial acts, such protection did not extend to its ministerial acts.  Id. at 1007-1008.

While Mishler may be persuasive, the Court lacks both legal and factual support that Defendant Board President Levine and Defendant Board Executive Direct Whitney should be afforded absolute immunity.  Defendants fail to provide case law indicating members of the Medical Board of California have been granted absolute immunity.  Nor do Defendants adequately apply the Butz factors to the Defendants actions to show the board members are "functionally comparable" to that of a judge or a prosecutor.   As previously noted, Plaintiff fails to distinguish between the Defendants, and it's unclear what actions each Defendant may have taken during the disciplinary process.  Moreover, Defendant Levine is the Board President of the Medical Board.  Under state law, the Medical Board of California

consists of fifteen members, seven of whom are public members, and thirteen of whom are appointed by the Governor.  Cal. Bus. & Prof. Code § 2001 (West). Board responsibilities include the "enforcement of the disciplinary and criminal provisions of the Medical Practice Act; administration and hearing of disciplinary actions; carrying out disciplinary actions appropriate to findings made by a panel or an administrative law judge; suspending, revoking or otherwise limiting certificates after conclusion of disciplinary actions; and reviewing the quality of medical practice carried out by physician and surgeon certificate holders."  Cal. Bus. & Prof. Code § 2001 (West).   Without additional factual allegations regarding the Defendants actions, the Court declines to assess at this stage whether Defendant Levine's actions as Medical Board President constitute quasi-judicial actions sufficient to warrant absolute immunity.

Similarly, the Court refrains from affording Defendant Whitney, the Executive Director of the Medical Board, absolute immunity.  Although Defendants attempt to lump Defendant Whitney into the category of "board member," pursuant to Cal. Bus. & Prof. Code § 2020, the executive director is employed by the Board and therefore not a member.  The California code is silent as to the executive director's duties and responsibilities.  Although Defendant Whitney's role is distinct from board members, Defendants fail to provide any support to warrant absolute immunity.  As a final matter, Defendants have failed to articulated a strong public policy reason for granting absolute immunity and the Court refuses to articulate one on their behalf.

For these reasons, the Court at this time declines to grant Defendants Levine and Whitney absolute immunity.

**C. Failure to State a Claim**

Defendants move to dismiss Plaintiff's FAC on the grounds that Plaintiff has failed to state a claim. (MTD at 11-13.)  Defendants argue Plaintiff's claims for

declaratory relief and preliminary injunction are not proper causes of action. (Id.) As an additional matter, Defendants contend Plaintiff has not properly alleged violation of his due process rights. (Id.) Plaintiff argues that he has stated sufficient facts to state claim, reasserting allegations from the FAC. (Plaintiff's Reply at 3-5.) Plaintiff also asserts that he meets all four factors for injunctive relieve. (Id.)

The Court finds Plaintiff has not sufficiently alleged a claim under § 1983. Plaintiff cites 42 U.S.C. § 1983 twice in the FAC, in the jurisdiction section and the prayer section. Despite the length of the FAC, the Court struggles to find sufficient factual allegations to state a claim under § 1983. In his prayer for relief, Plaintiff asks this Court for a declaration that the Defendants acts "violated the Due Process and Equal Protection Clauses for the Fifth and Fourteenth Amendments to the U.S. Constitution 42 U.S.C. § 1983 and the California State Constitution." (FAC ¶ 208.) Plaintiff also seeks a declaration that "Plaintiff made no 'misdiagnosis' as admitted by Defendants experts." (Id.) As Defendants point out, declaratory relief is not a cause of action. To obtain declaratory relief in federal court, there must be an independent basis for jurisdiction. see Stock West, Inc. v. Confederated Tribes of Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989)(citing Miller-Whol Co. V. Commissioner of Labor & Industries, 685 F. 2d 1088 (9th Cir. 1982)).

Plaintiff fails to sufficiently allege a plausible claim of racial discrimination under 42 U.S.C. § 1983. Plaintiff alleges the Medical Board's penalty against him reflects a pattern of wrongful discrimination and disparate treatment against Plaintiff and other minorities, and the Medical Board has disproportionately revoked licenses of physicians in minority groups as compared to non-minority physicians. (FAC ¶¶192-197.) "Plaintiff presented evidence after reviewing 748 consecutive Disciplinary Decisions by the Medical Board in the 2 ½ year period from January 12, 2006 to July 2008 when Plaintiff was revoked twice and produced evidence that Medical Board discriminates members of the minority group as judged

by their surnames." (FAC ¶ 194.)  Plaintiff further alleges "members of minority groups are most likely to get 'revoked'," and "the revocation rate for physicians with minority names was 34% as compared to overall revocation rate of 11.7%." (FAC ¶¶ 195-96.)  Plaintiff also alleges he was revoked twice for misdiagnosis, whereas physicians with "far more serious offenses" had only been reprimanded. (FAC ¶ 197.)

The Court finds these allegations do not suggest a plausible  § 1983 claim. The revocation of Plaintiff's license in comparison to the alleged reprimand of physicians with "non-minority" names is, at best, a speculation of discrimination. Upon review of the list of physicians, the Court finds no way to determine the national origin of the physicians. Moreover, the FAC is barren of any specific allegations that Defendants Levine or Whitney or other members of the Medical Board have engaged in any discriminatory acts.  As such, the Court finds that Plaintiff has failed to sufficiently state a claim that the Medical Board violated his rights under 42 U.S.C.  § 1983.

