JEHAN ZEB MIR, MD
417 VIA ANITA
REDONDO BEACH, CA 90277
Telephone No.: (310)375-1055

NUNC PRO TUNC

MAR 2 1 2014

□ ORIGINAL
FILED

14 MAR 24 PM 2: 25

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DS                                    DEPUTY



# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

## SAN DIEGO, CALIFORNIA 92101

| | |
|---|---|
| **JEHAN ZEB MIR,MD** | Case No.: **12 CV-2340-GPC-DHB** |
| **Plaintiff,** | |
| vs. | |
| **KIMBERLY KIRCHMEYER,** | **OPPOSITION TO MOTION TO DISMISS** |
| In Personal and Official Capacity as | |
| Interim Executive Director, Deputy Director | |
| Medical Board of California | |
| **LINDA K.WHITNEY** | Court Room: 2D (Schwartz) |
| In Personal Capacity as | Judge : Honorable Gonzalo P. Curiel |
| Executive Director, Medical Board of | DATE: May 26, 2014 |
| California | TIME : 1.30 P.M. |
| **SHARON LEVINE, M.D.** | |
| In Personal & Official Capacity as | |
| President, Medical Board of California | |
| **Defendants** | |

OPPOSITION TO MOTION TO DISMISS- 1

# TABLE OF CONTENTS

I .ELEVENTH AMENDMENT IMMUNITY IS NOT
  IMPLICATEDWHERE RELIEF SOUGHT AGAINST
  STATE OFFICIALS IN OFFICIAL CAPACITY IS
  PROSPECTIVE AND BASED ON POLICY & PRACTICE.............1

II.THE COMPLAINT SUFFICIENTLY PLEADS THE DRIECT,
  PERSONAL, PARTICIPATORYCONDUCT OF EACH OF
  THE DEFENDANTS ………………………………………..3

III. JURISDICTION IS BASED ON UNCONSTITUTIONAL
   HEARING ………………………………………………..11

IV. PLAINTIFF IS ENTITLED TO PERMANENT INJUNCTION ………….12

V. PLAINTIFF WAS DENIED PROCEDURAL
   AND SUBSTANTIVE DUE PROCESS . ………………………… 15

   Denial of Procedural Due Process……………………………….16

   Due Process Violation for Arbitrarily Excluding Binding

   Pivotal Evidence …………………………………………….17

   Due Process Violation for Inclusion of Prosecutor

   into Hearing Panel …………………………………………..17

   Due Process Violation for Denying Impartial Tribunal……………… ..18

   Violation of Procedural and Substantive Due Process

   On Travel Restrictions & Out of State Residence……………………..18

   Due Process Violation for Arbitrary Penalty Determination………………..19

VI. YOUNGER ABSTENTION DOES NOT APPLY ……………………..22

a

# TABLE OF AUTHORITIES

*Appelbaum v Board of Directors*
*Of Barton Memorial Hospital*
(1980)  104 Cal. 3d 648..............................................................18

*Ashcroft v Iqbal*
556 U.S. 676..............................................................................3

*Brady v. Gebbie*
859 F.2d 1543, 1547-48, 1552 (9th Cir. 1988)...............................7

*Blonder-Tongue Lab., Inc. v. University of Ill. Found,*
 402 U.S. 313, 317-320, 91 S. Ct. 1434, 28 L. Ed. 2d 788 (1971)..................17

*Batson v Kentucky*
476 U.S. 79, 106 S. Ct. 1712, 90 L, Ed. 2d 69 (1986)..........................22

*Cartwright v Board of Chiropractic Examiners*
16 Cal. 3d 762; 548 P.2d 1134
129 Cal. Rptr. 462; 1976 Cal. LEXIS 258)....................................20

*CECOS Int'l, Inc. v. Jorling,*
895 F.2d 66, 72 (**2d Cir. 1990**) ...........................................24

*Clemons v. Board of Educ.*
 228 F.2d 853, 857 (6th Cir. 1956)..........................................14

*Clemmons v Armontrot*
**477 F 3d 962, 967 (8th Cir. 2007)** .....................................10

*Cooper v Board of Medical Examiners*
1950) 35 Cal. 2d 242; 217 P.2d 630;
1950 Cal. LEXIS 331
 18 A.L.R.2d 593...............................................................17

*Crandall v. City and County of Denver, Colo.,*
594 F.3d 1231, 1235-1236 (10th Cir. 2010)..................................13

*Elrod v. Burns,*
427 U.S. 347, 373, 96 S. Ct. 2673
49 L. Ed. 2d 547 (1976) .....................................................14

*Ex parte Young*
(209 U.S. 123 (1908)......................................................2,13

i

# TABLE OF AUTHORITIES

*Fuentes v. Shevin*
407 U.S. 67, 80, 92 S. Ct. 1983
32 L. Ed. 2d 556 (1972) ……………………………………………….13

*Friedman v Rogers*
440 U.S. 1, 17-20, 99 S. Ct. 887
59 L. Ed. 2d 100 (1979) ……………………………………………….18

*Gabbert v Conn*
131 F .3d 793 (9th Cir. 1997) cert denied………………………….. 15

*Gibson v Berryhill*
411 U.S. 564, 93 S. Ct 1689
36 L. Ed. 2d 488 (1973)…………………………………………….18

*Guardians Ass'n v. Civil Serv. Comm'n,*
490 F.2d 400, 403 (2d Cir. 1973) …………………………………...13

*Hafer v Melo*
502 U.S. 21, 25 (**1991**)…………………………………………….2

*Hamilton v Bank of Blue Valley*
746 F Supp. 2d 1160, 1182 (E.D. Cal. 2010)………………………….14

*Ivey v Bd. Of Regents of University of Alaska*
 673 F 2d 266, 268 (9th Cir. 1982)……………………………..**9**

*Johnson v. Duffy,*
**588 F.2d 740, 743 (9th Cir. 1978) …………………………….10**

*Jones v Williams*
**297 F 3d 930,934(9th Cir. 2002) …………………………….8**

*Kentucky v Graham*
473 U.S. 159, 166 (**1985**) ……………………………………... 2

*Lannex Foods Inc. v Andeliz Lebron Corp.*
646 F 3d, 100, 107 (1st. Cir. 2011) …………………………………13

*Leer v Murphy,*
**814 F 2d 628,633 (9th Cir. 1988) …………………………….10**

ii

# TABLE OF AUTHORITIES

*Leone v Medical Board* **22 Cal.4th 660**
**(California Supreme Court, (2000)**………………………………………**12**
*Lopez v. Heckler,*
 725 F.2d 1489 (9th Cir. 1984)……………………………..............13
*Mathews v. Eldridge,*
 424 U.S. 319, 47 L. Ed. 2d 18,
 96 S. Ct. 893 (1976)………………………………………8, 17, 20
*Meija v Nebraska*
 262 U.S. 396,399 (1923) ……………………………………….. .14
*Miranda B. v Kirtzhaber*
(9th Cir. 2003)328 F.3d 1181
**2003** U.S. App. LEXIS 9229 ………………………………………….2
*Morgan v United States*
(1936) 298 US 468-480.
56 S. Ct. 906, 80 L. Ed. 1288)……………………………………17
*In re Murchison*
349 U.S. 133, 75 S. Ct. 623, 99 L. Ed. 942 (1955)…………………18
*National Congress for Puerto Rico Rights v City of N.Y.*
 191 F.R.D. 52 (S.D.N.Y. 1999) ………………………………….1
*Ortez v Washington County*
**88 F 3d 804 (9th Cir. 1996)** ……………………………………**.9**
*OSU Student Alliance v Ray*
 699 F 3d 1053, 1075 (9th Cir. 2012) ……………………………….4

