1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

10

**SOUTHERN DISTRICT OF CALIFORNIA**

11

12   JEHAN ZEB MIR,                                    CASE NO. 12cv2340-GPC-DHB

13                                      Plaintiff,     **ORDER GRANTING IN PART AND DENYING IN PART**
14              vs.                                    **DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND**
15                                                     **AMENDED COMPLAINT**
     KIMBERLY KIRCHMEYER, et al.,
16                                                     [Dkt. No. 50.]
17                                    Defendants.

18           Presently before the Court is a motion to dismiss Plaintiff's Second Amended

19   Complaint filed by Defendants Kimberly Kirchmeyer, Linda Whitney, and Sharon

20   Levine (collectively, "Defendants"). (Dkt. No. 50.) The Parties have fully briefed the

21   motion. (Dkt. Nos. 54, 55.) Pursuant to Civil Local Rule 7.1(d)(1), the Court finds the

22   matter suitable for adjudication without oral argument.[1] For the following reasons, the

23   Court **GRANTS** in part and **DENIES** in part Defendants' motion to dismiss.

24

25           [1]The Court notes that Plaintiff has requested oral argument because "Defendants
     have raised new issues in the Reply and have misstated facts and law in their Reply"
26   which results in prejudice to Plaintiff. (Dkt. No. 56.) The Court has conducted an
     independent review of the submissions from both parties, as well as relevant facts and
27   law, and finds oral argument unnecessary in the interest of judicial efficiency. Because
     the Court grants Plaintiff leave to amend his Second Amended Complaint to correct the
28   deficiencies noted herein, the Court finds no prejudice to Plaintiff in denying oral
     argument.

# PROCEDURAL HISTORY

On September 25, 2012, Plaintiff Jehan Zeb Mir (hereinafter "Plaintiff"), proceeding *in propria persona*, filed this lawsuit in federal court alleging the California Medical Board wrongfully took disciplinary actions against Plaintiff's physician's and surgeon's certificate. (Dkt. No. 1.) On January 17, 2013, Plaintiff filed a first amended complaint seeking injunctive and declaratory relief. (Dkt. No. 8.) The First Amended Complaint named Defendants Medical Board of California; Linda Whitney, Executive Director; and Sharon Levine, M.D., President. (Id.)

Defendants then filed a motion to dismiss Plaintiff's amended complaint, (Dkt. No. 13), and Plaintiff filed a motion for preliminary injunction. (Dkt. No. 17.) On March 19, 2013, the Court denied Plaintiff's motion for preliminary injunction. (Dkt. No. 23.) On May 2, 2013, Plaintiff filed a motion for reconsideration of the Court order denying Plaintiff's motion for preliminary injunction. (Dkt. No. 26.) On May 8, 2013, the Court granted Defendants' motion to dismiss Plaintiff's First Amended Complaint and denied Plaintiff's motion for reconsideration, granting Plaintiff leave to amend his complaint. (Dkt. No. 28.)

On December 31, 2013, Plaintiff filed a Second Amended Complaint ("SAC"), the current operative complaint, *nunc pro tunc* to December 24, 2013. (Dkt. No. 44.) The SAC names three Defendants: (1) Kimberly Kirchmeyer, in her Personal and Official Capacity as Interim Executive Director and Deputy Director of the Medical Board of California; (2) Linda K. Whitney, in her Personal Capacity as Executive Director of the Medical Board of California; and (3) Sharon Levine, M.D. in her Personal and Official Capacity as President of the Medical Board of California. (Id.) On February 21, 2014, Defendants filed the present Motion to Dismiss Plaintiff's SAC, (Dkt. No. 50), and related Request for Judicial Notice. (Dkt. No. 51.)

# BACKGROUND

The substantive factual allegations in Plaintiff's SAC remain largely

1  unchanged from Plaintiff's two previous complaints. As set forth in the Court's
2  previous orders, this action arises out of Plaintiff's challenges to the California
3  Medical Board's decision to revoke his medical licenses.

4  Plaintiff was licensed by the State of California in 1972 as a Doctor of
5  Medicine and Surgery. (Dkt. No. 44, "SAC" ¶ 8.) On June 8, 2000, Plaintiff
6  admitted an 81-year old female patient with a history of medical complications to
7  the San Antonio Community Hospital. (Id. ¶¶ 14, 19.) Plaintiff transferred the
8  patient to Pomona Valley Hospital ("PVH"), where Plaintiff was a provisional
9  member of the medical staff. (Id. ¶¶ 20, 24-26.) Plaintiff performed a series of
10 surgeries on the patient, leading up to an above-the-knee amputation of the patient's
11 leg due to gangrene the patient had contracted following previous surgeries
12 performed by Plaintiff.  (Id. ¶¶ 27-52.)  Related to Plaintiff's treatment of the patient
13 and other concerns about the Plaintiff's performance as a provisional staff member,
14 PVH suspended Plaintiff's vascular surgery privileges around November 2000. (Id.
15 ¶¶ 53-58.) Plaintiff requested injunctive relief from the California Superior Court,
16 but was denied for failure to exhaust his administrative remedies. (Id. ¶ 59.)
17 Following these proceedings, PVH terminated Plaintiff from the medical staff. (Id. ¶
18 60.)  Plaintiff requested declaratory relief from the Superior Court, which again was
19 denied for failure to exhaust administrative remedies and affirmed by the Court of
20 Appeals. (Id. ¶¶ 61, 64.)

