UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEHAN ZEB MIR,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>KIMBERLY KIRCHMEYER, et al.,<br><br>　　　　　　　　Defendant. | Case No.: 12-cv-2340-GPC-DHB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THIRD AMENDED COMPLAINT**<br><br>[ECF No. 90] |

Before the Court is Plaintiff's motion for leave to amend his Third Amended Complaint ("TAC," ECF No. 61). (ECF No. 90.)[1] The Parties have fully briefed the motion. (ECF Nos. 92 and 95.) The Court deems Plaintiff's motion suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1). Having reviewed the parties' submissions and the applicable law, and for the reasons set forth below, the Court **GRANTS** Plaintiff's motion.

//

---

[1] Plaintiff filed an *Ex Parte* Application to Amend Third Amended Complaint to Add Parties. (ECF No. 90.) Per the Court's order dated June 11, 2015, the Court construes this as Plaintiff's motion to amend his operative complaint. (ECF No. 91.)

1

# BACKGROUND

On September 25, 2012, Plaintiff Jehan Zeb Mir (hereinafter "Plaintiff"), proceeding *in propria persona*, filed this lawsuit in federal court alleging the California Medical Board wrongfully took disciplinary actions against Plaintiff's physician's and surgeon's certificate. (ECF No. 1.) On January 17, 2013, Plaintiff filed a First Amended Complaint ("FAC") seeking injunctive and declaratory relief. (ECF No. 8.) The FAC named Defendants Medical Board of California; Linda Whitney, Executive Director; and Sharon Levine, M.D., President. (*Id.*)

Defendants then filed a motion to dismiss Plaintiff's FAC, (ECF No. 13), and Plaintiff filed a motion for preliminary injunction. (ECF No. 17.) On March 19, 2013, the Court denied Plaintiff's motion for preliminary injunction. (ECF No. 23.) On May 2, 2013, Plaintiff filed a motion for reconsideration of the Court order denying Plaintiff's motion for preliminary injunction. (ECF No. 26.) On May 8, 2013, the Court granted Defendants' motion to dismiss Plaintiff's FAC and denied Plaintiff's motion for reconsideration, but granted Plaintiff leave to amend his complaint. (ECF No. 28.)

On December 31, 2013, Plaintiff filed a Second Amended Complaint ("SAC"), *nunc pro tunc* to December 24, 2013, against Defendants Kimberly Kirchmeyer, Interim Executive Director and Deputy Director of the Medical Board of California; Linda K. Whitney, Executive Director; and Sharon Levine, M.D., President. (ECF No. 44.) On February 21, 2014, Defendants filed a motion to dismiss Plaintiff's SAC. (ECF No. 50.) On May 30, 2014, the Court granted in part and denied in part Defendants' motion to dismiss Plaintiff's SAC, and granted Plaintiff leave to amend his complaint. (ECF No. 59.)

On July 11, 2014, Plaintiff filed a Third Amended Complaint ("TAC"), the current operative complaint. (ECF No. 61.) He again named as Defendants Kimberly Kirchmeyer, Interim Executive Director, Deputy Director, and Executive Director of the Medical Board of California, in her personal and official capacities; Linda K. Whitney, Executive Director,

in her personal capacity; and Sharon Levine, M.D., President, in her personal and official capacities. (*Id.*) On August 8, 2014, Defendants filed a motion to dismiss Plaintiff's TAC. (ECF No. 65.)

Plaintiff's TAC alleged two claims for relief: (1) "Permanent Injunction"; and (2) "Permanent Injunction for Unconstitutional Statute Facial Unconstitutionality of California Business & Profession Code 2327 (sic) and Rules of California Court of Appeal." (*Id*. at 72 and 88.) The Court dismissed Plaintiff's second claim with prejudice. (ECF No. 72.) Under Plaintiff's first claim for relief—the remaining claim—Plaintiff makes the following primary allegations: Plaintiff had a property interest in his medical license, protected by the U.S. Constitution; Defendants in bad faith brought false fraudulent charges of misdiagnosis; Defendants denied Plaintiff due process; Defendants refused to consider additional evidence and failed to provide Plaintiff the opportunity for a full and fair hearing; Defendants conducted a sham administrative hearing; Defendants committed extrinsic fraud; Defendants misled the California Superior Court; and Defendants disobeyed the Superior Court decisions. (ECF No. 61 ¶¶ 263-344.)

Plaintiff's TAC seeks: (1) an injunction permanently enjoining Defendants from imposing disciplinary action against Plaintiff for the wrongful diagnosis charges raised in the original 2003 Accusation and subsequent amended accusations against him, (*id.* at 90); (2) full restoration of his medical license as it existed prior to 2007, (*id.* at 91); (3) a declaration of Plaintiff's rights in relation to Defendants alleged unconstitutional behavior, (*id.*); (4) a declaration that the California Business and Professions Code section 2337 and the Rules of the California Court of Appeal are unconstitutional. (*Id.* at 92.)

