1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEHAN ZEB MIR,<br><br>                 Plaintiff,<br>v.<br><br>KIMBERLY KIRCHMEYER, et al,<br><br>                 Defendants. | Civil No. 12cv2340-GPC (DHB)<br><br>**ORDER GRANTING IN PART JOINT MOTION TO MODIFY SCHEDULING ORDER**<br>**[ECF No. [156]** |

On April 28, 2016, the parties filed a Joint Motion to Modify the Pretrial Scheduling Order by Six Months.  (ECF No. 156.)  The Court does not find that a six month continuance is warranted in light of Judge Curiel's May 11, 2016 Order granting Defendants' motion to dismiss.  (*See* ECF No. 159.)  The Court finds that a two month extension is appropriate.  According, **IT IS HEREBY ORDERED** that the November 10, 2015 and March 28, 2016 Scheduling Orders (ECF Nos. 107 and 146) are amended as follows:

1.    All discovery shall be completed by all parties on or before **July 22, 2016**.  "Completed" means that all discovery must be initiated a sufficient period of time in advance of the cutoff date, so that it may be <u>completed</u> by the cutoff date, taking into account the times for service, notice, and response as set forth in the

1

Federal Rules of Civil Procedure.  The Court's procedures for resolving discovery disputes are set forth in Magistrate Judge Bartick's Civil Chambers Rules, which are posted on the Court's website.

2.     All motions, other than motions to amend or join parties, or motions in limine, shall be <u>filed</u> on or before **August 26, 2016**.  Motions will not be heard or calendared unless counsel for the moving party has obtained a motion hearing date from the law clerk of the judge who will hear the motion.  **<u>Be advised that the period of time between the date you request a motion date and the hearing date may be up to sixty (60) days.  Please plan accordingly</u>**.  Failure of counsel to timely request a motion date may result in the motion not being heard.

Any *Daubert* motions shall be filed along with motions for summary judgment unless no motions for summary judgment will be filed, in which case the parties may file *Daubert* motions along with motions in limine.

Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of the judge who will hear the motion.  No reply memorandum shall exceed ten (10) pages without such leave of court.

3.     Pursuant to Local Rule 7.1(f)(3)(c), **if an opposing party fails to file opposition papers in the time and manner required by Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the Court**.  Accordingly, all parties are ordered to abide by the terms of Local Rule 7.1.e.e or otherwise face the prospect of any pretrial motion being granted as an unopposed motion pursuant to Local Rule 7.1.f.3.c.

4.     The Mandatory Settlement Conference currently scheduled for August 5, 2016 shall be continued to **<u>October 14, 2016</u>** at **<u>10:00 a.m.</u>** in the chambers of Magistrate Judge Bartick.  Counsel shall submit settlement statements **directly** to

12cv2340-GPC (DHB)

Magistrate Judge Bartick's chambers no later than **October 7, 2016**.[2]  The parties may either submit confidential settlement statements or may exchange their settlement statements.  Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference.  **The settlement conference briefs shall not be filed with the Clerk of the Court.**

**All named parties, all counsel, and any other person(s) whose authority is required to negotiate and enter into settlement shall appear in person at the conference**.  The individual(s) present at the Mandatory Settlement Conference with settlement authority must have the unfettered discretion and authority on behalf of the party to:  1) fully explore all settlement options and to agree during the Mandatory Settlement Conference to any settlement terms acceptable to the party (*G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989)), 2) change the settlement position of a party during the course of the Mandatory Settlement Conference (*Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003)), and 3) negotiate a settlement without being restricted by any predetermined level of authority (*Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 596 (8th Cir. 2001)).

Governmental entities may appear through litigation counsel only.  As to all other parties, appearance by litigation counsel only is not acceptable.  Retained outside corporate counsel shall not appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement.  **The failure of any counsel, party or authorized person to appear at the Mandatory Settlement Conference as required shall be cause for the immediate imposition of sanctions.**  All conference

---

[2] Statements under 20 pages in length, including attachments and exhibits, shall be e-mailed to chambers at efile_Bartick@casd.uscourts.gov.  Statements exceeding 20 pages in length, including attachments and exhibits, must be delivered directly to chambers.

1    discussions will be informal, off the record, privileged, and confidential.

2         5.     The parties must comply with the pretrial disclosure requirements of Fed.

3    R. Civ. P. 26(a)(3) no later than **October 28, 2016**.  **Please be advised that failure to**

4    **comply with this section or any other discovery order of the Court may result in**

5    **the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the**

6    **introduction of experts or other designated matters in evidence.**

7         6.     Despite the requirements of Local Rule 16.1.f.2, neither party is required

8    to file Memorandum of Contentions of Fact and Law at any time.  The parties shall

9    instead focus their efforts on complying with their pretrial disclosure requirements

10   under Fed. R. Civ. P. 26(a)(3) and drafting and submitting a proposed pretrial order by

11   the time and date specified in Local Rule 16.1.f.6.

12        7.     Counsel shall confer and take the action required by Local Rule 16.1.f.4.a

13   on or before **November 4, 2016**.

14        8.     Counsel for the Plaintiff(s) must provide opposing counsel with the

15   proposed pretrial order for review and approval and take any other action required by

16   Local Rule 16.1.f.6.a on or before **November 14, 2016**.

17        9.     Written objections, if any, to any party's Fed. R. Civ. P. 26(a)(3) pretrial

18   disclosures shall be filed and served on or before **November 14, 2016**.  **Please be**

19   **advised that the failure to file written objections to a party's pretrial disclosures**

20   **may result in the waiver of such objections, with the exception of those made**

21   **pursuant to Rules 402 (relevance) and 403 (prejudice, confusion or waste of time)**

22   **of the Federal Rules of Evidence.**

23        10.    The proposed pretrial order shall be lodged with the district judge's

24   chambers on or before **November 21, 2016** and shall be in the form prescribed in

25   Local Rule 16.1.f.6.c.

26        11.    The final pretrial conference that is currently scheduled on the calendar

27   of the Honorable Gonzalo P. Curiel for September 23, 2016 shall be continued to

28   **December 2, 2016** at **1:30 p.m.**  The trial date will be assigned by Judge Curiel at the

pretrial conference.  Judge Curiel will also set a briefing schedule and hearing on motions on limine during the pretrial conference.

12.    The dates and times set forth herein will not be modified except for good cause shown.

IT IS SO ORDERED.

Dated: May 17, 2015

DAVID H. BARTICK
United States Magistrate Judge

12cv2340-GPC (DHB)