UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEHAN ZEB MIR, M.D.,<br><br>Plaintiff,<br><br>v.<br><br>MEDICAL BOARD OF CALIFORNIA, et al.,<br><br>Defendants. | Civil No.   12cv2340-GPC (DHB)<br><br>**ORDER REGARDING PLAINTIFF'S *EX PARTE* APPLICATION TO COMPEL DEFENDANT KIRCHMEYER TO PRODUCE DOCUMENTS**<br><br>**[ECF No. 148]** |

On April 15, 2016, Plaintiff Jehan Zeb Mir, M.D. ("Plaintiff") filed an *ex parte* motion requesting the Court compel Defendant Kimberly Kirchmeyer ("Kirchmeyer") to produce documents. (ECF No. 148.) Kirchmeyer filed an opposition to Plaintiff's *ex parte* motion on May 6, 2016. (ECF No. 158.) For the reasons set forth below, Plaintiff's motion is **DENIED in part** and **RESERVED in part**.

## I. BACKGROUND

Plaintiff initiated this action on September 25, 2012, alleging Defendants wrongfully took disciplinary action against Plaintiff's physician's and surgeon's certificate. (ECF No. 1.) On October 19, 2015, Plaintiff served a Request for Production of Documents on Kirchmeyer. (ECF No. 148 at 44-48.) On December 22, 2015, Kirchmeyer responded.

1

(ECF No. 148 at 50-68.)

Subsequently, on April 15, 2016, Plaintiff filed the instant *ex parte* motion requesting the Court to compel Kirchmeyer to produce documents. (ECF No. 148.)

## II. ANALYSIS

### A. Failure to Comply with the Court's Procedures for Discovery Disputes

Plaintiff has failed to comply with this Court's procedures for filing discovery motions.[1] First, Plaintiff has not complied with Section IV.C. of the undersigned Magistrate Judge's Civil Chambers Rules which requires the filing of a Joint Motion for Determination of Discovery Dispute.[2] Second, Plaintiff has not shown he adequately met and conferred with Kirchmeyer prior to filing the instant motion. The duty to meet and confer prior to bringing a discovery motion is well established. It is required not only by this Court's Chambers Rules and the Southern District's Civil Local Rules, but also by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 37(a) (a motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party filing to make disclosure or discovery in an effort to obtain it without court action"); Civ. L.R. 26.1(a) ("The Court will entertain no motion pursuant to Rules 26 through 37, Fed. R. Civ. P, unless counsel will have previously met and conferred concerning all disputed issues.") In addition, Plaintiff failed to comply with the Court's rules governing *ex parte* applications. *See* Civ. L. R. 83.3(h)(2).

---

[1] Plaintiff cites to the Local Rules from the Eastern District of California for the proposition that a joint discovery motion was not required in this case. *See* Local Rules for the Eastern District of California Rule 251(e) (providing an exception to the Joint Discovery Statement requirement "when there has been a complete and total failure to respond to a discovery request."). However, the Eastern District's rules are not binding on this Court, and in any event Kirchmeyer did respond to Plaintiff's discovery requests.

[2] The Chambers Rules are available at:
https://www.casd.uscourts.gov/Rules/Lists/Rules/Attachments/17/Bartick%20Civil%20Chambers%20Rules.pdf

Moreover, Plaintiff's motion is untimely.  Pursuant to this Court's Chambers Rules, all discovery motions must be filed "within forty-five (45) days of the date upon which the event giving rise to the dispute occurred."  Judge Bartick's Civil Chambers Rules IV(C).  For written discovery, the event giving rise to the dispute is the date of the service of the initial response.  *Id.*  Here, the Court finds the event giving rise to the dispute was the date Kirchmeyer responded to Plaintiff's Requests for Production, which was December 22, 2015.  (ECF No. 148 at 50-68.)  Therefore, the deadline for this discovery motion to be filed was February 5, 2016.  Plaintiff's motion to compel was filed over two months late, and Plaintiff has not provided any justification for his untimeliness.

Plaintiff's failure to follow the Court's procedures is particularly troubling because he was specifically warned that all discovery disputes must comply with the rules.  (*See* ECF No. 146 at 2 (advising the parties that "all discovery disputes must be filed in accordance with the time limits, and filing procedures set forth in Judge Bartick's Civil Chambers Rules").)  It would be well within the Court's discretion to reject Plaintiff's motion for these reasons.  However, in the interest of justice, the Court will address the merits of the parties' dispute.  **Nevertheless, Plaintiff is advised that any future discovery motion filed after the date of this Order will not be considered unless the Court's rules and procedures are complied with**.

**B.     Plaintiff's Motion to Compel Documents**

Under the Federal Rules of Civil Procedure, the scope of discovery is as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs the likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P 26(b)(1).

District courts have broad discretion to determine relevancy for discovery purposes. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *Vonole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) ("District courts have broad discretion to control the class certification process, and '[w]hether or not discovery will be permitted . . . lies within the sound discretion of the trial court.'") (citing *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 209 (9th Cir. 1975)). District courts also have broad discretion to limit discovery. For example, a court may limit the scope of any discovery method if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(I).

1. <u>Requests Nos. 1, 5, 9, 13, 15</u>

In Requests Nos. 1, 5, 9, 13, and 15, Plaintiff sought various documents concerning information that was considered by the Medical Board in connection with the revocation of Plaintiff's medical license. Kirchmeyer responded that the requested documents are all part of the State administrative record, which Plaintiff already has possession of. The Court finds Kirchmeyer's responses are sufficient. Therefore, the Court will not compel further production.

