UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEHAN ZEB MIR, M.D.,<br><br>    Plaintiff,<br><br>   v.<br><br>KIMBERLY KIRCHMEYER, et al.<br><br>    Defendants. | Civil No.   12cv2340-GPC (DHB)<br><br>**ORDER REGARDING PLAINTIFF'S *EX PARTE* APPLICATION TO COMPEL DEFENDANT LEVINE TO ANSWER PLAINTIFF'S REQUEST FOR ADMISSIONS**<br><br>**[ECF No. 154]** |

On April 22, 2016, Plaintiff Jehan Zeb Mir, M.D. ("Plaintiff") filed an *ex parte* motion requesting the Court compel Defendant Sharon Levine ("Levine") to answer Plaintiff's first set of request for admissions and request to admit genuineness of documents. (ECF No. 154.) Kirchmeyer filed an opposition to Plaintiff's *ex parte* motion on May 13, 2016. (ECF No. 160.) For the reasons set forth below, Plaintiff's motion is **DENIED**.

## I. BACKGROUND

Plaintiff initiated this action on September 25, 2012, alleging Defendants wrongfully took disciplinary action against Plaintiff's physician's and surgeon's certificate. (ECF No. 1.) On October 19, 2015, Plaintiff served a First Set of Request for Admissions on Levine.

(ECF No. 154 at 32-53.) On December 18, 2015, Levine responded. (ECF No. 154 at 55-75.)

Subsequently, on April 22, 2016, Plaintiff filed the instant *ex parte* motion requesting the Court to compel Levine to admit each of the 167 Request for Admissions he propounded.[1]  (ECF No. 154.)

## II. ANALYSIS

### A.    Failure to Comply with the Court's Procedures for Discovery Disputes

Plaintiff has failed to comply with this Court's procedures for filing discovery motions. First, Plaintiff has not complied with Section IV.C. of the undersigned Magistrate Judge's Civil Chambers Rules which requires the filing of a Joint Motion for Determination of Discovery Dispute.[2]  Second, Plaintiff has not shown he adequately met and conferred

---

[1] The Court finds Plaintiff has only moved to compel responses to his Request for Admissions and not any Interrogatories that may have been served on Levine. In Plaintiff's motion, the opening paragraph states Plaintiff served Request for Admissions on Levine, and that "[o]n December 18, 2015, Defendant served Responses to Plaintiff's Request for Admissions and Request to Admit Genuineness of Documents." (ECF No. 154 at 2.) Then, in the next sentence, Plaintiff wrote "Defendant Levine did not answer any of the interrogatories, instead made same boiler-plate frivolous objections to each and every request for Interrogatory as a delaying and harassing tactic." (*Id.*) Thereafter, Plaintiff resumed referring to Requests for Admissions. (*Id.*) Plaintiff does not mention Interrogatories anywhere else in his motion, and Plaintiff has not attached any Interrogatories to the motion for the Court's consideration. Moreover, Plaintiff only requests the Court compel answers to his Request for Admissions. (*See id.* at 29 ("The Defendant should be ordered to answer Plaintiff's request to admit the genuineness of the documents and request to admit each of the 155 requests for admissions.").) It appears Plaintiff erroneously used the term "Interrogatories" in his opening paragraph to refer to his Requests for Admissions. Accordingly, the sufficiency of Levine's responses to Plaintiff's Interrogatories are not properly before the Court. Therefore, the Court will disregard Levine's arguments regarding the Interrogatories.

[2] The Chambers Rules are available at:
https://www.casd.uscourts.gov/Rules/Lists/Rules/Attachments/17/Bartick%20Civil%20Chambers%20Rules.pdf

with Levine prior to filing the instant motion. The duty to meet and confer prior to bringing a discovery motion is required not only by this Court's Chambers Rules and the Southern District's Civil Local Rules, but also by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 37(a); Civ. L.R. 26.1(a). Plaintiff also failed to comply with the Court's rules governing *ex parte* applications. *See* Civ. L. R. 83.3(h)(2).

