UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEHAN ZEB MIR, M.D.,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>KIMBERLY KIRCHMEYER, et al.,<br><br>　　　　　　　Defendants. | Civil No.   12cv2340-GPC (DHB)<br><br>**ORDER REGARDING PLAINTIFF'S *EX PARTE* APPLICATION TO COMPEL DEPOSITION OF JOSHUA BARDIN**<br><br>**[ECF No. 150]** |

On April 15, 2016, Plaintiff Jehan Zeb Mir, M.D. ("Plaintiff") filed an *ex parte* motion requesting the Court compel the deposition of third party Joshua Bardin, M.D. ("Dr. Bardin"). (ECF No. 150.) Dr. Bardin filed an opposition to Plaintiff's *ex parte* motion on May 5, 2016. (ECF No. 157.) For the reasons set forth below, Plaintiff's motion is **DENIED**.

## I. BACKGROUND

Plaintiff initiated this action on September 25, 2012, alleging Defendants wrongfully took disciplinary action against Plaintiff's physician's and surgeon's certificate. (ECF No. 1.) On October 21, 2015, Plaintiff served a deposition subpoena on Dr. Bardin, a third

1

party witness.[1]  (ECF No. 157-2.)  The deposition subpoena also included a request to produce documents.  (*Id.*)

Prior to the deposition, Dr. Bardin's counsel invited Plaintiff to provide him with any documents Plaintiff wanted Dr. Bardin to review before the deposition.  (ECF No. 157-4 at 3, ¶ 4.)  Plaintiff did not provide counsel with any documents.  (*Id.*)

On December 16, 2015, Dr. Bardin appeared for his deposition.  In response to the document requests, Dr. Bardin produced his curriculum vitae, board certification, and license.  (ECF No. 157-3 at 4-5.)  Dr. Bardin indicated he did not have any of the other documents Plaintiff sought.  (*Id.* at 5-6.)  Dr. Bardin also stated that he had not reviewed any documents before the deposition.  (*Id.* at 15.)

Plaintiff began examining Dr. Bardin and successfully elicited testimony about his training and employment, his expert opinion from 2002, and the bases for his conclusions.  (ECF No. 157-3 at 6-27.)  However, shortly into the deposition, Plaintiff became frustrated because Dr. Bardin could not recall certain events and answered some questions by stating "I don't remember."  (*Id.* at 24-26.)  Therefore, Plaintiff assumed Dr. Bardin would be unable to answer any of Plaintiff's remaining questions.  (*Id.* at 28-29.)  Plaintiff stated the deposition had to be continued because Dr. Bardin was not prepared since he hadn't reviewed his testimony from the underlying proceedings, or the medical records and x-rays.  (*Id.*)

Opposing counsel informed Plaintiff that Dr. Bardin did not have to prepare in the

---

[1] Plaintiff contends "Dr. Bardin is Defendants' expert witness. Defendants noticed him as expert witness at trial under mandatory disclosures under Rule 26." (ECF No. 150 at 4.) It appears, however, that Plaintiff is mistaken. According to Defendants, Dr. Bardin is a *former* medical expert for the California Medical Board who was retained for purposes of the underlying disciplinary proceedings. Based on the information before the Court, there is no indication Defendants have retained or designated Dr. Bardin as an expert for the purposes of *this* case. Instead, it appears that Dr. Bardin is a third party percipient witness. Accordingly, Defendants are not required to produce an expert report from Dr. Bardin under Rule 26(a)(2).

manner Plaintiff expected, and repeatedly and in good faith encouraged Plaintiff to continue with the deposition. (*Id.* at 29-50; 59-60.) Counsel attempted to explain to Plaintiff how he could use his documents to refresh Dr. Bardin's recollection. (*Id.*) Yet, Plaintiff stubbornly refused to even try, protesting that it would take too much time. (*Id.*) Instead, Plaintiff unilaterally terminated the deposition. (*Id.* 60-61.) Plaintiff was advised by opposing counsel that Dr. Bardin would not agree to continue the deposition. (*Id.* at 45-46; ECF No. 157-1 at ¶5-6; 157-4 at ¶7-8.)

On December 19, 2015, Plaintiff sent a letter to defense counsel, demanding that counsel provide Dr. Bardin with certain records in order to prepare Dr. Bardin for a further deposition. (ECF No. 150 at 101-103.) On December 31, 2015, Plaintiff sent defense counsel a disc containing over 1,200 pages of documents and stated he expected Dr. Bardin to review the materials. (*Id.* at 105-106.) On January 14, 2106, Plaintiff sent another letter indicating he wished to reschedule Dr. Bardin's deposition. (*Id.* at 108.) On March 18, 2016, Defendants' counsel sent a letter to Plaintiff stating Defendants' position was that Dr. Bardin's deposition had been completed. (*Id.* at 110.) Plaintiff followed up with a letter on March 22, 2016, demanding a further deposition of Dr. Bardin. (*Id.* at 112114.)

Subsequently, on April 15, 2016, Plaintiff filed the instant *ex parte* motion requesting the Court to compel Dr. Bardin to appear for a further deposition. (ECF No. 150.)

## II. ANALYSIS

### A.  Failure to Comply with the Court's Procedures for Discovery Disputes

Again, Plaintiff has failed to comply with this Court's procedures for filing discovery motions.[2] Plaintiff has not complied with Section IV.C. of the undersigned Magistrate Judge's Civil Chambers Rules which requires the filing of a Joint Motion for

---

[2] The Court notes that Plaintiff has filed numerous discovery motions in violation of the Court's rules. *See* ECF Nos. 169. 170.

