UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEHAN ZEB MIR, M.D.,<br><br>                  Plaintiff,<br><br>     v.<br><br>KIMBERLY KIRCHMEYER, et al.,<br><br>                  Defendants. | Civil No.   12cv2340-GPC (DHB)<br><br>**ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATIONS TO COMPEL DEPOSITIONS OF KIMBERLY KIRCHMEYER AND SHARON LEVINE**<br><br>**[ECF Nos. 163, 165]** |

On June 8, 2016, Plaintiff Jehan Zeb Mir, M.D. ("Plaintiff") filed two *ex parte* motions requesting the Court compel the depositions of Defendant Kimberly Kirchmeyer ("Kirchmeyer") and Defendant Sharon Levine ("Levine"). (ECF Nos. 163, 165.) Kirchmeyer and Levine opposed the motions on June 24, 2016. (ECF Nos. 171, 172.) For the reasons set forth below, Plaintiff's motions are **GRANTED**.

## I. BACKGROUND

Plaintiff initiated this action on September 25, 2012, alleging Defendants wrongfully took disciplinary action against Plaintiff's physician's and surgeon's certificate. (ECF No. 1.) Plaintiff specifically named Kirchmeyer and Levine as Defendants. (*Id.*) On May 11, 2016, the Court issued an order on Defendants' motion to dismiss, and held that the only

1

remaining claim in this action is Plaintiff's § 1983 claim for prospective relief against Kirchmeyer and Levine in their official capacities. (ECF No. 159.)

On April 14, 2016, Plaintiff served three deposition notices for the depositions of Kirchmeyer, Levine, and Linda K. Whitney ("Whitney").[1] (ECF Nos. 163 at 13-42.) Plaintiff unilaterally scheduled Levine and Kirchmeyer's depositions for May 9 and May 10, 2016, in Sacramento, California. (*Id.* at 14, 25.) Plaintiff scheduled Whitney's deposition for May 20, 2016 in Kailua-Kona, Hawaii. (*Id.* at 36.) All three deposition notices also included Requests for Production of Documents. (*Id.* at 15-22; 26-33; 37-41.)

Plaintiff indicates that on April 17, 2016, he purchased airfare to travel to Hawaii for Whitney's deposition. (*Id.* at 4.) Plaintiff purchased his airline ticket prior to conferring with defense counsel regarding Whitney's availability. (*Id.*)

On April 21, 2016, counsel for Defendants received Plaintiff's deposition notices. (ECF No. 172 at 11, ¶ 2.) Thereafter, on or about April 26, 2016, defense counsel notified Plaintiff that the witnesses were not available for deposition on the dates selected by Plaintiff. (*Id.* at ¶3; ECF No. 163 at 4.) Defendants' counsel also asserted several objections to the depositions.[2] Plaintiff states that he incurred a $200.00 airline rebooking fee as a result of the cancellation of Whitney's deposition. (ECF No. 163 at 4, 43.)

On June 8, 2016, Plaintiff filed the instant *ex parte* motions requesting the Court to compel Kirchmeyer and Levine to appear for deposition. (ECF Nos. 163, 165.) Plaintiff also requests the Court order Defendants to reimburse the $200.00 airline rebooking fee he paid in connection with the cancelled deposition of Whitney. (*Id.*)

/ / /

---

[1] At the time Whitney was a named Defendant. Whitney has since been dismissed from the case. (*See* ECF No. 159.)

[2] For instance, counsel asserted Kirchmeyer and Levine were not subject to deposition pursuant to their status as agency heads or other top governmental executives or officials. (*See* ECF No. 163 at 44-46.) Defendants have apparently abandoned this objection, and do not raise it in their oppositions to the motions to compel.)