Plaintiff has also failed to state a claim for a violation of his Fourteenth Amendment right to procedural due process.[1]  To prevail on a claim for a procedural due process violation, Plaintiff must show (1) a protected liberty or property interest;(2) government deprivation of that interest; and (3) a denial of adequate procedural protections.  Foss v. National Marine Fisheries Services, 161 F.3d 584, 588 (9th Cir. 1998).  To determine the extent of process that is due under given circumstances, a court must weigh several factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such

---

[1] Plaintiff also alleges of violation of due process under the Fifth Amendment of the U.S. Constitution.  However, the Fifth Amendment due process clause forbids the federal government from denying equal protection of the laws. see Davis v. Passman, 442 US 228, 234 (1979)(internal citations omitted). Plaintiff makes no allegations that the federal government was involved in the revocation of his medical license.

12cv2340-GPC-DHB

interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.
Mathews v. Eldridge, 424 U.S. 319, 335 (1976).

Plaintiff sufficiently alleges the first two elements needed to state a claim of a due process violation, but falls short of sufficiently alleging a denial of procedural protections. Plaintiff alleges he has a property interest in his medical license. (FAC ¶ 239.) Plaintiff also alleges in January 2007, the Medical Board of California revoked his medical license. (FAC ¶163.) Regarding adequate procedural protections, Plaintiff alleges the Defendants conducted "sham administrative hearings." (FAC ¶240.) Although Plaintiff had at least one hearing before the Medical Board, Plaintiff alleges he requested and Defendants denied him a second hearing, depriving him of his due process right of a fair and full hearing. (FAC ¶248.) Plaintiff further alleges Defendants denied due process "when they refused to consider, appraise and rule on the evidence produced on cross examination of its expert witnesses on the charge of misdiagnosis," and by "making a decision unsupported by finding on the charge of 'misdiagnosis." (FAC ¶249-50.)

Upon review of the broad and numerous allegations, the Court finds Plaintiff has failed to sufficiently allege denial of adequate procedural protections. Indeed, it appears that Plaintiff had various opportunities to present his objections to the Medical Board, and Plaintiff sought review of those decisions at least three times before the Superior Court. Although Plaintiff clearly disagrees with the Medical Board's decision to revoke his license, the Court refuses to equate his disagreement with the *outcome* of the Medical Board's decision with the assumption that the *process* used to make the determination violated due process. Accordingly, Plaintiff

has failed to sufficiently state a claim that Defendants violated his due process rights.[2]

For the above stated reasons, the Court **GRANTS** Defendants' motion to dismiss.  The Court briefly turns to Plaintiff's motion for reconsideration of the Court order denying a preliminary injunction.

**2. Motion to Reconsider Order Denying Preliminary Injunctive Relief**

On May 2, 2013, Plaintiff filed a motion for reconsideration of the Court's Order denying Plaintiff's motion for preliminary injunction.  For the reasons below, the Court **DENIES** Plaintiff's motion.

A district court may reconsider an order under either Federal Rule of Civil Procedure 59 (e) (motion to alter or amend a judgment) or Rule 60(b)(relief from judgment).  Under the local rules, a party that files a motion for reconsideration of an order must set forth the material facts and circumstances surrounding the motion, including any new or different facts and circumstances that are claimed to exist which did not exist, or were not shown, upon such prior application. L. Civ. R. 7.1.i. Motions for reconsideration offer an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir.2003).  Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Plaintiff fails to provide any facts to warrant reconsideration of its decision. Plaintiff fails to provide any new evidence, assert any clear error of law, or a change

---

[2] At this time, the Court refrains from considering Defendant's argument that Plaintiff's claims are barred by the Younger abstention doctrine.

in controlling law.  The Court previously found that Plaintiff's amended complaint did not meet the Winter factors to obtain a preliminary injunction.  Those factors requiring the moving party to show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in the moving party's favor; and (4) that an injunction is in the public interest.  <u>Winter v. Natural Res. Def. Council, Inc.</u>, 555 U.S. 7, 20 (2008).  In his motion for reconsideration, Plaintiff merely reasserts the claims from his FAC.  As such, the Court declines to reconsider its decision.

### A. Request for Judicial Recusal

In his motion for reconsideration, Plaintiff also alleges the Court has personal bias or prejudice against the Plaintiff and requests judicial removal for disqualification.  Pursuant to 28 U.S.C. § 455 (a), "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." A judge shall also disqualify himself "where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  28 U.S.C. § 455 (b).  Section 144 sets forth the procedural requirements to be followed by a litigant seeking to disqualify a judge.  The section requires "a timely and sufficient affidavit" be filed, and that "the affidavit shall state the facts and the reasons for the belief that bias and prejudice exists." 28 U.S.C. § 144.  To be timely, Courts have held that an affidavit in support of a motion to disqualify a judge for bias or prejudice must be submitted prior to ten days before trial, unless good cause is shown why the motion was not made within this time limit.  <u>Waggoner v. Dallair</u>, 649 F.2d 1362 (9th Cir. 1981).

Here, Plaintiff has failed to follow the proper procedure to move for disqualification.  As such, the Court refuses to entertain the substance of Plaintiff's request.  This does not preclude Plaintiff from filing the proper motion.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

The Court hereby **GRANTS** Defendants' motion to dismiss **WITHOUT PREJUDICE** (Dkt. No. 13) and **DENIES** Plaintiff's motion for reconsideration (Dkt. No. 26).  As such, the Court **DISMISSES** the entire action as to all Defendants.  Should Plaintiff choose, he may file a second amended complaint within thirty days of the date this Order is electronically docketed.  Failure to do so may result in dismissal with prejudice.

Having so held, the Court hereby **VACATES** the hearing date set for this matter on May 10, 2013 at 1:30.

**IT IS SO ORDERED.**

DATED:  May 8, 2013

HON. GONZALO P. CURIEL

United States District Judge

- 17 -