*Pathways, Inc. v. Dunne,*
329 F.3d 108, 114 (2d Cir. 2003) ………………………………… 24
*Phelps-Roper v. Nixon,*
509 F.3d 480, 485 (8th Cir. 2007) …………………………………14
*Planned Parenthood Fed'n of Am., Inc. v. Gonzales,*
 435 F.3d 1163, 1184-1191 (9th Cir. 2006)……………………….14

# TABLE OF AUTHORITIES

*Purnell v City of San Jose*
 485 U.S. 1 (1988) .................................................................20
*Quintero v City of Santa Ana*
(2003) 114 Cal. App. 4th ..................................................18
*re Helliman*
 (1954) 43 Cal. 2d 243.272 P 2d 768). ................................20
*Schware v Board of Bar Examiners of N.M.*
353 U.S. 232,238-239 (1957) .............................................15
*Skelly Oil Company v Philips Petroleum Co.*
339 U.S. 667 ........ ...................................................**12**
*Starr v Baca*
652 F 3d 1202 (9th Cir. July 25, 2011) ...............................4
*Steffel v. Thompson,*
415 U.S. 452, 94 S. Ct. 1209
39 L. Ed. 2d 505 (1974).....................................................24
*Thomas v Texas State Board of Medical Examiners*
807 F.2d 453; 1987 U.S. App. LEXIS 828 ...........................25
*University of Texas v Comenisch*
451 U.S. 390, 101 S. Ct. 1830
68 L. Ed. 2d 175 (1981) .....................................................13
*Vietnamese Fishermen's Ass'n v. Knights of the Ku Klux Klan,*
543 F. Supp. 198, 218 (S.D. Tex. 1982) ...............................14
*Verizon, MD Inc. v Public Service Commission of MD*
 535 U.S. 635,122 S. Ct. 1753,
 152 L. Ed. 2d 871,882
 **2002** U.S. LEXIS 3787........................................................2
*West v Atkins*
487 U.S. 42, 8, 108 S. Ct. 2250.............................................8
*Wheeler v State Board of Forestry*
(3rd Dist. 1983) 144 Cal. App. 3d 522,192 Cal. Rptr. 693).......................20

iv

# TABLE OF AUTHORITIES

***Withrow v. Larkin,***
421 U.S. 35, 46-47, 95 S. Ct. 1456
43 L. Ed. 2d 712 (1975)..........................................................18
***Woren v Ostepathic Medical Board of California***
(CA 3rd, C 63154, filed December 10, 2010) ...........................24

## **U.S. Constitution**

First Amendment.....................................................12, 13
Fourth Amendment .............................................8, 12, 13
Eleventh Amendment................................................1, 2, 13
Fourteenth Amendment .....................................3, 8, 12, 13

## **Federal Rules of Civil Procedure**
12 (6) (b) ............................................................... 12

## **Federal Codes**
5 U.S.C. § 551 ......................................................17
28 U.S.C. 1257 ....................................................21
28 U.S.C. § 1343 ................................................11
28 U.S.C. § 1331................................................11
42 U.S.C. § 1983................................................10
42 U.S.C. 11112 ................................................25

## **Treatise**

Erwin Chemerosky Constitutional law
'Principle and Policies .........................................20

## **California Codes**

*Business & Profession*
§ 2229...........................................................7, 25
§ 2337 .........................................................11

v

# TABLE OF AUTHORITIES

*Civil Procedure*
§ 1094.5 (b).........................................................................
§ 1097 ..............................................................................7

*Government Code*
§11500 et. seq.................................................................17, 20
§11509 ...........................................................................16
§11516 ...........................................................................16
§ 11523 .............................................................................

# I

## ELEVENTH AMENDMENT IMMUNITY IS NOT IMPLICATED WHERE RELIEF SOUGHT AGAINST STATE OFFICIALS IN OFFICIAL CAPACITY IS PROSPECTIVE AND BASED ON POLICY & PRACTICE.

The Court in ruling on motion to dismiss FAC provided, plaintiff may proceed with § 1983 against the named state officials in their individual capacities for both **retrospective** and **prospective relief** (*citation*) (Document # 28, page 8/17).

The Complaint is not against the State of California or any of its agencies or entities including medical board of California. The SAC is against all three defendants sued in their personal and individual capacities. The **prospective injunctive** relief requested is against Defendants enforcing an illegal order prospectively first of 2010 probation and then of 2012 revocation based on unconstitutional disciplinary hearing or no hearing at all under federal laws.

Any retrospective relief and a prayer for declaratory relief (a) that such orders were illegal upon their inception under federal law essentially adds nothing to the findings made for prayer for prospective injunctive relief. Therefore, the court has jurisdiction over all these three defendants in their personal, individual capacities. The Defendants contend that two of the three defendants Kirchmeyer and Levine are also sued in their *official* capacities therefore the action against them is barred under the *Eleventh Amendment.* A concurrent official capacity suit does not override a concurrent personal capacity or sometimes also known as individual capacity suit and would not divest the court of its jurisdiction.

The SAC alleges based on statistical evidence that Defendants as a *matter of policy and practice* discriminate members of the minority group in targeting for discipline and exacting harshest penalties disproportionate to the severity of the offense. ( ***National Congress for Puerto Rico Rights v City of N.Y***. 191 F.R.D. 52 (S.D.N.Y. 1999) .. policy and practice of racial profiling established by statistical evidence, no need to identify similarly situated White persons not subject to this

procedure.) That Defendants employ progressive discipline yet Plaintiff was revoked four times straight off for allegedly making a wrong diagnosis and during the same months Plaintiff was revoked for making a wrong diagnosis, several other physicians admitting to far more serious offenses, gross and repeated negligence and gross and repeated incompetence were only reprimanded. That Plaintiff is the only physician revoked just for making a wrong diagnosis where Defendants admitted in each of their Decisions that there is no penalty for single act of negligence. (SAC ¶ 196, ¶ 197, ¶ 198, ¶ 199, ¶ 200) (**Document** 17-6, Page 7-15/88, **Declaration** Jehan Zeb Mir, M.D. dated 9/24/2008)

Since enforcement of the entity's *policy or practice* of disparate treatment of members of the minority groups caused the violation of Plaintiff's federal rights, the official capacity suit against Kirchmeyer and Levine is proper. ( *Hafer v Melo* 502 U.S. 21, 25 (**1991**) ; *Kentucky v Graham* 473 U.S. 159, 166 ( **1985**) Claims for <u>prospective relief to compel compliance with federal law</u>, which are exempted from the eleventh Amendment pursuant to the fictional doctrine of *Ex parte Young* (209 U.S. 123 (1908) **may be asserted only against the appropriate state officials in her official capacity.** (*id.*at 473 U.S.167 n.14)

The United States Supreme Court has provided that in determining whether the doctrine of Ex parte Young avoids an *Eleventh Amendment* bar to suit, a court need only conduct a straightforward inquiry into whether <u>the complaint alleges an ongoing violation of federal law</u> and <u>seeks relief properly characterized as prospective</u>. That a federal court had jurisdiction over a suit against a state officer to enjoin official actions that violated federal law, even if the state itself was immune from suit under the *Eleventh Amendment*--permitted the incumbent to go forward against the individual commissioners **in their official capacities.** *Verizon, MD Inc. v Public Service Commission of MD* 535 U.S. 635, 645; 122 S. Ct. 1753, 1760; 152 L. Ed. 2d 871,882; **2002** U.S. LEXIS 3787. (*Miranda B. v Kirtzhaber* (9th Cir. 2003)328 F.3d 1181,1187; **2003** U.S. App. LEXIS 9229 ... We find

no difference between declaring that a named officer in her official capacity represents the "State" for purposes of the *Fourteenth Amendment*, and declaring that the same officer represents a "public entity" under Title II.. statutory language does not prohibit Miranda B.'s injunctive action against state officials in their official capacities)

## II
## THE COMPLAINT SUFFICIENTLY PLEADS THE DRIECT,PERSONAL, PARTICIPATORYCONDUCT OF EACH OF DEFENDANTS

Defendants make an absurd argument that they cannot tell from the SAC what each of the Defendants did in revoking Plaintiff's medical license.