21 Defendants' actions against Plaintiff commenced on August 21, 2003, when
22 Defendants filed an accusation against Plaintiff for misdiagnosis, negligence,
23 improper transfer, and failure to document in connection with his care of the
24 aforementioned PVH patient. (Id. ¶¶ 72-73.) On November 8, 2004, Defendants
25 added charges of fabricating documents and dishonesty in a First Amended
26 Accusation against Plaintiff. (Id. ¶ 97.) Although an Administrative Law Judge
27 dismissed the First Amended Accusation, (id. ¶ 114), Defendants filed a Second
28 Amended Accusation on April 6, 2005. (Id. ¶ 155.)

On December 6, 2006, Defendants revoked Plaintiff's medical licenses effective January 6, 2007. (Id. ¶165.) Following the revocation, Plaintiff filed a writ of mandamus with the California Superior Court. (Id. ¶ 166.) The court granted Plaintiff's petition, dismissing five out of six charges against Plaintiff; vacating the Medical Board's decision; and remanding the matter to the Medical Board to reconsider a penalty consistent with the Superior Court's opinion. (Id. ¶¶ 168, 177.) After review, the Medical Board reissued its decision on June 13, 2008. (Id. ¶¶ 187-88.) Plaintiff again filed a petition for writ of relief with the California Superior Court, alleging the Medical Board had not reviewed its decision but rather had simply reissued the previous findings. (Id. ¶ 193.) Plaintiff further alleged the Medical Board had unlawfully made a finding of gross and repeated negligence, improperly determined the penalty, and wrongfully discriminated against Plaintiff and other minorities by disproportionately revoking licenses of physicians in the minority groups. (Id. ¶¶ 194-200.) The Superior Court directed the Medical Board to set aside its decision to revoke Plaintiff's licenses and remanded the matter to redetermine the penalty issues. (Id. ¶ 207.)

Following a hearing, the Medical Board issued another decision on October 27, 2010, finding "repeated" and "gross negligence" and imposing a five year probation with various terms and conditions. (Id. ¶¶ 214-22.) Plaintiff filed a third writ of mandate in the Superior Court challenging the Medical Board's decision. (Id. ¶ 224.) The Superior Court issued an order temporarily staying enforcement of probation conditions, and later mandated the Medical Board vacate the probation terms requiring Plaintiff to undergo psychiatric evaluation. (Id. ¶¶ 226.) Defendants complied with the order, striking the probation condition of psychiatric evaluation effective March 16, 2012. (Id. ¶ 229.) On August 16, 2012, Defendants revoked Plaintiff's license for the fourth time for not complying with the conditions of probation. (Id. ¶ 231.)

Plaintiff's SAC alleges two claims for relief: (1) "Permanent Injunction"; and

(2) "Permanent Injunction for Unconstitutional Statute." (SAC at 65, 76.) Under Plaintiff's first claim for relief, Plaintiff makes the following primary allegations: Plaintiff had a property interest in his medical license, protected by the U.S. Constitution; Defendants in bad faith brought false fraudulent charges of misdiagnosis; Defendants denied Plaintiff due process; Defendants refused to consider additional evidence and failed to provide Plaintiff the opportunity for a full and fair hearing; Defendants conducted a sham administrative hearing; Defendants committed extrinsic fraud; Defendants misled the California Superior Court; and Defendants disobeyed the Superior Court decisions. (Id. ¶¶ 237-287.)

Plaintiff's second claim for relief claims California Business & Professions Code section 2337 is unconstitutionally over-broad and denies due process. (Id. ¶ 288.) Plaintiff further claims the Rules of the California Court of Appeal are facially unconstitutional where they provide for "discretionary summary denial of physician's petition writ of mandate without ordering Opposition, issuing alternative writ, affording oral arguments and issuing a written opinion justifying the decision." (Id. ¶ 298.)

Plaintiff's SAC seeks: (1) an injunction permanently enjoining Defendants from imposing disciplinary action against Plaintiff for the wrongful diagnosis charges raised in the original 2003 Accusation and subsequent amended accusations against him, (SAC at 78-79); (2) full restoration of his medical license as it existed prior to 2007, (id. at 79); (3) a declaration of Plaintiff's rights in relation to Defendants alleged unconstitutional behavior, (id.); (4) a declaration that the California Business and Professions Code section 2337 and the Rules of the California Court of Appeal are unconstitutional. (Id. at 79-80.)

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is proper where there is either a "lack of a cognizable legal theory" or

"the absence of sufficient facts alleged under a cognizable legal theory." <u>Balisteri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007). While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." <u>Twombly</u>, 550 at 545. "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." <u>Moss v. U.S. Secret Serv.</u>, 572 F.3d 962, 969 (9th Cir. 2009).