On June 6, 2015, Plaintiff filed his instant *Ex Parte* Application to Amend TAC to Add Parties, which the Court construes as Plaintiff's motion to amend his TAC. (ECF Nos. 90 and 91.) On July 7, 2015, Defendants filed their opposition to Plaintiff's motion. (ECF

3

1  No. 92.) On July 24, 2015, Plaintiff filed his reply to Defendants' opposition. (ECF No. 95.)

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), leave to amend a complaint after a responsive pleading has been filed may be allowed by leave of the court and "'shall freely be given when justice so requires.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)). Granting leave to amend rests in the sound discretion of the trial court. *Int'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1390 (9th Cir. 1985). This discretion must be guided by the strong federal policy favoring the disposition of cases on the merits and permitting amendments with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citation and internal quotation marks omitted). This liberality is "applied even more liberally to pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987). "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." *DCD Programs Ltd.*, 833 F.2d at 186; *but see Union Pac. R.R. Co. v. Nev. Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991) (In practice, however, courts more freely grant plaintiffs leave to amend pleadings in order to add claims than new parties).

Because Rule 15(a) favors a liberal amendment policy, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted. *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989). In assessing the propriety of an amendment, courts may consider several factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendments previously permitted; (4) prejudice to the opposing party; and (5) futility of amendment. *Foman*, 371 U.S. at 182; *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). These factors are not equally weighted; the possibility of delay alone, for instance, cannot justify denial of leave to amend, *DCD Programs*, 833 F.2d at 186, but when combined with a showing of

prejudice, bad faith, or futility of amendment, leave to amend will likely be denied. *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). The single most important factor is whether prejudice would result to the non-movant as a consequence of the amendment. *William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co.*, 668 F.2d 1014, 1053 n.68 (9th Cir. 1981).

## DISCUSSION

Plaintiff seeks leave to amend the TAC "to add current members of the [Medical Board of California] in their official and individual capacities as defendants so that requested relief can be granted." (ECF No. 90 at 2.) Plaintiff states that during the Early Neutral Evaluation (ENE) Conference[2], Defendants represented that Defendant Whitney had retired from her position as Executive Director of the Medical Board and Defendant Levine was no longer President of the Medical Board (although she remains a Board member) and, as such, neither can confer Plaintiff's requested relief to reinstate his medical license and to expunge his record of discipline. (*Id.* at 1-2.) Plaintiff argues that "only current members of the [Medical Board] can confer all of the relief requested" and that the current defendants "should not be left to bear the brunt of the unconstitutional actions perpetrated by others." (*Id.* at 2 and 4.)

Defendants oppose Plaintiff's motion on the grounds that (1) amendment would be futile; (2) plaintiff has unduly delayed filing a complaint and has already filed three amended complaints; and (3) Plaintiff is acting in bad faith and granting leave would prejudice Defendants. (ECF No. 92 at 3-6.) The Court considers Defendants' arguments in turn.

//

//

---

[2] The ENE was held on March 4, 2015. (*See* ECF No. 84.)

## I. Futility of Amendment

Defendants contend that Plaintiff's proposed amendment would fail to state a claim upon which relief can be granted against the proposed defendants. (ECF No. 92 at 4.) Specifically, Defendants argue that Plaintiff's motion does not provide sufficient facts showing how specific Medical Board members other than the already named Defendants would be held liable in their individual or official capacities as Plaintiff does not name proposed defendants or allege how each proposed defendant harmed him. (*Id.*) Defendants point out that Plaintiff "merely alleges that these members repeatedly revoked his medical license without just cause, 'in contempt of the state court orders and in stark violation of the Plaintiff's constitutional rights." (*Id.* (citing ECF No. 90 at 4 and 6).) Plaintiff responds that the proposed amendment would include "the names and capacities of the parties who sat along with the Defendants in revoking in the past or are now currently sitting along the Defendants in enforcing the Decision to revoke prospectively." (ECF No. 95 at 3.) Plaintiff further states that the allegations against the proposed defendants are "exactly the same" as the allegations against current Defendants in the TAC. (*Id.*)

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). "Denial of leave to amend on this ground is rare. Ordinarily courts will defer consideration of [futility] challenges . . . until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.,* 212 F.R.D. 534, 539 (N.D. Cal. 2003); *accord Green Valley Corp. v. Caldo Oil Co.,* No. 09cv4028-LHK, 2011 WL 1465883, at *6 (N.D. Cal. April 18, 2011) (noting "the general preference against denying a motion for leave to amend based on futility."); *Fair Housing Council of Cent. California, Inc. v. Nunez,* at *4 (E.D. Cal. Jan. 24, 2012) ("denial of leave to amend due to futility is rare"; "courts will defer consideration . . . until after . . . the amended pleading is filed."). Arguments

concerning the sufficiency of the proposed pleadings, even if meritorious, are better left for briefing on a motion to dismiss. *Lillis v. Apria Healthcare*, No. 12cv0052-IEG, 2012 WL 4760908, at * 1 (S.D. Cal. Oct. 5, 2012).