2. <u>Requests Nos. 2, 6, 10</u>

In Requests Nos. 2, 6 and 10, Plaintiff requested minutes of the meetings of the Medical Board that were held in 2006, 2008, and 2010 concerning the disciplinary action against Plaintiff. Kirchmeyer produced minutes from the open sessions of the meetings, but apparently objected to producing minutes from the closed sessions on the basis of the deliberative process privilege.[3] Plaintiff argues the deliberative process privilege does not apply because the Medical Board is not a governmental entity, and even if it does apply,

---

[3] It does not appear that Kirchmeyer produced a privilege log. Therefore, it is not entirely clear which documents Kirchmeyer withheld on the basis of privilege.

his need for the information outweighs the Board's interest in keeping the information confidential.

As an initial matter, the Court notes that the Medical Board of California is a state agency that is responsible for licensing and disciplining medical doctors. *See* California Bus. & Prof. Code § 2001, et seq. Therefore, Kirchmeyer, who is presently the Executive Director for the Medical Board, and who is sued in her official capacity, has standing to assert the privilege.

The deliberative process privilege permits governmental agencies to withhold documents that "reflect[] advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Hongsermeier v. C.I.R.*, 621 F.3d 890, 904 (9th Cir. 2010) quoting *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975). The purpose of the privilege is to "promote frank and independent discussion among those responsible for making governmental decisions," and ultimately to "protect the quality of agency decisions." *F.T.C. v. Warner Communications, Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1994). In order to be protected by the privilege, a document must be both "predecisional" and "deliberative." *Id.* A document is "predecisional" if it was "prepared in order to assist an agency decision maker in arriving at his decision." *Hongsermeier*, 621 F.3d at 904. A document is "deliberative" if its disclosure would "expose an agency's decision making process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions." *Id.*

The deliberative process privilege is a qualified privilege. *Warner Communications*, 742 F.2d at 1161. A party may obtain materials protected by the privilege if the need for the information overrides the government's interest in non-disclosure. *Id.* The following factors are considered in deciding whether to override the privilege: "1) the relevance of the evidence; 2) the availability of other evidence; 3) the government's role in the litigation; and 4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions." *Id.*

The party asserting the deliberative process privilege bears the burden of establishing that it protects the material at issue. *Del Socorro Quintero Perez v. United States*, 2016 WL 499025, *2 (S.D. Cal. Feb. 9, 2016); *Newport Pacific Inc. v. County of San Diego*, 200 F.R.D. 628, 636 (S.D. Cal. 2001). In order to meet this burden, Defendant must provide a declaration that contains: "(1) a formal claim of privilege by the head of the department possessing control over the requested information; (2) an assertion of the privilege based on actual personal consideration by that official; and (3) a detailed specification of the information for which the privilege is claimed, along with an explanation of why it properly falls within the scope of the privilege." *Del Socorro Quintero Perez*, 2016 WL 499025 at *2. *See also In re McKesson Governmental Entities Average Wholesale Price Litigation*, 264 F.R.D. 595, 602 (N.D. Cal. 2009); *L.H. v. Schwarzenegger*, 2008 WL 2073958, *8 (E.D. Cal. May 14, 2008) (finding deliberative process privilege was waived where defendants failed to provide a declaration to support their assertion of the privilege).

Here, Kirchmeyer has not provided a privilege log or a declaration substantiating her claim of privilege. Accordingly, the Court does not have enough information before it to determine whether the deliberative process privilege applies to the documents sought in Requests Nos. 2, 6, and 10. The Court declines to assume that the only documents withheld on the basis of the privilege were the minutes from the closed sessions of the Board meetings, and that those minutes are predecisional and deliberative. Therefore, the Court denies without prejudice Kirchmeyer's assertion of the privilege. *See Martin v. NCIS*, 2012 WL 6553408 (S.D. Cal. Dec. 14, 2012); *Cal. Native Plant Society v. United States EPA*, 251 F.R.D. 408 (N.D. Cal. 2008). If Kirchmeyer wishes to continue to assert the privilege, the Court directs Kirchmeyer to submit a privilege log that specifically identifies which documents have been withheld, and to submit a declaration that that provides detailed information about how the documents fit into the deliberative process. Otherwise, Kirchmeyer is directed to produce all documents withheld on the basis of the deliberative process privilege to Plaintiff.

3.   <u>Requests Nos. 3, 4, 7, 8, 11, 12 and 14</u>

In Requests Nos. 3, 4, 7, 8, 11, 12 and 14, Plaintiff requested voice recordings and transcripts from the Medical Boards' closed sessions, and emails between the California Medical Board and other third parties. Kirchmeyer responded that after a diligent search and inquiry, she was unable to locate documents responsive to the requests because such documents are not in her possession custody or control. In light of Kirchmeyer's verified discovery responses, the Court will not compel a further response at this time

5.   <u>Request No. 16 and 17</u>

In Requests Nos. 16 and 17, Plaintiff sought demographic information about other physicians who have been disciplined by the Medical Board. Kirchmeyer objected on grounds of privacy and relevance. The Court notes that Plaintiff's equal protection claim has been dismissed. (*See* ECF No. 59.) Therefore, the Court finds the requested documents are not relevant. Accordingly, the Court will not compel a further response from Kirchmeyer.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED**:

1.   Plaintiff's *Ex Parte* Application to Compel Defendant Kirchmeyer to Produce Documents is **DENIED in part** and **RESERVED in part**.

2.   No later than **June 29, 2016**, Defendant Kirchmeyer shall either: (1) submit a privilege log and a declaration in accordance with this order, or (2) shall file a notice indicating she will produce to Plaintiff all withheld documents responsive to Requests Nos. 2, 6, and 10.

**IT IS SO ORDERED**.

Dated: June 21, 2016

DAVID H. BARTICK
United States Magistrate Judge