Further, Plaintiff's motion is untimely. Pursuant to this Court's Chambers Rules, all discovery motions must be filed "within forty-five (45) days of the date upon which the event giving rise to the dispute occurred." Judge Bartick's Civil Chambers Rules IV(C). For written discovery, the event giving rise to the dispute is the date of the service of the initial response. *Id.* Here, the event giving rise to the dispute was the date Levine responded to Plaintiff's Request for Admissions, which was December 18, 2015. (ECF No. 154 at 55-75.) Therefore, the deadline for this discovery motion to be filed was February 1, 2016. Plaintiff's motion to compel was filed nearly three months late, and Plaintiff has not provided any justification for his untimeliness.

Previously, Plaintiff was warned that all discovery disputes must comply with the Court's rules. (*See* ECF No. 146 at 2 (advising the parties that "all discovery disputes must be filed in accordance with the time limits, and filing procedures set forth in Judge Bartick's Civil Chambers Rules").) It would be well within the Court's discretion to reject Plaintiff's motion for these reasons. However, in the interest of justice, the Court will address the merits of the parties' dispute. **Nevertheless, Plaintiff is advised that any future discovery motion will not be considered unless the Court's rules and procedures are complied with**.

///
///
///
///
///
///

**B.    Plaintiff's Motion to Compel Admissions**

Requests for Admissions ("RFAs") are governed by Federal Rule of Civil Procedure 36, which provides:

> A party may serve on any other party a written request to admit, for the purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
> (A) facts, the application of law to fact, or opinions about either; and
> (B) the genuineness of any described document.

Fed.R.Civ.P. 26(a)(1).

Rule 36 does not limit the number of RFAs that may be propounded, however, the Court's Local Rules do.  Civil Local Rule 36.1 states:

> No party will serve on any other party requests for admission which, including subparagraphs, number more than **twenty-five** requests for admission without leave of court.  Any party desiring to serve additional requests for admission must submit to the court a written memorandum setting forth the proposed additional requests for admission and the reasons establishing good cause for their use.

Civ.L.Rule 36.1(a) (emphasis added).  *See also* Fed.R.Civ.P 26(b)(2)(A) (authorizing district courts to limit the number of requests under Rule 36 by local rule.)

The party answering an RFA must admit, deny, or state in detail why the party cannot truthfully admit or deny the matter. Fed.R.Civ.P 36(a)(4).  Qualified answers are proper if the responding party specifies the part admitted and qualifies or denies the rest. *Id.*  The responding party may also assert lack of sufficient information or knowledge as a reason for failing to admit or deny the matter, as long as the party states that "it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." *Id.*

1.    RFA Nos. A.1 - A.12

In Request for Admissions Nos. A.1 through A.12, Plaintiff requested that Levine authenticate certain documents.  Levine responded to the RFAs by either making qualified admissions (A.3-A.6, A.8-A.9, A.12) or indicating she had insufficient information to

enable her to admit or deny the request (A.1-A.2, A.7, A.10-A.11). The Court finds Levine's responses are sufficient. Therefore, the Court will not compel further responses.

2. <u>RFA Nos. B.1 – B.13</u>

In Request for Admissions Nos. B.1-B.13, Plaintiff requested Levine admit various factual matters. Levine again responded appropriately by denying two requests (B.2 and B.4.), making a qualified admission as to one request (B.3), and by indicating she lacked sufficient information to admit or deny the remaining requests (B.1, B.5-B.13.). In light of Levine's verified discovery responses, the Court will not compel further responses.

3. <u>RFA Nos. B.14 – B.155</u>

Plaintiff propounded a total of 167 RFAs. Levine answered the first 25, and objected the remaining 142 on the basis that Plaintiff did not have leave of court to serve more than 25 requests under Civil Local Rule 36.1. The Court finds Levine acted reasonably in only responding to the first 25 requests. Under the Local Rules, the limit on RFAs is 25. Civ.L.R. 36.1. Plaintiff never sought leave to go beyond this limit, and the Court does not find good cause to permit Plaintiff to propound an additional 142 RFAs. Accordingly, the Court will not order Levine to further respond to RFA Nos. B.14 through B.155.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's *Ex Parte* Application to Compel Defendant Sharon Levine to Answer Plaintiff's Request for Admissions is **DENIED**.

**IT IS SO ORDERED**.

Dated: June 22, 2016

DAVID H. BARTICK
United States Magistrate Judge