Determination of Discovery Dispute.³ It also does not appear Plaintiff adequately met and conferred with Defendants' counsel prior to filing the instant motion. *See* Fed. R. Civ. P. 37(a); Civ. L.R. 26.1(a). In addition, Plaintiff failed to comply with the Court's rules governing *ex parte* applications. *See* Civ. L. R. 83.3(h)(2). Lastly, Plaintiff's motion is untimely. Pursuant to this Court's Chambers Rules, all discovery motions must be filed "within forty-five (45) days of the date upon which the event giving rise to the dispute occurred." Judge Bartick's Civil Chambers Rules IV(C). For oral discovery, the event giving rise to the dispute is the date of the completion of the transcript of the affected portion of the deposition.⁴ *Id.* Here, the date the transcript of Dr. Bardin's deposition was completed appears to be December 28, 2015. (ECF No. 157-3 at 62.) Therefore, the deadline for this discovery motion to be filed was February 11, 2016. Plaintiff's motion to compel was filed approximately two months late, without justification.

It would be well within the Court's discretion to reject Plaintiff's motion for these reasons. However, in the interest of justice, the Court will address the merits of the parties' dispute. **As Plaintiff has already been advised (ECF Nos. 169, 170), any future discovery motion will not be considered unless the Court's rules and procedures are complied with**.

### B. Further Deposition of Dr. Bardin

Federal Rule of Civil Procedure 45 authorizes a party to subpoena a nonparty witness to attend and give testimony at a deposition. Fed. R. Civ. P. 45(c)(1). The "party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P.

---

³ The Chambers Rules are available at: https://www.casd.uscourts.gov/Rules/Lists/Rules/Attachments/17/Bartick%20Civil%20Chambers%20Rules.pdf

⁴ The Court notes that the parties could have called Judge Bartick's chambers during the deposition, for a ruling on the dispute. *See* Judge Bartick's Civil Chambers Rules IV(B).

45(d)(1). Rule 45 does not impose any duty on a non-entity witness[5] to review documents, or otherwise prepare in advance of the deposition.

Here, the Court finds Dr. Bardin satisfied his obligations under the subpoena by appearing for deposition on December 16, 2015, and by bringing the requested documents that he had in his possession. Whereas, Plaintiff's rash, unilateral decision to cancel the deposition was not reasonable. When it appeared that the deposition would not proceed as efficiently as Plaintiff hoped, Plaintiff became obstinate and flatly refused to even attempt to continue the deposition. *See e.g.* ECF No. 157-3 at 34-35 ("Mr. Taglienti: . . . Show him a document and ask him if he remembers -- Dr. Mir: No."); 35-36 ("Mr. Taglienti: Show him a document to refresh his memory. Dr. Mir: No."); 37 ("Mr. Taglienti: You have to ask a question. Dr. Mir: And I'm not going to go with the deposition if he doesn't remember the facts."); 47 ("Mr. Taglienti: You said you were prepared to give him an x-ray. Show him an x-ray -- Dr. Mir: No. Mr. Taglienti: -- and ask him questions about an x-ray. . . . Dr. Mir: No. No. It is not the compete testimony."); 55 ("Dr. Taglienti: Give me a question. One question. Dr. Mir: No, I'm not going to go --."); 56 ("Dr. Mir: I have a lot of questions. And I'm going to waste time here -- Mr. Taglienti: You're not wasting time. I'll give you more time. Dr. Mir: No. No. No. Mr. Taglienti: Give me a question. Dr. Mir. No.").

The Court appreciates Plaintiff's concern that it would have taken additional time for Dr. Bardin to review documents to refresh his recollection. Nevertheless, Plaintiff could have proceeded. Plaintiff had the medical records, x-rays and other documents he felt Dr. Bardin should have been familiar with, available at the deposition. Also, Plaintiff

---

[5] When an entity, such as a corporation, partnership, etc. is subpoenaed to testify, the entity has a duty to designate one or more individuals to testify on its behalf, and has a duty to 'educate' or prepare the witnesses to testify as to the matters identified in the subpoena. Fed.R.Civ.P. 30(b)(6); *Bowoto v. ChevronTexaco Corp.*, 2006 WL 294799, *1 (N.D. Cal. Feb. 7, 2009). Rule 30(b)(6) is inapplicable here, because Dr. Bardin was deposed in his individual capacity.

could have sought leave for additional time to complete the deposition if it had become necessary. Rule 30(d)(1). Plaintiff's refusal to try and elicit further responses from Dr. Bardin based on mere speculation that he would run out of time, was not appropriate. Moreover, Plaintiff's dissatisfaction with Dr. Bardin's responses that he did not remember some events that had occurred over 10 years ago, was not justification for Plaintiff to abruptly cancel the deposition. The Court cannot find that Plaintiff's actions constituted "reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena". Fed. R. Civ. P. 45 (d)(1). Therefore, the Court declines to order Dr. Bardin to appear for a further deposition.

## IV.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's motion to compel a further deposition of Dr. Bardin is **DENIED**.

**IT IS SO ORDERED**.

DATED: June 27, 2016

DAVID H. BARTICK
United States Magistrate Judge