## II. ANALYSIS

### A. Failure to Comply with the Court's Procedures for Discovery Disputes

Plaintiff has failed to comply with this Court's procedures for filing discovery motions.[3] Plaintiff has not complied with Section IV.C. of the undersigned Magistrate Judge's Civil Chambers Rules which requires the filing of a Joint Motion for Determination of Discovery Dispute.[4] It also does not appear Plaintiff adequately met and conferred with Defendants' counsel prior to filing the instant motion. *See* Fed. R. Civ. P. 37(a); Civ. L.R. 26.1(a). In addition, Plaintiff failed to comply with the Court's rules governing *ex parte* applications. *See* Civ. L. R. 83.3(h)(2). However, in the interest of justice, the Court will address the merits of the parties' dispute. **As Plaintiff has already been advised (ECF No. 169), any future discovery motion will not be considered unless the Court's rules and procedures are complied with**.

### B. Depositions of Kirchmeyer and Levine

Federal Rule of Civil Procedure 30(a)(1) authorizes a party to "depose any person, including a party, without leave of court. . . ." Fed. R. Civ. P. 30(a)(1). A party objecting to deposition carries "a heavy burden" to show why a properly noticed deposition should not go forward. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The scope of questioning at a deposition is broad – a party may ask any question relating to "any nonprivileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P 26(b)(1). *See also* 11 James M. Wagstaffe, *Federal Civil Procedure Before Trial* § 1542 (2016). However, under Rule 30(a)(1), non-entity witnesses are only obligated to testify to matters that are within their own knowledge. (*Id.* at §1543.) Non-entity witnesses are not required to review documents or prepare in advance. Further, Rule 30(a)(1) does not

---

[3] The Court notes that Plaintiff has filed numerous discovery motions in violation of the Court's rules. (*See* ECF Nos. 169. 170, 174.)

[4] The Chambers Rules are available at: https://www.casd.uscourts.gov/Rules/Lists/Rules/Attachments/17/Bartick%20Civil%20Chambers%20Rules.pdf.

require the deposition notice to a non-entity witness to identify the matters on which questions will be asked. *Bennett v. The Westover, Inc.*, 27 F.Supp. 10 (S.D.N.Y. 1938). In contrast, when a party seeks to depose an entity, such as a corporation, partnership, etc., the deposition notice must describe with "reasonable particularity the matters for examination." Fed.R.Civ.P. 30(b)(6). The entity has a duty to designate one or more individuals to testify on its behalf, and must 'educate' or prepare the witnesses to testify as to the matters identified in the deposition notice. *Id.; Bowoto v. ChevronTexaco Corp.*, 2006 WL 294799, *1 (N.D. Cal. Feb. 7, 2009).

Here, Levine argues the Court should not compel her deposition because Plaintiff already possesses the information he seeks to inquire about at the deposition. However, Plaintiff is entitled to depose both Levine and Kirchmeyer, as they are parties to this action. Fed.R.Civ.P. 30(a)(1); *Dysthe v. Basic Research, LLC*, 273 F.R.D. 625, 629 (C.D. Cal. 2011) ("Defendants are certainly entitled to take the deposition of a party."). Furthermore, the fact that Plaintiff has access to other discovery does not eliminate Plaintiff's right to depose Defendants. *See Libertarian Party of Ohio v. Husted*, 302 F.R.D. 472, 477 (S.D. Ohio 2014) (noting that "parties to litigation, even those who may have offered testimony at an earlier hearing, are still presumptively subject to being deposed."); *Greenberg v. Safe Lighting Inc.*, 24 F.R.D. 410, 411 (S.D.N.Y. 1959) ("There is no burden on the party seeking the deposition to show that written interrogatories would not be sufficient for its purposes."); *Muzak Corp. v. Muse-Art Corp.*, 16 F.R.D. 172, 173 (E.D. Pa. 1954) ("The right of the plaintiff to orally examine the defendant is not affected by the fact that the defendant has now agreed to permit plaintiff to inspect its books and records."). Accordingly, the Court finds Plaintiff may depose Levine.