The SAC specifically requests injunctive relief against Defendants prospective enforcement of 2010 order exacting unlawful probation and prospective enforcement of 2012 order revoking made without a notice or a hearing for non-compliance with unconstitutional 2010 order of probation.

The SAC pleads the titles, duties and capacities of each of the Defendants and the respective time frames. Defendants in making motion to dismiss must accept facts alleged in the complaint as true. The Defendants are disputing facts alleged in the SAC and that in itself is a ground to deny motion to dismiss. Defendants are inserting facts not alleged in the SAC. For example, they are straining to assign a supervisorial and respondeat superior role to themselves in order to bring themselves within dictates of IQBAL, improperly comparing themselves to roles played by Attorney General John Ashcroft and F.B.I. Director Robert Mueller sitting in Washington D.C. to acts of brutality committed by prison officials against Iqbal while rotting in Metropolitan Detention Center in Brooklyn, New York as a person of interest. (Iqbal 556 U.S. at 676)

The SAC alleges only that these individuals supervise licensing and investigations but these are not the acts which injured Plaintiff and are not at issue here even though they fully **participated** in such actions also. Nonetheless, post-*Ashcroft v Iqbal,* the Ninth Circuit found that in **free speech violations** do not require specific

intent, "a supervisory official who knew about subordinate's free speech violation and acquiesced in it may be liable under § 1983.(***OSU Student Alliance v Ray*** 699 F 3d 1053, 1075 (9th Cir. 2012). Defendants violated Plaintiff's **First Amendment rights** when they in retaliation for filing writ petition ordered **psychiatric examination** as a condition for probation when there was no issue or history of psychiatric illness in the underlying accusation or at the hearing. Defendants informed superior court in writ proceeding that the requirement was imposed because Plaintiff had filed writ petitions. (SAC ¶ 219)

The superior court disagreed and dismissed the requirement of psychiatric examination and provided that under that logic every attorney would have to undergo psychiatric examination. (SAC ¶ 229)

Defendants had clearly retaliated against Plaintiff for exercising **First Amendment** right in petitioning court. In ***Starr v Baca*** 652 F 3d 1202 (9th Cir. July 25, 2011), the court provided that plaintiff inmate asserts constitutional claim governed by the **deliberate indifference standard,** the supervisor may be held liable for her own deliberate indifference. Thus the supervisor may be held liable based upon "knowledge of and acquiescence in unconstitutional conduct by his or her subordinates. (*id* at 1207)

The SAC in great vivid factual detail specifically pleads the personal acts which started with filing of accusation in 2003 and eventual revocation in 2012. The Complaint describes the routine personal and official duties performed by these Defendants which are joint, concurrent and overlapping. They all participated in the same committee meetings and they all acted together in unison.

All of them are personally involved in issuing accusations, providing disciplinary hearings for physicians and enforcing the decisions of the medical board of California, issuing public notices, notifying hospitals, other medical boards including National Practitioner Data Bank of the action taken by the Defendants. Such are the personal acts which injured Plaintiff.

The Executive Director initiated investigation based on 805 Report filed by Pomona Valley Hospital after denying hearing at all and then personally prepared, signed and filed Accusation (**Document 17-2,** Page **13**/53, and dated July 16, 2003) First Amended Accusation (**Document 17-2**, Page **25**/53, dated November 18, 2004) and Second Amended Accusation ("SAA") (**Document 17-3**, Page **30**/75, dated April 6, 2005) against Plaintiff.

The Executive Director then **participated** in the first revocation in 2006, enforced that decision within the state and disseminated the decision to National Practitioner Data Bank and other medical boards. Then upon 2007 remand, set up a hearing panel and **participated** in second revocation in 2008, enforced that decision and notified National Data Bank and other medical boards.

The 2006 and 2008 Decisions were set aside and vacated by the state courts in writ petition and are not at issue here. The pertinent issues before this court are Defendants 2010 Decision placing on probation and 2012 Decision revoking probation.

Upon 2010 remand from superior court per order of the Court of Appeal 3rd Defendant **Whitney** constituted hearing panel. Sharon Levine was personally involved in the same hearing conducted on July 27, 2010 and signed and delivered the Decision on September 27, 2010 as panel member and then as President of Medical Board of California enforced the 2010 Order placing Plaintiff on unlawful probation. There could not be any more direct and personal involvement than that.

The 2010 Decision was nothing but a recycled version of set aside and vacated 2006 and 2008 Decisions making the same findings as were made in 2006 and 2008 Decisions.

The 2010 Decision at issue here made finding of *one wrong diagnosis, one false statement made without providing a hearing and without any factual support* [Under CCP: 1094.5 (b) abuse of discretion is established where decision is not supported by findings or <u>findings are not supported by evidence.</u>] *and false,*

*frivolous boot-strapped documentation charges /findings inserted into the Decision* without a notice or hearing and unconstitutionally determined probation based on improper unconstitutional findings.

The Executive Director **Linda Whitney** participated in that 2010 Decision and did the same as she had always done in enforcing the 2010 Order, publishing and dissemination of information.

In 2012, Executive Director **Whitney** personally and officially initiated action for revocation by preparing, signing and filing accusation revoking probation and the action was completed **without Notice and Hearing** in August 2012. She then enforced the unconstitutional order of revocation which was again published and disseminated till her retirement in June 2013.

Defendant **Kirchmeyer** as Executive Director is now personally and officially enforcing the unconstitutional 2012 order of revocation. In 2006 Defendant **Kirchmeyer,** as Deputy Director was **personally involved and participated** in the action against Plaintiff. After ALJ issued its *Proposed* Decision on March 3, 2006, Plaintiff personally spoke on telephone and informed Kirchmeyer that there was no evidence supporting charges and Plaintiff did not have a full and a fair hearing. On June 26, 2006 Defendant Kimberly Kirchmeyer personally and officially issued Order granting Reconsideration. (**Document 17**, pages **31/75**)

There is no respondeat superior or supervisorial liability alleged in SAC. Each Defendant was personally and directly involved and there could not be any more direct and personal involvement than alleged in SAC.

Both 2006 and 2008 Decisions were set aside and vacated by the California state court. These Decisions are not at issue in the SAC and are of only historical significance and to demonstrate that Defendants in order to delay and harass disobeyed the 2007 writ, order and interlocutory judgment of the superior court to determine penalty consistent with the findings of the superior court on writ petition. In order to revoke again Defendants *in contempt of writ* recycled set aside

and vacated 2006 Decision as 2008 Decision and then disobeyed 2010 California Court of Appeals 3rd Order to obey 2007 superior court's writ pursuant to CCP: § 1097 and **limited remand** to determination of penalty only [ not to make new findings or recycling of set aside and vacated decisions] by once again recycling 2006 and 2008 Decisions as 2010 Decision disregarding findings of superior court and retaining in full its legal and factual basis of 2006, 2008 decisions which the Court of Appeals 3rd had found had changed in view of dismissed findings on writ petition and unconstitutionally exacted probation.