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. <u>Thompson v. Davis</u>, 295 F.3d 890, 895 (9th Cir. 2002); <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir. 1996). Legal conclusions, however, need not be taken as true merely because they are cast in the form of factual allegations. <u>Ileto v. Glock, Inc.</u>, 349 F.3d 1191, 1200 (9th Cir. 2003); <u>W. Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." <u>Student Loan Mktg. Ass'n v. Hanes</u>, 181 F.R.D. 629, 634 (S.D. Cal. 1998). If a plaintiff fails to state a claim, a court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts." <u>Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.</u>, 911 F.2d 242, 247 (9th Cir. 1990).

In addition, courts "liberally construe[]" documents filed pro se, <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007), affording pro se plaintiffs benefit of the doubt. <u>Thompson v. Davis</u>, 295 F.3d 890, 895 (9th Cir. 2002); <u>Karim-Panahi v. L.A. Police</u>

Dept., 839 F.2d 621, 623 (9th Cir. 1988); see also Davis v. Silva, 511 F.3d 1005, 1009 n.4 (9th Cir. 2008) ("[T]he Court has held pro se pleadings to a less stringent standard than briefs by counsel and reads pro se pleadings generously, 'however inartfully pleaded.'"). Pro se litigants "must be ensured meaningful access to the courts." Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc). However, the Ninth Circuit has declined to ensure that district courts advise pro se litigants of rule requirements. See Jacobsen v. Filler, 790 F.2d 1362, 1364-67 (9th Cir. 1986) ("Pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record . . . it is not for the trial court to inject itself into the adversary process on behalf of one class of litigant"). And, in giving liberal interpretation to a pro se complaint, the court is not permitted to "supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). As with pleadings drafted by lawyers, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Western Min. Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

## DISCUSSION

### I. Request for Judicial Notice

A court may take notice of undisputed "matters of public record" subject to judicial notice without converting a motion to dismiss into a motion for summary judgment. Lee v. City of L.A., 250 F.3d 668, 688-89 (9th Cir. 2001) (citing Fed. R. Evid. 201; MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986)). Under Federal Rule of Evidence 201, a district court may take notice of facts not subject to reasonable dispute that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); see also Lee, 250 F.3d at 689. However, a court may deny a request for judicial notice of facts that are not relevant to the question at issue. See, e.g., Santa

Monica Food Not Bombs v. City of Santa Monica, 450 F.3d 1022, 1025 n. 2 (9th Cir. 2006); Flick v. Liberty Mut. Fire Ins. Co., 205 F.3d 386, 393 n. 7 (9th Cir. 2000). Here, Defendants seek judicial notice of the Ninth Circuit's memorandum opinion affirming this Court's denial of Plaintiff's motion for reconsideration. (Dkt. No. 51.) The Court finds the memorandum opinion irrelevant to the issues raised in Defendants' motion to dismiss. Accordingly, the Court DENIES Defendants' request for judicial notice. (Dkt. No. 51.)

## II. Defendants' Motion to Dismiss

Defendants move to dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on three grounds: (1) Plaintiff's "official capacity" claims against Defendants Kirchmeyer and Levine are barred by the Eleventh Amendment; (2) Plaintiff's claims fail to state a claim upon which relief may be granted; and (3) Younger abstention bars this action. (Dkt. No. 50-1.)

### A. Eleventh Amendment Immunity

The Court first considers whether Plaintiff's claims against Defendants Kirchmeyer and Levine in their official capacities is barred by the Eleventh Amendment. The Eleventh Amendment to the U.S. Constitution prohibits federal courts from hearing suits brought by private citizens against state governments, without the state's consent. Hans v. Louisiana, 134 U.S. 1, 15 (1890). Absent a waiver, state immunity extends to state agencies and to state officers. Alabama v. Pugh, 438 U.S. 781 (1978); Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 142-46 (1993). In general, the federal courts lack jurisdiction over a suit against state officials when "the state is the real, substantial party in interest." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101 (1984) (citing Ford Motor Co. v. Dep't of Treasury, 323 U.S. 459 (1945)).

However, under the Ex parte Young exception to Eleventh Amendment immunity, a plaintiff may bring suit in federal court against a state officer acting in

violation of federal law for prospective relief. 209 U.S. 123 (1908); <u>see also</u> <u>Pennhurst</u>, 465 U.S. at 102-106. "This exception is narrow: It applies only to prospective relief, does not permit judgments against state officers declaring that they violated federal law in the past, and has no application in suits against the States and their agencies, which are barred regardless of the relief sought." <u>Puerto Rico Aqueduct</u>, 506 U.S. at 146; <u>Edelman v. Jordan</u>, 415 U.S. 651 (1974) (finding that a federal court may award an injunction that governs the official's future conduct, but not one that awards retroactive monetary relief).

Citing Eleventh Amendment immunity, Defendants move to dismiss Plaintiff's claims as alleged against Defendants Kirchmeyer and Levine in their official capacities. (Dkt. No. 50-1 at 10, 12.) Defendants argue the "official capacity" claims against Defendants Kirchmeyer and Levine seek relief against the State as the real party in interest. (<u>Id.</u> at 11-12.) Plaintiff responds that the SAC alleges an ongoing violation of federal law and seeks relief that is properly characterized as prospective, as allowed by the <u>Ex parte Young</u> exception to Eleventh Amendment immunity. (Dkt. No. 54 at 2) (citing <u>Verizon, MD Inc. v. Public Serv. Comm'n of MD</u>, 535 U.S. 635, 645 (2002)).