Defendants fail to carry out their heavy burden of establishing why this Court should depart from the norm—their arguments regarding the sufficiency of the proposed pleadings, even if meritorious, are more appropriate for briefing on a motion to dismiss. *Id.*; *see also Pilavskaya v. Henderson,* No. 11cv4075-CAS, 2012 WL 3279517, at *5 (C.D. Cal. Aug. 9, 2012) ("Whether [ ] claims are properly pled is better left for a motion to dismiss."); *Defazio v. Hollister, Inc.,* No. 06cv1726-GGH, 2008 WL 2825045, at *3 n. 5 (E.D. Cal. July 21, 2008) ("[O]pposition papers arguing the merits of plaintiffs' proffered amendments [are] premature in that they require the court to assume that there are no facts that could support plaintiff's proposed claims.").

In light of the Ninth Circuit's liberal policy favoring leave to amend in the *pro se* context, the Court finds that the sufficiency of Plaintiff's proposed amendment is more appropriate for consideration under a motion to dismiss. *See Lillis*, WL 4760908, at *1 ("[T]he Court will not indulge Defendants' attempt to convert Plaintiff's motion to amend into a premature motion to dismiss."). At this point in the proceedings, the Court cannot conclude that no set of facts can be proved under the amendments to the pleadings that would constitute a valid claim and, therefore, finds that granting Plaintiff leave to file an amended complaint would not be futile.

**II.  Undue Delay**

Defendants argue that Plaintiff fails to demonstrate any grounds supporting his belated request to amend the TAC. (ECF No. 92 at 4.) Defendants state that more than 18 months have elapsed since the filing of Plaintiff's SAC, in which Plaintiff added Defendant Kirchmeyer, "thereby demonstrating that Plaintiff was well aware that [Kirchmeyer] replaced former Executive Director Whitney," and that information regarding Medical

7

Board membership and the duration of Board members' appointed terms is public knowledge." (*Id.* at 5.) As such, Defendants maintain that Plaintiff had all the requisite information necessary to add parties yet unduly delayed until June 6, 2015 to seek leave to amend. (*Id.*) Defendants also argue that Plaintiff's preceding amended complaints also weigh in favor of denying leave. (*Id.* at 6.) Plaintiff responds that he requested leave to amend as soon as he learned from Defendants at the ENE that Defendants cannot confer the relief he seeks. (ECF No. 95 at 4-5.) Plaintiff also points to the Court's April 23, 2015 Scheduling Order setting June 22, 2015 as the deadline for motions to join parties, amend the pleadings, or file additional pleadings. (*Id.* at 5.)

As to undue delay, the Court looks at whether the moving party unduly delayed in filing their motion. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990). In making such a determination, the court looks at "whether the moving knew or should have known the facts and theories raised by the amendment in the original pleading." *Id.*

In light of the Ninth Circuit's liberal policy regarding amendments to pleadings and Plaintiff's compliance with the Court's scheduling deadline regarding filing motions to amend pleadings, the Court finds that Defendants have not sufficiency established the existence of undue delay.

**III.    Bad Faith and Prejudice**

Defendants contend that Plaintiff's proposed amendment is brought in bad faith and unfairly prejudices Defendants "by negating resources previously expended, imposing needless litigation costs . . . and delaying litigation." (ECF No. 92 at 5.) Plaintiff rejects Defendants' notion and maintains that he wants to join current members so that he can receive the relief he seeks. (ECF No. 95 at 8.)

The Court finds that granting Plaintiff leave to amend the TAC would not be unduly prejudicial. If Plaintiff's amendments do not sufficiently state a claim upon which relief can be granted—as Defendants argue (*see* ECF No. 92 at 3-4)—Defendants can dispose of

Plaintiff's amendments through a motion to dismiss. To deny Plaintiff the opportunity to amend his TAC to include current Board Members would go against the policy of deciding this case on the merits. *See United States v. Webb,* 655 F.2d 977, 979 (9th Cir. 1981) (In exercising discretion under Rule 15, "a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities.") (citing *Conley v. Gibson,* 355 U.S. 41, 47-48 (1957)).

## CONCLUSION

Based on the foregoing, and in light of the Ninth Circuit's extremely liberal policy favoring leave to amend, the Court **GRANTS** Defendant's motion for leave to amend his TAC. Plaintiff shall file his amended complaint on or by **September 25, 2015**. The hearing set for September 4, 2015 shall be **vacated.**

IT IS SO ORDERED.

Dated: September 3, 2015

Hon. Gonzalo P. Curiel
United States District Judge