Kirchmeyer argues the Court should not compel her deposition because she does not have knowledge about the topics of examination described in the deposition notice. She also complains that in his motion to compel, Plaintiff included additional areas to the scope of her deposition that were not in the original notice. Kirchmeyer's arguments fail for two reasons. First, the fact that Kirchmeyer claims she has insufficient information about a

potential topic of inquiry is insufficient to excuse her from appearing for deposition. *See e.g. Naftchi v. New York University Medical Center*, 172 F.R.D. 130, 132 (S.D.N.Y. 1997) (holding that "in ordinary circumstances, [it] does [not] matter that the proposed witness is a busy person or professes lack of knowledge of the matters at issue, as the party seeking the discovery is entitled to test the asserted lack of knowledge."); *Amherst Leasing Corp. v. Emhart Corp.*, 65 F.R.D. 121, 122 (D. Conn. 1974) ("the general rule is that a claimed lack of knowledge does not provide sufficient grounds for a protective order; the other side is allowed to test this claim by deposing the witness.").

Second, the paragraph in the deposition notice identifying the matters for examination is superfluous information. The notice was issued to an individual, and not an entity. Therefore, Rule 30(b)(6)'s requirement that a deposition notice must describe the matters for examination is inapplicable here. Fed.R.Civ.P. 30(b)(6). Moreover, even assuming the matters for examination were properly included in the deposition notice, the notice does not control the scope of the deposition. *See Campbell v. Facebook, Inc.*, 310 F.R.D. 439, (N.D. Cal. 2015) (noting the scope of questioning is not defined by the notice of deposition, but by Rule 26(b)(1)); *Employers Ins. Co. of Wausau v. Nationwide Mut. Fire Ins. Co.*, 2006 WL 1120632, *1 (E.D.N.Y. 2006) ("[A] notice of deposition cannot be used to limit what is asked of the designated witness, but rather, it 'constitute[s] the minimum, not the maximum, about which a deponent must be prepared to speak.'"); *UniRAM Technology, Inc. v. Monolithic Sys. Tech. Inc.*, 2007 WL 915225, *2 (N.D. Cal. March 23, 2007) ("[T]he 'reasonable particularity' requirement of Rule 30(b)(6) cannot be used to limit what is asked of the designated witness at deposition."). Therefore, Plaintiff may depose Kirchmeyer and may ask any question relevant to the claims remaining in this action.

The Court finds Kirchmeyer and Levine have failed to meet their burden to show that they should not be deposed. Accordingly, the Court will grant Plaintiff's motions to compel. Kirchmeyer and Levine shall appear for deposition within the next 30 days, and the Court will extend the discovery cutoff for purposes of completing these two depositions

only. Plaintiff is advised that Kirchmeyer and Levine are not obligated to 'fully review' any information, or otherwise prepare to 'answer all questions' prior to the depositions. The provisions in the deposition notices to that effect are not binding, and may be disregarded by Defendants.[5]

### C. Document Requests Accompanying Deposition Notices

Rule 30(b)(2) provides that a deposition notice may be accompanied by a Request for Production of Documents under Rule 34.[6] Fed.R.Civ.P. 30(b)(2). District courts have broad discretion to limit the scope of any discovery method if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some

---

[5] Specifically, Kirchmeyer may disregard the following provision:

> PLEASE TAKE FURTHER NOTICE that you will be particularly deposed on the merits of the Decision taken by you in 2011 in your Petition to Revoke Probation and 2012 Decision revoking Plaintiff Jehan Zeb Mir, MD California Medical License. That you are expected to fully review the material or any other matter or prior medical board of California decisions in 2006, 2008, and 2010 upon which you base your 2011 Petition to Revoke Probation and 2012 Decision revoking medical license before deposition and to be fully prepared to answer all questions.
> In the event you are not fully prepared to be deposed, the deposition will be adjourned and Plaintiff will request sanctions from the District Court.

(ECF No. 163 at 25.)

Levine may disregard the following provision:

> PLEASE TAKE FURTHER NOTICE that you will be particularly deposed on the merits of the Decision taken by you in 2010 revoking, staying and placing Plaintiff Jehan Zeb Mir, MD on probation. That you are expected to fully review the material or any other matter or prior decision upon which you based your 2010 Decision before deposition and to be fully prepared to answer all questions. In the event you are not fully prepared to be deposed, the deposition will be adjourned and Plaintiff will request sanctions from the District Court.