Defendants denying equal protection of laws under 14th amendment acted against the mandate of the court because they could not determine penalty consistent with the findings of the superior court on writ petition as Plaintiff had successfully argued before the Court of Appeals 3rd. Furthermore, no penalty could be determined on two out of three charges (making one false statement inserted into "SAA" filed at the conclusion of the hearing and documentation charges /findings inserted into 2006 Decision without notice or hearing and were replicated into 2008 and 2010 Decisions) because there [1]never was a hearing at all let alone a full and a fair hearing. The Defendants had arbitrarily excluded the evidence of 'Admissions' by Defendants own experts that Plaintiff made the correct diagnosis and exacted heavy penalty on this unproven charge.

The issues presented in SAC are Defendant's illegal [in violation of Business and Profession Code 2229, providing discipline is for protection of public after making a finding that Plaintiff was safe to practice medicine] unconstitutional, retaliatory probation in 2010 after Defendants grudgingly reinstated medical license as of 2006 [ It was writ petition on 2006 Decision which ultimately resulted in setting aside and vacating 2006 and 2008 Decisions and remanding in 2010] and 2012 revocation without a **Notice or a Hearing. (** _**Brady v. Gebbie**_, 859 F.2d 1543,

---

[1] I Ruling on Motion to Dismiss FAC, Court found that Plaintiff requested a" second hearing". There never was a first hearing on Charges of false statement added in the Second Amended Accusation. There was no hearing at all because superior court never remanded for a hearing.

1547-48, 1552 (9th Cir. 1988), *cert. denied,* 489 U.S. 1100, 103 L. Ed. 2d 943, 109 S. Ct. 1577 (1989)... he also sufficiently alleges a denial of due process, claiming he was not afforded the opportunity to be heard in a meaningful manner. *859 F.2d at 1554* (stating that "at a minimum, due process requires notice and a hearing where the individual has a meaningful opportunity to confront the evidence against him"); ***Mathews v. Eldridge,*** 424 U.S. 319, 335, 47 L. Ed. 2d 18, 96 S. Ct. 893 (1976)) Plaintiff was repeatedly denied Equal Protection of the laws under the 14th Amendment of the US Constitution.

The state court never decided the issue of **illegality of 2010 Decision** and **2012 revocation.** In both these actions, all these three Defendants were directly, personally and officially involved in unconstitutional conducts.

Defendants randomly cite several case laws which only defeat their position. Defendants cite *West v Atkins* 487 U.S. 42, 8, 108 S. Ct. 2250, 101 L Ed. 2d 40. There is no dispute that these Defendants were acting under the color of the state law and Defendants violated due process rights secured by Constitution as stated above. Furthermore, SAC alleges that Charge of misdiagnosis was false and fraudulent and he made several attempts to resolve this matter by contacting the prosecutor who declined to set up a meeting with her experts. That he never made the statement at all anywhere in the entire administrative record **charged** as falsely made in the "SAA. That bootstrapped documentation charges into Decisions were false and frivolous. That sufficiently alleges **that Charges were brought without probable cause** and **seizure of property**- the medical license- a direct violation of 4th and 14th Amendments to the U.S. Constitution. Defendants improperly cite *Jones v Williams* 297 F 3d 930,934(9th Cir. 2002) where court did not give 'group liability' jury instruction for illegal search and seizure claim where the searched house was not under exclusive control of the officers and there was nothing to link individual officers to the raid. Nevertheless, the Ninth Circuit did not foreclose the possibility of a group liability instruction ever being given. The court also cited actual text of the three supervisory liability jury instructions is as follows: (1) "A

supervisory police officer may be held liable for actions of subordinates **if subordinate wrongdoing is known to the supervisory officer;"** (2) "A supervisory official may be held liable in his individual capacity if he **approved, condoned, or ratified, or encouraged the kind of unconstitutional conduct** of which the complaint is made;" and (3) "A supervisor may be held liable under the Civil Rights Act where it is shown that **he participated in or directed the unlawful conduct** or if he sets in motion a series of acts by others which he knew or should have known could cause others to inflict the constitutional injury."

Defendants in this case participated and had the actual knowledge of the wrongful actions and persistently approved, ratified the unconstitutional conduct.

Defendants cite _Ortez v Washington County_ 88 F 3d 804 (9th Cir. 1996) which does not help and found _Ortez_ sufficiently alleges a causal connection between the actions taken by the defendants and a desire to retaliate against him for engaging in activities protected by Title VII. (88 F 3d. 809) Defendants required Plaintiff to undergo psychiatric examination for no other reason other than to annoy, harass and retaliate. (_id_)

Defendants improperly cite _Ivey v Bd. Of Regents of University of Alaska_ 673 F 2d 266, 268 (9th Cir. 1982) The Complaint alleged that North Slope Borough provided large amounts of money in financial support to Inupiat University but was devoid of specific factual allegations showing the Borough defendants' **participated** in the alleged discriminatory employment practice. This is not the case here. There are no vague or conclusory allegations against Defendant Levine that she personally participated on the hearing panel and illegally placed Plaintiff on probation where there was **no full and fair hearing** or **evidence on the underlying charges upon which the penalty was based** and then as President of the medical board along with two other Defendants enforced the 2010 and 2012 Decisions, yet according to these Defendants they were not personally or officially involved.

Defendants improperly cite _Leer v Murphy_, 814 F 2d 628,633 (9th Cir. 1988) where two prisoners who were stabbed by fellow prisoner sued and alleged that the prison officials' failure in certain aspects of prison administration caused the fellow inmate to stab them and thereby deprived them of their _fourteenth amendment_ right to due process and their _eighth amendment_ right to be free from cruel and unusual punishment. The Court provided that ] A person deprives another "of a constitutional right, within the meaning of _section 1983_, if he **does an affirmative act, participates** in **another's affirmative acts, or omits to perform an act** which he is legally required  to do that _causes_ the deprivation of which [the plaintiff complains]." _Johnson v. Duffy_, 588 F.2d 740, 743 (9th Cir. 1978) that a prisoner can state a _42 U.S.C.S. § 1983_ claim against prison personnel under _U.S. Const. amend. VIII_ by establishing that the prison personnel acted with **deliberate indifference** in creating the condition that violates _amend. VIII_. The **deliberate indifference** standard requires proving some degree of individual culpability but does not require proof of an express intent to punish. In this case these three Defendants not only **personally participated** in affirmative acts of **illegally placing on probation** and then **revoking without a notice or a hearing** but also were **deliberately indifferent to or disobeyed** the order, writ and interlocutory judgment of superior court on writ petition and of California Court of Appeals 3rd and required a perfectly normal person to undergo psychiatric examination without support from underlying charges or evidence. Defendants also irrelevantly cites _Clemmons v Armontrot_ 477 F 3d 962, 967 8th Cir. 2007). Prisoner Clemmons was accused of stabbing to death fellow inmate. Officer Steigerwald identified Clemmons as the perpetrator and blood was found on his shirt and shoes, no weapon was found.  Another inmate Clark identified two other inmates, one by name Bagby as the assailant and informed Captain Gross who thought Clark was not credible and prepared Inter-Office Communication 'IOC' and sent to Investigator Brooks who never interviewed Clark or Bagby as part of his investigation and submitted his report without including 'IOC' to prosecutor. A copy of 'IOC' was forwarded to Warden Armontrout. Clemmons was convicted for murder and spent 14

years on death row. Clemmons was granted writ of habeas that exculpatory evidence of 'IOC' was withheld prior to trial. Clemmons sued Warden Armontrout, Captain Gross and Estate of Brooks. The Court found investigator Brooks conduct even though negligent but was not reckless or intentional. Caption Gross and Warden had minimal and limited involvement before turning investigation to Brooks.