The question of whether the <u>Ex parte Young</u> exception to Eleventh Amendment immunity applies to Plaintiff's official capacity claims against Defendants Kirchmeyer and Levine turns on a "straightforward inquiry into whether [Plaintiff's] [C]omplaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." <u>Verizon, MD Inc.</u>, 535 U.S. at 645. In discerning the line between permitted and prohibited suits, the Supreme Court has looked "to the substance rather than to the form of the relief sought . . . guided by the policies underlying the decision in <u>Ex parte Young</u>." <u>Papasan v. Allain</u>, 478 U.S. 265, 278-79 (1986) (internal citations omitted).

Here, as stated above, Plaintiff's SAC seeks the following relief against Defendants: (1) an injunction permanently enjoining Defendants from imposing disciplinary action against Plaintiff for the wrongful diagnosis charges raised in the original 2003 Accusation and subsequent amended accusations against him, (SAC at 78-79); (2) full restoration of his medical license as it existed prior to 2007, (id. at 79); and (3) a declaration of Plaintiff's rights in relation to Defendants alleged unconstitutional behavior. (Id.)

The Court finds that Plaintiff's request for an injunction prohibiting future disciplinary action seeks prospective rather than retrospective relief. See Papasan, 478 U.S. at 282-83. In Papasan, the Supreme Court allowed a Constitutional Equal Protection claim against State defendants to go forward for the past grant of land to certain school districts to the exclusion of others. Id. at 281-82. The court found that the plaintiff sought to remedy the "present disparity in the distribution of benefits of state-held assets and not the past actions of the State," so a remedy would ensure "compliance in the future with a substantive federal-question determination rather than bestow an award for accrued monetary liability." Id. at 282 (emphasis in original) (internal quotation marks omitted). Similarly here, while Plaintiff claims Defendants' past actions violate the Constitution, Plaintiff claims the violations are ongoing and seeks the prospective relief of an injunction preventing future disciplinary action against Plaintiff. (SAC at 78-79.)

Furthermore, as Defendants acknowledge, (Dkt. No. 55 at 3), Plaintiff's request for reinstatement of his medical license also qualifies as prospective relief. See Doe v. Lawrence Livermore Nat. Lab., 131 F.3d 836, 839-42 (9th Cir. 1997) (holding that reinstatement of a license simply prevents "prospective violation of [plaintiff's] rights which would result from denying him employment in the future").

However, the Court finds that Plaintiff's third request for relief against Defendants Kirchmeyer and Levine in their official capacities is properly classified as seeking retrospective relief and is thus barred by the Eleventh Amendment. <u>See</u> <u>Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.</u>, 506 U.S. 139, 142-46 (1993). As the Supreme Court held in <u>Puerto Rico Aqueduct</u>, the <u>Ex parte Young</u> exception to Eleventh Amendment immunity "does not permit judgments against state officers declaring that they violated federal law in the past." <u>Id.</u> at 146 (citing <u>Green v. Mansour</u>, 474 U.S. 64, 73 (1985)). Here, in essence, Plaintiff's third request for relief seeks a declaration that Defendants' past actions violated the Constitution by denying him procedural due process. The Eleventh Amendment prohibits such retrospective relief against State officials in their official capacities.

For the foregoing reasons, the Court GRANTS in part and DENIES in part Defendants' motion to dismiss Plaintiff's claims against Defendants Kirchmeyer and Levine in their official capacities based on Eleventh Amendment immunity. To the extent Plaintiff seeks declaratory relief for Defendants Kirchmeyer and Levine's past allegedly unconstitutional behavior as alleged in the SAC, Plaintiff's claims are barred by the Eleventh Amendment. Plaintiff's other claims for relief against Defendants Kirchmeyer and Levine in their official capacities survive Eleventh Amendment scrutiny.

**B. Failure to State a Claim**

The Court next considers Defendants' claim that Plaintiff has failed to state a claim upon which relief may be granted. (Dkt. No. 50-1 at 12-17.) Defendants advance four main arguments: (1) Plaintiff has failed to demonstrate that each of the Defendants violated the Constitution as required by 42 U.S.C. § 1983; (2) Declaratory Relief is not a cause of action; (3) Plaintiff may not obtain injunctive relief; and (4) Plaintiff has failed to state a claim of racial discrimination and for violation of due process. (<u>Id.</u>)

### 1. Section 1983

The Court first addresses Defendants' first and fourth arguments related to the sufficiency of Plaintiff's section 1983 claim. Plaintiff's SAC alleges Constitutional violations by three Defendants: (1) Kimberly Kirchmeyer, in her Personal and Official Capacity; (2) Linda K. Whitney, in her Personal Capacity; and (3) Sharon Levine, M.D. in her Personal and Official Capacity. (Dkt. No. 44.) Although Plaintiff's two "causes of action" are both titled "permanent injunction," 42 U.S.C. § 1983 creates the cause of action under which Plaintiff may seek to hold state officials liable for constitutional violations. See 42 U.S.C. § 1983; Hebbe v. Pliler, 627 F.3d 338 (9th Cir. 2010).

To state a claim under section 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Defendants claim Plaintiff's SAC meets neither requirement.