(ECF No. 165 at 13.)

[6] When a deposition notice includes a Request for Production of Documents, a minimum of 30 days' notice is required. Fed.R.Civ.P 34(b)(2)(A). Here, the deposition notice to Kirchmeyer only provided 26 days' notice, and the notice to Levine provided 25 days. However, Defendants did not seek a protective order based on notice, and it does not appear Defendants are objecting to the depositions due to insufficient notice.

6

other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(I).

Here, Kirchmeyer and Levine both argue the Requests for Production attached to their deposition notices are duplicative of Plaintiff's prior written discovery requests. The Court has compared the Requests for Production attached to the deposition notices with Plaintiff's prior Request for Production to Kirchmeyer. The Court finds that many of the Requests are duplicative, cumulative, or repetitive, and therefore, it would be unduly burdensome to require Defendants to respond. Specifically, the Court sustains Kirchmeyer and Levine's objections that Requests A-C, F-G and I-O are duplicative. The Court will not order Defendants to respond to these Requests. With regard to Requests D and E, Defendants indicate all non-privileged documents are already in Plaintiff's possession, or have already been produced to him. Kirchmeyer and Levine concede Requests H, P, and Q are not duplicative. Accordingly, the Court directs Kirchmeyer and Levine to respond to Requests D-E,[7] H, P and Q, and produce all responsive documents at their depositions.

### D. Request for Reimbursement of $200.00

Rule 30(b)(1) requires that a deposition notice "give reasonable written notice to every other party." Fed.R.Civ.P. 30(b)(1). Rule 30 does not require the noticing party to confer with opposing counsel before selecting the deposition date. However, the Court's Local Rules require parties to "confer with opposing counsel before scheduling or rescheduling hearing, depositions, and meetings. . . ." Civ.L.R. 83.4(a)(1)(g). Moreover, it is the customary and prudent practice to consult with opposing counsel about scheduling, particularly in a situation such as this case, where a deposition will be held in a remote location.

Here, Plaintiff unilaterally scheduled Whitney's deposition in Hawaii without consulting with defense counsel. Three days after serving the deposition notice – and prior

---

[7] To the extent documents responsive to Requests D and E have already been produced, Kirchmeyer and Levine may indicate as such in their responses.

to confirming that Whitney and her counsel were available on date he selected for the deposition – Plaintiff purchased an airline ticket that was not fully refundable. (ECF No. 163 at 4.) Defense counsel timely notified Plaintiff that Whitney's deposition could not go forward on the date he selected. (*Id.*) Subsequently, Plaintiff incurred a $200.00 airline rebooking fee. (*Id.* at 4, 43.) Plaintiff now requests that the Court order Defendants to reimburse him the $200.00 fee. By failing to confer with Defendants prior to scheduling Whitney's deposition and prior to purchasing his ticket, Plaintiff assumed the risk that the deposition might need to be rescheduled. The Court does not find good cause to shift the expense of the airline rebooking fee to Defendants. Therefore, the Court declines to order Defendants to reimburse Plaintiff.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's *ex parte* motion to compel the deposition of Kimberly Kirchmeyer is **GRANTED**.

2. Plaintiff's *ex parte* motion to compel the deposition of Sharon Levine is **GRANTED**.

3. The depositions of Kirchmeyer and Levine shall be completed by **July 29, 2016**. The discovery cut-off shall be extended to July 29, 2016, for purpose of completing these two depositions only. Kirchmeyer and Levine shall respond to the Requests for Production of Documents that were attached to their deposition notices, as directed above.

4. Plaintiff's request for reimbursement of the $200.00 airline rebooking fee is **DENIED**.

**IT IS SO ORDERED**.

DATED: June 29, 2016

DAVID H. BARTICK
United States Magistrate Judge