This is not the case here. Defendants were **personally involved over a 9 years period** repeatedly intentionally knowingly disobeyed the orders of the court, vilified Plaintiff that he made a false statement which they knew Plaintiff had not made anywhere in the entire administrative record and after failing to prove documentation charges as alleged in the accusation, inserted false frivolous documentation charges /findings into Decision, brought false, fraudulent charge of 'misdiagnosis'; excluded evidence of Admissions' by their experts that Plaintiff made the correct diagnosis and exacted heaviest penalty incompatible with practice of medicine and ordered a psychiatric examination for filing writ petition and then revoked without notice or a hearing. <u>Defendants misstate allegations as supervising issuance of accusations, disciplinary hearings for physicians, enforcing and notifying</u>. (Opp. P.14, line 1-3) when the SAC limits supervision to licensing and investigation which is not at issue in the SAC. All of Defendants were directly personally involved or **participated** in the wrongful unconstitutional conduct alleged in SAC.

### III

### <u>JURISDICTION IS BASED ON UNCONSTITUTIONAL HEARING</u>

The jurisdiction for § 1983 Claim is based on violation of Due Process and Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution. SAC alleges court's original jurisdiction based on 28 U.S.C. § 1343 and 28 U.S.C. § 1331. (SAC ¶ 7)

SAC alleges that Plaintiff's attorney filed petition for extraordinary writ pursuant to § 2337 for due process violations and lack of substantial evidence supporting defendants decision. The California Court of Appeals 3rd summarily

denied writ petition without ordering Opposition, affording oral arguments, written opinion justifying denial of relief. (SAC ¶ 178-¶ 184) SAC requests injunction against unconstitutional [2] Section 2337. ( **_Leone v Medical Board_** 22 Cal.4th 660 ( California Supreme Court, 2000)... we hold that section 2337 does not violate appellate jurisdiction clause of the California Constitution.)The declaratory judgment is requested based on findings to be made on claim for injunctive relief against unconstitutionality of the statute under federal law under the supremacy clause.

The declaratory judgment on **unconstitutional findings** of misdiagnosis after arbitrarily excluding admissions by Defendants experts that Plaintiff made the correct diagnosis, **denial of hearing on charge of making one false statement** and making a finding without evidence, **denial of hearing or dismissal of documentation charges** /findings bootstrapped into the Decision **without accusation**, notice, hearing or proof are also based on 1983 claim for Injunctive Relief under the 14th Amendment. There is no independent claim for declaratory relief and is requested only as remedy in the prayer. Prayer is not complaint.

Plaintiff has alleged a viable claim for violation of constitutional rights under **First, Fourth and Fourteenth Amendment of the U.S. Constitution** and presents federal question unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose. **_( Skelly Oil Company v Philips Petroleum Co._** 339  U.S. 667, 672.

## IV

## PLAINTIFF IS ENTITLED TO PERMANENT INJUNCTION

Defendants continue to dispute the facts alleged in the Verified Second Amended Complaint instead of accepting the facts as true in making a motion to dismiss under Rule 12 (b) (6).  The undisputed facts alleged in the SAC supported by Administrative record before the Court point to only one and only one conclusion that Defendants violated

---

[2] . Typographical error in SAC quotes § 2337 as § 2237.

Plaintiff's rights under the **First, Fourth and Fourteenth Amendment to the U.S. Constitution** and he is entitled to **retrospective and prospective relief** against Defendants in their personal, individual capacities and prospectively in their official capacities under *Ex parte* Young which voids Eleventh amendment immunity and for discriminating members of the minority groups including Plaintiff as policy or practice and demonstrating deliberate indifference as a matter of law.

Court's ruling on preliminary injunction does not control ruling on claim for permanent injunction. ( *University of Texas v Comenisch* 451 U.S. 390, 101 S. Ct. 1830, 68 L. Ed. 2d 175 (1981)… court's finding of fact and conclusion are not binding at trial.) There must be a trial of the issues on merit in hearing on permanent injunction. "As opposed to preliminary injunctions, permanent injunctions ordinarily may be rendered only after a valid adjudication of the merits of the action". *Lopez v. Heckler,* 725 F.2d 1489, 1509 (9th Cir. 1984), *vacated on other grounds, 469 U.S. 1082 (1984)* … purpose of preliminary injunction is to preserve status quo pending final determination of action **after full hearing**); *Crandall v. City and County of Denver, Colo.,* 594 F.3d 1231, 1235-1236 (10th Cir. 2010). The order granting a preliminary injunction remains effective until final adjudication.

Defendants have not answered or denied the allegations set forth either in the FAC or the SAC as yet and are asking the court to deny injunction. ) *Guardians Ass'n v. Civil Serv. Comm'n,* 490 F.2d 400, 403 (2d Cir. 1973) (defendant cannot block issuance of injunction by refusing to submit evidence on contested fact issues) In other words Defendants want court to **retroactively consolidate permanent injunction** with preliminary injunction and **deny due process**. ( *Lannex Foods Inc. v Andeliz Lebron Corp.* 646 F 3d, 100, 107 (1st. Cir. 20110… trial court's failure to provide an undisputedly clear notice of the consolidation of a trial on merit with preliminary injunction hearing can constitute reversible error even if right to jury is not at issue *Fuentes v. Shevin,* 407 U.S. 67, 80, 92 S. Ct. 1983, 32

L. Ed. 2d 556 (1972)…central meaning of procedural due process dictates that affected parties are entitled to be heard)

In a *First Amendment* case, the likelihood of success may be the determining factor. A showing of a substantial likelihood of success generally establishes irreparable harm, and the public interest and balance of equities generally favor the freedom of expression protected by the *First Amendment. **Phelps-Roper v. Nixon**,* 509 F.3d 480, 485 (8th Cir. 2007)… although irreparable injury may be presumed in cases involving deprivation of *First Amendment* rights. *( **Elrod v. Burns**,* 427 U.S. 347, 373, 96 S. Ct. 2673, 49 L. Ed. 2d 547 (1976) ("[L]oss of *First Amendment* freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.") other deprivations of civil rights may also be presumed to result in irreparable injury. ***Vietnamese Fishermen's Ass'n v. Knights of the Ku Klux Klan**,* 543 F. Supp. 198, 218 (S.D. Tex. 1982) ("Victims of discrimination suffer irreparable injury, regardless of pecuniary damage.") ***Clemons v. Board of Educ**.,* 228 F.2d 853, 857 (6th Cir. 1956*)* (injunction will issue to protect and preserve basic civil rights. Enforcement of entire statute may be enjoined if court cannot sever unconstitutional portion. ***Planned Parenthood Fed'n of Am., Inc. v. Gonzales**,* 435 F.3d 1163, 1184-1191 (9th Cir. 2006) …entire statute need not be invalidated, if declaratory judgment and injunction prohibiting unconstitutional application would comport with state legislature's intent.