### a. Under Color of State Law

Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. Leer, 844 F.2d at 633. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. Id. A supervisor may be liable under

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

section 1983 upon a showing of "(1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Redman v. Cnty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Defendants argue Plaintiff's SAC has "neither pled that each Defendant through the official's own individual action violated the Constitution nor alleged specific facts linking each individual defendant to a Section 1983 violation." (Dkt. No. 50-1 at 13.) Plaintiff responds that the SAC "pleads the titles, duties and capacities of each of the Defendants and the respective time frames" and the facts asserted in the SAC must be accepted as true. (Dkt. No. 54 at 3.)

While Plaintiff is correct that the SAC pleads the "titles, duties and capacities" under which Defendants are affiliated with the Medical Board of California, (Dkt. No. 44, SAC ¶¶ 2-6), a statement of Defendants' titles and duties does not link the general duties and responsibilities of the individual Defendants to the alleged constitutional violations in this case. See Leer, 844 F.2d at 633. Aside from the SAC's initial statements regarding the general duties of Defendants Kirchmeyer and Whitney in their respective positions with the Medical Board of California, the SAC states only that these Defendants were "personally involved with the Plaintiff's disciplinary matters alleged herein." (Dkt. No. 44, SAC ¶¶ 2-5.) No other allegation mentions either Defendant Kirchmeyer or Whitney by name or otherwise indicates how either Defendant was "personally involved" in the allegations that give rise to Plaintiff's SAC. Although Plaintiff includes additional facts regarding the participation of Defendants Kirchmeyer and Whitney in his response to Defendants' motion to dismiss, (Dkt. No. 54 at 5-6), review of a motion to dismiss is limited to the "complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." Metzler Inv.

GMBH v. Corinthian Colls., Inc., 540 F.3d 1049, 1061 (9th Cir. 2008). The Court therefore finds that the allegations as alleged in the SAC fail to state a claim against Defendants Kirchmeyer or Whitney under section 1983.

In contrast, Plaintiff's SAC alleges Defendant Levine was "the member of the hearing panel which held [sic] disciplinary hearing against Plaintiff Jehan Zeb Mir, MD and heard oral arguments held on July 27, 2010." (SAC ¶ 6.) The Court finds that this allegation sufficiently alleges Defendant Levine's "personal involvement" in the alleged constitutional deprivation to state a claim against her under section 1983. See Redman v. Cnty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

### b. Constitutional Violation

However, to sufficiently state a claim under section 1983, Plaintiff must also allege that Defendants violated a right protected by the Constitution. West v. Atkins, 487 U.S. 42, 48 (1988). Defendants claim Plaintiff has failed to sufficiently allege racial discrimination or violation of due process because his "allegations regarding discrimination are the same as those alleged in his FAC . . . which this Court found to be speculative." (Dkt. No. 50-1 at 16) (citing SAC ¶¶ 196-201). Defendants further argue Plaintiff "still fails to sufficiently allege denial of adequate procedural protections since there were no significant changes to his SAC." (Id.)

Plaintiff responds that the SAC's allegations state a claim under section 1983 because the SAC alleges violations of the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment. (Dkt. No. 54 at 11.)

The Court finds Plaintiff has remedied the defects of his Due Process claim and has sufficiently stated a claim for violation of the Fourteenth Amendment under section 1983 to survive a motion to dismiss. To prevail on a claim for a procedural due process violation, Plaintiff must show (1) a protected liberty or property interest; (2) government deprivation of that interest; and (3) a denial of adequate

procedural protections. <u>Foss v. Nat'l Marine Fisheries Servs.</u>, 161 F.3d 584, 588 (9th Cir. 1998).

Here, neither party disputes that Plaintiff has alleged both a property interest in his medical license as well as the Medical Board of California's deprivation of that interest. Regarding adequate procedural protections, Plaintiff's SAC now includes a long list of alleged procedural defects in the proceedings administered by Defendants to revoke his medical license. (SAC ¶ 7 n. 2.) This list of allegations include the arbitrary exclusion of evidence; denial of hearings; improper inclusion of a prosecutor in tribunal deliberations; contempt of California Superior Court orders; refusal to consider mitigating evidence; and appointment of biased decision makers. (<u>Id.</u>) Accordingly, the Court finds that Plaintiff has sufficiently stated a claim under section 1983 to survive a motion to dismiss on his allegations of due process violations.

However, the Court finds that Plaintiff has again failed to sufficiently allege a plausible claim of racial discrimination under 42 U.S.C. § 1983. As in Plaintiff's First Amended Complaint, Plaintiff again alleges the Medical Board's penalty against him reflects a pattern of wrongful discrimination and disparate treatment against Plaintiff and other minorities, and the Medical Board has disproportionately revoked licenses of physicians in minority groups as compared to non-minority physicians. (SAC ¶¶ 196-201.) "Plaintiff presented evidence after reviewing 748 consecutive Disciplinary Decisions by the Medical Board in the 2 ½ year period from January 12,2006[sic] to July 2008 when Plaintiff was revoked twice and produced evidence that Medical Board discriminates members of the minority group as judged by their surnames." (SAC ¶ 196.) Plaintiff further alleges "members of minority groups are most likely to get 'revoked'," and "the revocation rate for physicians with minority names was 34% as compared to overall revocation rate of 11.7%." (SAC ¶¶ 197-98.) Plaintiff also alleges he was revoked twice for

misdiagnosis, whereas physicians with "far more serious offenses" had only been reprimanded. (SAC ¶ 199.)