 As regards to declaratory relief and injunctive relief being as remedies and not a claim, Defendant cites ***Hamilton v Bank of Blue Valley*** 746 F Supp. 2d 1160, 1182 (E.D. Cal. 2010) which only supports Plaintiff. As the case law provides, there is a **justiciable definite and concrete controversy** touching the legal relations of parties having adverse legal interests admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

 Defendants revoked medical license on false fraudulent charges. Upon failing to prove charges, maliciously filed first amended accusation and failed again, then

filed second amended accusation and this time did not want to take any chances and employed **'hit and run tactics'** to charge and not give a hearing; and included false frivolous charges on documentation into Decision, then disobeyed orders of the court in recycling setting aside and vacating their 2006,2008 as 2010 Decision and determining unlawful probation on false, fraudulent unproven charges or findings and then cover it up all revoking without a notice and a hearing thus violating rights under First, Fourth and Fourteenth amendment to the U.S. Constitution. That is the claim and injunction and the declaratory judgment is the remedy or vehicle for enforcing rights. Defendant cannot possibly prevail on merits on any of the grounds for injunction once a trial on merit is held. [irreparable harm is not a factor for permanent injunction but is for preliminary injunction to prevent irreparable harm during pendency of trial of permanent injunction]

## V
## PLAINTIFF WAS DENIED PROCEDURAL
## AND SUBSTANTIVE DUE PROCESS.

This case is riddled with procedural and substantive due process violations. Defendants denied right to constitutional hearing affecting property [medical license is a property interest and right to practice profession is constitutionally protected] under 42 U.S.C. § 1983 and the Fourteenth Amendment which protects individual's right to practice a profession" *Gabbert v Conn* 131 F .3d 793 (9th Cir. 1997) cert denied. "State cannot exclude a person from the practice of law for reasons that contravene Due Process Clause. ( *Schware v Board of Bar Examiners of N.M.* 353 U.S. 232,238-239 (1957). " liberty guaranteed by 14th Amendment " right to engage in any of the common occupations of life is essential to the orderly pursuit of happiness by free men " *Meija v Nebraska* 262 U.S. 396,399 (1923)  In 2010 Decision Defendants made three findings upon which harshest **unconstitutional probation** was based as follows:

1. One Wrong Diagnosis.

2. One false statement.

3. Documentation Charges /findings bootstrapped into Decision.

**Denial of Procedural Due Process:**

1. The SAC alleges that Defendants filed **First Amended Accusation** and charged that Plaintiff fabricated medical records and planted into medical records maintained by two different hospitals and made false statements in relation to such fabrication. When such bogus charges failed, Defendants brought rebuttal witnesses whose testimony had nothing to do with rebuttal of the Plaintiff's case and were brought for 'hit and run' purposes and to vilify Plaintiff. Based on their facially false testimonies, Defendants at the conclusion of the hearing brought Second Amended Accusation ("SAA") charged Plaintiff of making seven (7) false statements. Defendants **never provided a Notice** of the hearing as required under Cal. Govt. Code §11509, §11516.When Plaintiff requested hearing under §11516 on "SAA". Defendants denied. **That violated procedural due process**. Even though court upon writ petition dismissed six out of seven facially false charges of making false statements, the court did not remand for a hearing on the remaining charge of making one false statement which the Plaintiff made nowhere in the entire record. Writ proceedings are appellate proceedings based on record of the underlying administrative hearing. There was no such record of a hearing. Plaintiff has not been informed as of this day when and where he made the alleged false statement. When upon 2007 remand Plaintiff informed Defendants that he never made the alleged false statement requested a hearing on the remaining charge **defendants denied the hearing again** and made a finding Plaintiff made a false statement. Plaintiff raised the same issue again on the second 2010 remand and Defendants denied the hearing again on this false charge. Plaintiff was **denied procedural and substantive due process** because Plaintiff never had a hearing and **he never made the alleged false statement**.

2. After having failed to prove documentation charges alleged in the 'Accusation' Defendants inserted false, frivolous documentation charges / findings into their 2006 Decision. Plaintiff requested a hearing or dismissal of such charges **after first and second remand and each time defendants denied a hearing. Plaintiff was denied procedural due process for lack of notice and a hearing as provided under**

California Government Code § 11500 et seq., 42 U. S.C . § 11112(b) and

[3]**Administrative Procedure Act.** (5.U.S.C. § 551 et seq.) (SAC ¶ 7, fn.1, 2)
"Due process requires full and fair opportunity to litigate issue". ***Blonder-Tongue Lab., Inc. v. University of Ill. Found***, 402 U.S. 313, 317-320, 91 S. Ct. 1434, 28 L. Ed. 2d 788 (1971)
    "The fundamental requirement of due process is the opportunity
    to be heard at a meaningful time and in a meaningful manner."
***Mathew v Eldridge*** 424 U.S. 319, 333; 96 S. Ct. 893; 47 L. Ed. 2d 18; 1976 U.S. LEXIS 141; 41

## Due Process Violation for Arbitrarily Excluding Binding Pivotal Evidence:

3. As stated above Defendants arbitrarily excluded **binding evidence** of admissions by their own expert that Plaintiff made the correct diagnosis and their own finding that arteriograms did not establish any diagnosis where Defendants entire case for misdiagnosis was based upon reading of the angiogram done before surgery [Defendants claimed they could not see 'clot' within the artery blocking circulation on arteriogram and Defendants presented no other diagnostic test in support of their diagnosis. Plaintiff had established the **final diagnosis** at surgery confirmed by pathologist upon examination of the 'clot' removed from within the artery and had restored circulation at each of the three surgeries. By arbitrarily excluding such binding evidence of admissions, Defendants **denied procedural due process** for not providing a hearing. Supreme Court provided,

    "The officer who makes the determinations must consider
    and appraise the evidence which justifies them . .
    ...The "hearing" is the hearing of evidence and
    argument.  If the one who determines the facts which
    underlie the order has not considered evidence or
    arguments, **it is manifest that the hearing has not been
    given. One decides must hear.** "***Morgan v United States*** (1936) 298 US
468-480.481.(56 S. Ct. 906, 80 L. Ed. 1288) Cited by California Supreme Court in
*Cooper v Board of Medical Examiners* 1950) 35 Cal. 2d 242; 217 P.2d 630; 1950
Cal. LEXIS 331; 18 A.L.R.2d 593. There was no hearing, no due process.

## 4. Due Process Violation for Inclusion of Prosecutor into Hearing Panel:

---

[3] California Government Code § 11500 et seq. is based on APA.

Defendants included prosecutor in their deliberations showing bias and prejudice against Plaintiff thus denying an impartial tribunal. "***Quintero v City of Santa Ana*** (2003) 114 Cal. App. 4th 810 … deputy city attorney had *other* interactions with the board that gave the appearance of **bias and unfairness** and suggested the probability of his influence on the board. "Impartiality of the tribunal is an essential element of due process." ***Withrow v. Larkin,*** 421 U.S. 35, 46-47, 95 S. Ct. 1456, 43 L. Ed. 2d 712 (1975)

**5. Due Process Violation for Denying Impartial Tribunal for including Panel Members Whose Decision had been set aside and vacated by the Courts:**