The Court again finds these allegations do not suggest a plausible claim for racial discrimination under the Fourteenth Amendment sufficient to state a claim under section 1983. As the Court previously found, allegations of discrimination based on Plaintiff's analysis of surnames are too speculative to state a claim for racial discrimination. Plaintiff fails to allege a correlation between surname and a protected category under Equal Protection jurisprudence and again fails to tie allegations against any of the individual Defendants to the alleged racial discrimination. As such, the Court again finds Plaintiff has failed to sufficiently state a claim that the Medical Board violated his Equal Protection rights in violation of 42 U.S.C. § 1983.

## 2. Declaratory Relief and Injunctive Relief

Defendants move to dismiss Plaintiff's requests for declaratory and injunctive relief on the ground that declaratory relief and injunctive relief are remedies and not causes of action. (Dkt. No. 50-1 at 14-16.) While Defendants are correct that a plaintiff may not obtain declaratory relief or injunctive relief absent an independently viable claim for relief, see Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950); Hamilton v. Bank of Blue Valley, 746 F. Supp. 2d 1160, 1182 (E.D. Cal. 2010), as stated above, the Court finds Plaintiff has sufficiently stated a claim under section 1983. Accordingly, the Court DENIES Defendants' motion to dismiss Plaintiff's prayer for declaratory and injunctive relief on the ground that these forms of relief are derivative of Plaintiff's other claims.

## C. Younger Abstention

In the alternative, Defendants move to dismiss Plaintiff's SAC on the ground that Younger abstention bars this action. (Dkt. No. 50-1 at 17.) Defendants argue Plaintiff's SAC is an "improper collateral attack on the administrative proceedings

and the orders issued by the Superior Court." (Id. at 19.) Plaintiff responds that any state administrative action is no longer ongoing, and that Defendants' bad faith warrants the application of the exceptions to Younger abstention. (Dkt. No. 54 at 24-25.)

### 1. Application of Younger Abstention

Under the Younger abstention doctrine, a federal court cannot interfere with ongoing state proceedings by granting injunctive relief absent a showing of the state's bad faith or harassment, or a showing that the statute challenged is "flagrantly and patently violative of express constitutional prohibitions." Younger v. Harris, 401 U.S. 37, 46, 53-54 (1971). Younger abstention is appropriate if four criteria are met: (1) state judicial proceedings are ongoing; (2) the state proceedings implicate an important state interest; (3) the state proceedings offer an adequate opportunity to litigate federal questions; and (4) the federal court action would "enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that Younger disapproves." San Jose Silicon Valley Chamber of Commerce PAC v. City of San Jose, 546 F.3d 1087, 1092 (9th Cir. 2008); see also Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982).

As to the first criterion, the Parties dispute whether state judicial proceedings are ongoing. Defendants claim there can be "no doubt that when Plaintiffs[sic] filed this action on September 25, 2011, the State administrative action was ongoing." (Dkt. No. 50-1 at 20.) Defendants claim Plaintiff must exhaust state appellate remedies "before seeking relief in the (federal) District Court." (Id.) (citing Huffman v. Pursue, Ltd., 420 U.S. 592, 608 (1975) (parentheses added)).

Plaintiff responds that Defendants have misstated the filing date of the present action, and that the final administrative action of revocation by Defendants was completed on August 19, 2012. (Dkt. No. 54 at 23.) As an initial matter, the

Court notes that the docket reflects Plaintiff filed the present matter on September 25, 2012, a date after Plaintiff claims final administrative action concluded. (Dkt. No. 1.) Defendants are therefore incorrect that there "can be no doubt" that the state administrative action was ongoing at the time Plaintiff filed this action in federal court.

However, the Court nonetheless finds that state proceedings were necessarily "ongoing" at the time Plaintiff filed the present matter. The Ninth Circuit has recognized, but not resolved, a split in the Circuit Courts of Appeal as to the question of whether state proceedings are "ongoing" for the purposes of Younger abstention if a plaintiff has obtained final administrative review but has not invoked state-court judicial review where such review is available. San Jose Silicon Valley Chamber of Commerce PAC v. City of San Jose, 546 F.3d 1087, 1093 (9th Cir. 2008) ("Seven circuits have addressed this question. Four have held that the administrative proceeding and the possibility for state court review are to be viewed as one unitary proceeding, and three have held the opposite."). As the court recognized in San Jose Silicon Valley Chamber of Commerce PAC, the Ninth Circuit briefly joined the majority circuits in 1993, but later withdrew the opinion finding the Younger abstention question moot. Id. at 1094 (citing Nev. Entm't Indus., Inc. v. City of Henderson, 8 F.3d 1348 (9th Cir. 1993) (per curiam), withdrawn by 21 F.3d 895 (9th Cir.), on reh'g 26 F.3d 131 (9th Cir. 1994) (unpublished decision)).