Defendants included decision makers from 2006 panel whose decision had been set aside and vacated by the court into 2008 hearing panel whose decision was set aside and vacated by the Court of Appeals 3rd in 2010. The 2008 hearing panel in bad faith caused inordinate delay and harassment when they took one year on remand just to recycle 2006 set aside and vacated decision. Then included biased decision makers from 2006 and 2008 panels into 2010 hearing panel upon Plaintiff's objections. (**SAC ¶ 208 ¶ 263**)(**Document 17-7, Page 27/67**) (***Appelbaum v Board of Directors of Barton Memorial Hospital*** (1980) 104 Cal. App. 3d 648, 660. …The fatal flaw in the proceedings before us was the lack of impartiality in the fact-finding process.*(Citing Mathew v Aldridge)*The Supreme Court has continually held that a "fair trial in a fair tribunal is a basic requirement of due process. (***In re Murchison***, 349 U.S. 133, 136, 75 S. Ct. 623, 625, 99 L. Ed. 942 (1955) ( ***Gibson v Berryhill*** 411 U.S. 564, 579, 93 S. Ct 1689, 1698; 36 L. Ed. 2d 488 (1973)… *Defendants were biased and caused delay*) (***Friedman v Rogers*** 440 U.S. 1, 17-20, 99 S. Ct. 887, 898-99, 59 L. Ed. 2d 100 (1979)…person has a right to a fair and impartial hearing board in professional disciplinary proceeding)

**6. Violation of Procedural and Substantive Due Process on Travel Restrictions & Out of State Residence:**

1.In 2010 Defendants violated Plaintiff's **liberty interest** under 14th Amendment when they placed restrictions on Plaintiff's out of State travel. Plaintiff was required to report to Defendants 30 days before any intended travel outside California. In case Plaintiff had to leave State in less than 30 days, he would violate conditions of probation. **(Document 17-7; 60/67, ¶ 15)(SAC ¶ 222)** Defendants violated procedural due process as there was no notice, charge or hearing on out of State travel and Defendants denied substantive due process by interfering with **fundamental constitutional rights** referred to collectively as **liberty interests**. There was no compelling medical board's objective other than to annoy and harass Plaintiff.

2. Similarly, Defendants required that if Plaintiff practiced out of State for more than two years, he should be on active probation by medical board of that State even if the medical board of that State required no such probation. **(SAC ¶ 221)** **(Document 17-7; 59/67 ¶ 12)** The Defendants knew that in March 2008 Pennsylvania Medical Board had rejected Defendant's 2006 Decision and 2007 Decision of the superior court to remand to re-determine penalty and had restored active, current, unrestricted medical license which Plaintiff has continuously held in good standing till this day since 1974. Defendants had no jurisdiction over Pennsylvania or how State of Pennsylvania conducted its business. Defendants denied liberty interest and interfered without any compelling objective other than to annoy and harass Plaintiff.

**7. Due Process Violation in Arbitrary Penalty Determination;**

Penalty must commensurate with the offense. Defendants exacted harshest penalty on three grounds in which charges were unproven and had incurred serious due process violation as stated above.

1. *Assuming* Plaintiff made one wrong diagnosis, Defendants could not determine any penalty **on single act of negligence** as admitted by them in each of the

Decisions. **(SAC ¶ 272)(Document # 17-7**, Page **52**/67, ¶ 1) Defendants clearly treated Plaintiff differently than the rest of similarly situated persons.

2. Defendants could not lawfully determine penalty based on bootstrapped documentation charges inserted into Decision without accusation, notice, hearing or proof. **(SAC ¶ 274)**

> "It follows that the finding must be based upon the Accusation. Here it was not. Disciplinary action cannot be founded on a charge not made."

*Wheeler v State Board of Forestry* (3rd Dist. 1983) 144 Cal. App. 3d 522,192 Cal. Rptr. 693)

3. Defendants could not determine any penalty based on unproven Charge of making a false statement which Plaintiff made nowhere in the entire administrative record and without providing a Notice of hearing and a hearing. Defendants could not determine penalty in the absence of finding of moral turpitude or intentional dishonesty for personal gain. (SAC ¶ 273)(*re Helliman* (1954) 43 Cal. 2d 243 247-248; 272 P 2d 768). Even a bare criminal conviction does not establish moral turpitude, unless evidence of circumstances surrounding the offense is introduced. (*Cartwright v Board of Chiropractic Examiners*)16 Cal. 3d 762; 548 P.2d 1134; 129 Cal. Rptr. 462; 1976 Cal. LEXIS 258). No such evidence was presented including when and where the alleged false statement was made. "If there is a showing that there is no adequate justification for the government's order when the government takes away life, liberty or property, it always must meet at least rational review. *Purnell v City of San Jose* 485 U.S. 1 (1988) (*Erwin Chemerosky Constitutional law* 'Principle and Policies 415, n 3 citing *Purnell*.

Defendants cite impertinent portions of *Mathew v Eldridge* 424 U.S. 319 which concern choice or propriety of the law or the procedure affecting a disability recipient challenging the denial of benefits. Here the State law (Government Code 11500 et seq.) is not in dispute. What is in dispute here is misconduct of the Defendants in not providing a constitutional hearing both under the State and

Federal Law. Instead, *Mathew* drew distinction between a disability and a welfare recipient in granting a pre-deprivation hearing to latter. Welfare benefits can be sole source of support whereas disability benefits are in addition to other sources of income a disabled person may have. Under this analysis, a physician losing his sole source of income by losing his medical license is akin to welfare recipient losing only source would be entitled to greater procedural protection.

Defendants cite Court's ruling on motion to dismiss FAC (Page 17, ¶ 3) that Plaintiff sought review of Decisions three times by superior court. However, what the Court did not note was that state courts had set aside and vacated Defendants Decisions twice and each time Defendants disobeyed the orders of the court even though courts decisions were based on underlying administrative record which was devoid of hearing or evidence supporting charges. Finally, the state court declined to enforce its own decisions. Had Defendants obeyed the orders of the courts, Plaintiff would not be in the federal court today. Nonetheless, Court has no appellate jurisdiction under 28 U.S.C. 1257. Plaintiff is not appealing state court decision and Plaintiff is entitled to de-novo trial on merit.

Defendants state Plaintiff has not alleged a cause of action for racial discrimination. SAC alleges that he belongs to a protected class as a Muslim and national origin from Pakistan and Defendants **retaliated** for 9/11 terrorist attack on World Trade Center in N.Y. (**SAC¶ 265**). Defendants **retaliated** in requiring Plaintiff to undergo psychiatric examination just for filing writ petition and without probable cause. (SAC ¶ 219) Another substantive due process violation.

Plaintiff provided other facts supporting disparate treatment and denial of equal protection. The plausibility of civil right violations is based on [4]facts alleged repeatedly ad nauseam.

---

1. [4] Statistical evidence of discrimination against members of the minority group. Plaintiff is member of the protected class.
2. Several physicians were reprimanded in the same months in 2006 and 2008 when Plaintiff was revoked in both months for making a wrong diagnosis. These physicians

The three part equal protection test established by the Supreme Court in ***Batson v Kentucky*** 476 U.S. 79, 106 S. Ct. 1712, 90 L, Ed. 2d 69 ( 1986)constitutes an appropriate framework for analyzing statistical and circumstantial evidence of discriminatory intent in racial profiling cases where *no express classification has been demonstrated.* Under the test, an individual challenging a racially discriminatory law enforcement action **may offer statistical and other circumstantial evidence to create a "rebuttable prima facie case** that race is a motivating factor. Once a prima facie case is established the government must articulate a race-neutral reason for its action, or identify a compelling governmental interest in the race based [action]". If the government meets this burden, the defendant bears" the ultimate burden of proving discrimination."
The Defendants have produced nothing rebutting the statistical and circumstantial evidence instead of making bald assertions.