For the same reasons the Ninth Circuit did in its withdrawn 1993 per curiam opinion, Nev. Entm't Indus., Inc., 8 F.3d at 1349-53, the Court adopts the majority approach of treating judicial review of state administrative proceedings as a unitary process that is not to be interrupted by federal court intervention. See San Jose Silicon Valley Chamber of Commerce PAC, 546 F.3d at 1093-94 (citing Maymo-Melendez v. Alvarez-Ramirez, 364 F.3d 27, 35 (1st Cir. 2004); Majors v.

Engelbrecht, 149 F.3d 709, 713 (7th Cir. 1998); O'Neill v. City of Philadelphia, 32 F.3d 785, 790-91 (3d Cir. 1994); Alleghany Corp. v. Pomeroy, 898 F.2d 1314, 1316-17 (8th Cir. 1990)); see also Moore v. City of Asheville, N.C., 396 F.3d 385 (4th Cir. 2005) (adopting majority approach as an issue of first impression in the Fourth Circuit).

In particular, the Court finds that the administrative proceedings challenged by Plaintiff in this case were coercive proceedings brought by the State of California to enforce its laws rather than a remedial action brought by Plaintiff to redress a wrong inflicted by the state; as such, the present case invokes the principle policies of "equity, comity, and federalism" that undergird the Younger abstention doctrine's prohibition against federal district court interjection into a state's prosecution of its citizens. See Nev. Entm't Indus., Inc., 8 F.3d at 1351 (citing Alleghany Corp. v. Haase, 896 F.2d 1046, 1050-51 (7th Cir. 1990), vacated as moot, 499 U.S. 933 (1991)); see also Potrero Hills Landfill, Inc. v. Cnty. of Solano, 657 F.3d 876, 883 (9th Cir. 2011) ("The Younger doctrine recognizes that a state's ability to enforce its laws against socially harmful conduct that the State believes in good faith to be punishable under its laws and Constitution is a basic state function with which federal courts should not interfere.") (citing Miofsky v. Superior Ct. of State of Cal., In and For Sacramento Cnty., 703 F.2d 332, 336 (9th Cir. 1983) (internal quotation marks omitted).

The Court notes that the policies behind Younger abstention apply even if Plaintiff may no longer appeal the Medical Board's final decision to the California Superior Court. See Huffman v. Pursue, Ltd., 420 U.S. 592, 611 n. 22 ("While appellee had the option to appeal in state courts at the time it filed this action, we do not know for certain whether such remedy remained available at the time the District Court issued its permanent injunction, or whether it remains available now. In any event, appellee may not avoid the standards of Younger by simply failing to

comply with the procedures of perfecting its appeal within the Ohio judicial system."). The relevant time frame for the purposes of determining whether state proceedings are "ongoing" for the purposes of <u>Younger</u> abstention is the date the federal complaint is filed. <u>Adibi v. Cal. State Bd. of Pharmacy</u>, 461 F. Supp. 2d 1103, 1109-10 (N.D. Cal. 2006) (citing cases).

As to the other <u>Younger</u> requirements, the medical license revocation proceedings at issue in this case implicate important state interests in ensuring quality health care. <u>See</u> <u>Buckwalter v. Nevada Bd. of Med. Exam'rs</u>, 678 F.3d 737, 747 (9th Cir. 2012) ("It is self-evident that the Board's disciplinary proceedings implicate the important state interest of ensuring quality health care."); <u>see also</u> <u>Canatella v. California</u>, 404 F.3d 1106, 1110 (9th Cir. 2005) (holding that California's attorney disciplinary proceedings implicate important state interests). Plaintiff is also not barred from litigating his federal constitutional issues in the state proceedings. <u>See</u> <u>Kenneally v. Lungren</u>, 967 F.2d 329, 332-33 (9th Cir. 1992) (holding California's Medical Board agency review procedures provided the plaintiff physician opportunity for meaningful review of federal Constitutional claims). In fact, Plaintiff's SAC alleges he has successfully filed three previous writs of mandate before the California Superior Court to challenge the Medical Board's previous adverse decisions, (SAC ¶¶ 168, 207, 226); Plaintiff has indicated no reason why he will not have the opportunity to raise his Constitutional challenges before the Superior Court as he has three times previously.

Lastly, this Court's actions and rulings concerning the legality of Defendants' license revocation proceedings would interfere with the state proceedings by precluding state-court review of the Medical Board's final decision. Accordingly, the Court finds this case meets all four requirements for application of the <u>Younger</u> abstention doctrine.

//

### 2. Exceptions to Younger Abstention

However, Plaintiff claims that an exception to Younger abstention permits his claim to go forward in federal court. (Dkt. No. 54 at 25.) Younger abstention will not apply when a state proceeding is brought in bad faith or for harassment purposes. Younger v. Harris, 401 U.S. 37, 54 (1971); Huffman v. Pursue, Ltd., 420 U.S. 592, 611 (1975). Plaintiff argues the Court should not abstain from adjudicating his claims because he has alleged "Defendants in bad faith have delayed and harassed Plaintiff for 12 years disobeyed the Orders of the state court. The state courts finally gave up." (Dkt. No. 54 at 25.) Defendants argue "Plaintiff's dissatisfaction with the Medical Board's disciplinary action and the results from his subsequent petitions for writ of mandate and appeals filed in superior court and the appellate court, respectively, is not evidence of bias or harassment against him." (Dkt. No. 50-1 at 22.)