V

YOUNGER ABSTENTION DOES NOT APPLY

Defendants once again are not accepting facts alleged in the SAC as true a precondition to making a motion to dismiss and instead are **misstating facts altogether**. Defendant

---

admitted to far serious acts of repeated negligence and repeated incompetence including making several wrong diagnoses over several months period resulting in injuries to patients. Plaintiff restored circulation to the leg after each surgery.
3. Defendants use progressive discipline. Plaintiff was the only physician revoked straight off for allegedly making a wrong diagnosis. All the rest of the revocations in 2 ½ year period were for criminal convictions in State and Federal Courts.
4. Defendants revoked for making one wrong diagnosis. Defendants admitted in their Decisions that there is no disciplinary penalty for single act of negligence.
5. Defendants denied notice and hearing as stated above on false charges.
6. Defendants disobeyed the orders of the court by determining penalty based upon their set aside and vacated decisions instead of findings of the court on writ petition as ordered, retaining in full the legal and factual basis of their set aside and vacated decisions which the court of appeal had found had changed in view of the dismissed findings by the court.
7. Defendants denied hearing on discrimination claim.

never raised this issue in motion to dismiss FAC and motion for preliminary injunction and thus have waived.

**1. The Defendant's action against Plaintiff in the administrative action is NOT ongoing**; Defendant misstates that the action was filed on September 25, 2011. The action was filed on **September 25, 2012** and not in 2011. (Page 20, ¶ 2) The last action of revocation by Defendants was completed on August 19, 2012 without a Notice or a Hearing. Plaintiff did not know about it when he filed Complaint on September 25, 2012 which was devoid of any allegations concerning August 19, 2012 revocation. Plaintiff found out subsequently through action taken against him by New York Medical Board based on Defendant's August 16, 2012 Decision. (SAC ¶ 232) and included such allegations in FAC.

There are two Decisions which are subject of this Complaint for Injunction.

**1. 2010 Decision placing on unlawful probation.**

2. **2012 Decision revoking without Notice or a Hearing.**

First September 27, 2010 Decision placing Plaintiff on probation was unlawful because it was in contempt of the court's order in not determining penalty consistent with the findings of the superior court on writ petition. Instead, Defendants obstinately retained the legal and factual basis of set aside and vacated 2006 and 2008 Decisions which the Court of Appeal had found had changed and determined penalty consistent with original 2006 Decision recycled *word by word, paragraph by paragraph, page by page* as 2010 Decision. Since there was **no final judgment on merit** by the superior court and there was no full and fair hearing it had no collateral estoppel effect. Any order made in contempt of the court is to put it mildly an **unconstitutional decision** which is **not enforceable**. Plaintiff has exhausted all the state judicial remedies as of March 14, 2012. (SAC ¶ 230) The state court declined to enforce their 2007 writ and 2010 Decision of the Court of Appeal because Plaintiff after remand had filed writ under a new case number instead of the old case number even though the prior superior court judge before 2010 remand had specifically ruled that if Plaintiff was dissatisfied with the Defendant's 2010

decision on remand, he could file post remand a supplemental writ or a new writ petition. In other words, **state court took no action**. Furthermore, Plaintiff challenged the unconstitutionality of Section 2337 in 2009 and 2010 appellate proceedings. Plaintiff also raised issue of discrimination before the State court in 2008 and court did not remand for a hearing. (SAC ¶200- ¶202) Plaintiff also raised the same issue before Defendants and again in 2010and they denied a hearing. The superior court again denied remand in 2011 on this constitutional issue. Thus there is nothing left to exhaust on 2010 Decision or civil right violations.

Second, the 30 day statutes of limitation for filing writ petition on Defendants August 19, 2012 Decision expired before Plaintiff filed Complaint in this matter. (Government Code 11523) ***Woren v Ostepathic Medical Board of California*** (CA 3ʳᵈ, C 63154, filed December 10, 2010… writ petition filed more than 30 days untimely)

There is nothing pending before medical board or in the state courts. **Pending state proceeding is a prerequisite to *Younger* abstention. *Steffel v. Thompson*,** 415 U.S. 452, 462, 94 S. Ct. 1209, 39 L. Ed. 2d 505 (1974)

'*Younger* abstention principles irrelevant after state proceedings conclude'. ***Pathways, Inc. v. Dunne***, 329 F.3d 108, 114 (2d Cir. 2003) (to extent that injunctive relief claims sought relief from ***future suits***, they are not removed from federal jurisdiction by *Younger* abstention principles nor Anti-Injunction Act)

 Defendants equitably estopped for first revoking without Notice or Hearing and then conveniently making an issue of not exhausting state judicial remedies on August 19, 2010 Decision. Nonetheless, the instant Complaint was filed within statutes of limitation under § 1983 Claim for unconstitutional hearing and deprivation under 14ᵗʰ Amendment. ***CECOS Int'l, Inc. v. Jorling***, 895 F.2d 66, 72 (**2d Cir. 1990**) (aggrieved party may choose between petitioning state court for review and filing federal § 1983 claim).

 This is exactly what Plaintiff has done,

 "The mere availability of state judicial review of state administrative proceedings does not amount to the pendency of state judicial proceedings with respect to the abstention doctrine…. A person who contends that his constitutional rights have been violated by a

state administrative proceeding is not required to resort to an appeal to state courts before seeking relief in a federal forum." ***Thomas v Texas State Board of Medical Examiners*** 807 F.2d 453; 1987 U.S. App. LEXIS 828

2. **Non Existent State Proceedings Cannot Implicate State Interests:**

Defendant first misstates that administrative action is ongoing and then implicates state interest. Nonetheless, again disputes facts alleged in the FAC (SAC § 275) that Defendants illegally determined penalty under Cal. B.P. Code § 2229 (b) for determining penalty **after making a finding that Plaintiff is safe to practice** that Plaintiff is seeking injunction to prevent Defendants from performing duties pursuant to § 2229. (Page 19)

3. **Younger Exceptions Fully Apply.**

Finally, Younger exceptions apply since Defendants in bad faith have delayed and harassed Plaintiff for 12 years disobeyed the Orders of the state court. The state courts finally gave up. Nothing ever will be gained in any administrative hearing or judicial hearing in the state court except exercising in futility. The Pomona Valley Hospital brought false charges and denied a hearing because they knew they could not prevail and violated 42 U.S.C 11112. Defendants stepped in PV Hospital's shoes and prosecuted without probable cause in bad faith false and fraudulent Charges by PV Hospital. That did not give Defendants a free pass to continue to violate 42 U.S.C. 11112. The federal professional review standards are the same as are in Cal. Govt. Code or Federal APA. The only way out for Defendants was to hold an unconstitutional hearing by arbitrarily excluding evidence or denying a hearing. That is exactly what Defendants have done. Furthermore, **extraordinary circumstances** exist due to irreparable harm Plaintiff will suffer in any further delay and harassment. The Defendants corruptly influenced state court judges and that is reason they are asking for forum shopping.

Respectfully Submitted,

*[signature]*

March 19, 2014                    Jehan Zeb Mir, MD

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Jehan Zeb Mir,MD )
)
vs. )
)
)
Kimberly Kirchmeyer et al. )
)
)
_____ )

Case No. 12 CV-2340-GPC-DHB

**DECLARATION OF SERVICE**

Person Served:
Margaret Jaramilla Phe
_____

Date Served:
03/19/14

I, the undersigned declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; that I served the above named person the following documents:
OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT
in the following manner: (check one)

1)         By personally delivering copies to the person served.

2)         By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to ther person served at the place where the copies were left.

3)         By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of his office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left.

4)    ✗    By placing a copy in a separate envelope, with postage fully prepaid, for each address named below and depositing each in the U.S. Mail at Los Angeles,CA
           on    March 19    , 20 14      .

Executed on      March 19      , 20 14      at Redondo Beach, CA

_____