"In the Younger abstention context, bad faith 'generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction.'" Baffert v. Cal. Horse Racing Bd., 332 F.3d 613, 321 (9th Cir. 2003) (citing Kugler v. Helfant, 421 U.S. 117, 126 n.6 (1975)). To allege bias sufficient to warrant exception from a district court's duty to abstain from interference with state proceedings, a plaintiff must offer evidence to overcome the "presumption of honesty and integrity in those serving as adjudicators." Canatella v. California, 404 F.3d 1106, 1112 (9th Cir. 2005) (quoting Hirsh v. Justices of Supreme Court of State of Cal., 67 F.3d 708, 713-14 (9th Cir. 1995)).

Here, the Court finds that Plaintiff has alleged "bad faith" as required to warrant an exception to Younger abstention sufficient to survive a motion to dismiss. Taking the SAC's allegations as true, Plaintiff has successfully challenged adverse Medical Board decisions three times by writ of mandate to the California Superior Court. (SAC ¶¶ 168, 207, 226.) As alleged by Plaintiff, the California

Superior Court remanded Defendants' decisions each time, requiring Defendants to reconsider the Medical Board's written decisions. (Id. ¶¶ 177, 207, 226.) Despite the California Superior Court's explicit instructions to the contrary, Plaintiff alleges Defendants refused to reconsider their opinions, each time re-issuing the same opinion word-for-word. (Id. ¶ 209.) Given these allegations, the Court finds that Plaintiff has sufficiently alleged "repeated harassment . . . with no intention of securing a conclusive resolution" by Defendants acting as members of the Medical Board of California. See Partington v. Gedan, 961 F.2d 852, 861-62 (9th Cir. 1992) (citing Younger, 401 U.S. at 47-49). Although only "extraordinary circumstances" may permit a federal court to relax the deference to be accorded to the state under the Younger abstention doctrine, see Kugler v. Helfant, 421 U.S. 117, 124 (1975), the Court finds that Plaintiff has alleged such extraordinary circumstances in this case.  Accordingly, the Court finds that Plaintiff's allegations warrant an exception to Younger abstention[2] and DENIES Defendants' motion to dismiss Plaintiff's SAC due to ongoing state proceedings.

**III. Leave to Amend**

Finally, the Court must determine whether to grant Plaintiff leave to amend the SAC to cure the deficiencies discussed herein. In fact, a "district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other

---

[2]The Court notes that Younger abstention may be "addressed by a federal court at any time no matter how far along the litigation is." Adibi v. Cal. State Bd. of Pharmacy, 461 F. Supp. 2d 1103, 1109 (N.D. Cal. 2006). The Court emphasizes that it does not hold that Younger abstention does not apply to this action as a matter of law. The Court holds only that, taking Plaintiff's allegations as true as the Court is required to do when considering a motion to dismiss, the Court finds that Plaintiff has alleged "bad faith" sufficient to survive a motion to dismiss based on Younger abstention. Plaintiff still bears the burden of proving that the "bad faith" exception to Younger prevents the application of Younger abstention at summary judgment. See Woodfin Suite Hotels, LLC v. City of Emeryville, Nos. C 07-1719 SBA, C 06-1254 SBA, 2007 WL 1655792 at *3 ("The plaintiff bears the burden to establish that an exception to Younger exists.") (citing Kern v. Clark, 331 F.3d 9, 11 (2d Cir. 2003) (per curiam); Phelps v. Hamilton, 122 F.3d 885, 889-90 (10th Cir. 1997)).

facts." <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quoting <u>Doe v. United States</u>, 58 F.3d 494, 497 (9th Cir. 1995)). Finding Plaintiff's pleading defects curable, the Court grants Plaintiff leave to amend his Second Amended Complaint.

### CONCLUSION AND ORDER

For the foregoing reasons, the Court hereby **GRANTS** in part and **DENIES** in part Defendants' motion to dismiss. (Dkt. No. 50.) Specifically, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's claims for declaratory relief against Defendants Kirchmeyer and Levine in their official capacities for past allegedly unconstitutional behavior due to Eleventh Amendment immunity. In addition, the Court **GRANTS** Defendants' motion to dismiss: (1) Plaintiffs' claims of due process violations under 42 U.S.C. § 1983 against Defendants Kirchmeyer and Whitney; and (2) Plaintiff's claim of racial discrimination in violation of the Fourteenth Amendment under 42 U.S.C. § 1983 against all Defendants. In all other respects, Defendants' motion to dismiss, (Dkt. No. 50), is **DENIED**.

Plaintiff is granted forty-five (45) days to amend the SAC to correct the deficiencies noted herein. In the alternative, Plaintiff may file a notice that he intends to proceed on the SAC without further amendment of his allegations. Upon filing of the notice, Defendants shall have fourteen (14) days to file an answer to Plaintiffs' remaining claims as provided for by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(a)(4)(A).

Having so held, the Court hereby **VACATES** the hearing date set for this matter on May 30, 2014 at 1:30.

**IT IS SO ORDERED.**

DATED:  May 30, 2014

HON. GONZALO P. CURIEL
United States District Judge