UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEHAN ZEB MIR, M.D.,<br><br>        Plaintiff,<br><br>   v.<br><br>MEDICAL BOARD OF CALIFORNIA, et al.,<br><br>        Defendants. | Civil No.   12cv2340-GPC (DHB)<br><br>**SUPPLEMENTAL ORDER REGARDING PLAINTIFF'S *EX PARTE* APPLICATION TO COMPEL DEFENDANT KIRCHMEYER TO PRODUCE DOCUMENTS**<br><br>**[ECF No. 148]** |

On April 15, 2016, Plaintiff Jehan Zeb Mir, M.D. ("Plaintiff") filed an *ex parte* motion requesting the Court compel Defendant Kimberly Kirchmeyer ("Kirchmeyer") to produce documents. (ECF No. 148.) On June 21, 2016, the Court issued an order denying in part, and reserving in part, Plaintiff's motion. (ECF No. 169.) Specifically, the Court reserved ruling on whether Kirchmeyer should be compelled to produce additional documents responsive to Requests for Production Nos. 2, 6, and 10. (*Id*. at 4-6.) Kirchmeyer had objected to producing certain documents on grounds that they were protected by the deliberative process privilege. The Court noted that Kirchmeyer had not provided a privilege log or declaration substantiating her claim of privilege. (*Id*. at 6.) Therefore, the Court directed Kirchmeyer to either submit a privilege log and declaration,

1 or produce the withheld documents to Plaintiff. (*Id.* at 7.)

2   On June 29, 2016, Kirchmeyer filed a declaration and privilege log. (ECF No. 176.) The privilege log shows that Kirchmeyer withheld the following documents: (1) Division of Medical Quality Consolidated Panel Meeting – Closed Session Minutes of Consolidated Panel dated November 2, 2016; (2) Medical Board of California Panel B Meeting – Closed Session Minutes of Panel B dated April 24, 2008; and (3) Medical Board of California Quarterly Meeting Panel B Meeting – Closed Session Minutes of Panel B dated July 29, 2010 (collectively "Closed Session Minutes" or "Minutes"). (ECF No. 1767-1.) In her declaration, Kirchmeyer, who is the Executive Director for the Medical Board of California, explains why Defendants believe the Closed Session Minutes fall within the scope of the deliberative process privilege. She also describes the type of internal decision making information reflected in the Minutes. (ECF No. 176 at ¶¶1, 7-9.) The Court finds the declaration and privilege log are sufficient to enable to the Court to analyze the applicability of the privilege.

The deliberative process privilege permits governmental agencies to withhold documents that "reflect[] advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Hongsermeier v. C.I.R.*, 621 F.3d 890, 904 (9th Cir. 2010) quoting *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975). The purpose of the privilege is to "promote frank and independent discussion among those responsible for making governmental decisions," and ultimately to "protect the quality of agency decisions." *F.T.C. v. Warner Communications, Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1994). In order to be protected by the privilege, a document must be both "predecisional" and "deliberative." *Id.* A document is "predecisional" if it was "prepared in order to assist an agency decision maker in arriving at his decision." *Hongsermeier*, 621 F.3d at 904. A document is "deliberative" if its disclosure would "expose an agency's decision making process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions." *Id.*

The deliberative process privilege is a qualified privilege. *Warner Communications*, 742 F.2d at 1161. A party may obtain materials protected by the privilege if the need for the information overrides the government's interest in non-disclosure. *Id.* The following factors are considered in deciding whether to override the privilege: "1) the relevance of the evidence; 2) the availability of other evidence; 3) the government's role in the litigation; and 4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions." *Id.*

Here, Kirchmeyer explains that each of the Closed Session Minutes were prepared prior to the Board's adoption of the administrative disciplinary decisions relating to Plaintiff. (ECF No. 176 at ¶7.) Specifically, the Board met in closed session on November 2, 2006, and its disciplinary decision was not adopted until December 6, 2006. (*Id.*) Likewise, the Board met in closed session on April 24, 2008, and adopted its disciplinary decision on June 13, 2008, and met again in closed session on July 29, 2010, and adopted its disciplinary decision on September 27, 2010. (*Id.*) Therefore, the Court finds the Closed Session Minutes are predecisional.

Kirchmeyer further explains that the Minutes memorialized the Board members' voting actions including the motions that were made, the motions that were seconded, and voting outcomes. Kirchmeyer states that the Minutes also contain recommendations and suggestions that pertained to the terms of the disciplinary action. The Court finds disclosure of Closed Session Minutes would reveal the Board's decision making process and could discourage candid debate by the Board in making disciplinary decisions. Therefore, the Court finds the Closed Session Minutes are deliberative.

In addition, the Court determines, based on the allegations in the Complaint, that Plaintiff's need for the Closed Session Minutes does not outweigh the Board's interest in non-disclosure. The only claim remaining in this action is Plaintiff's § 1983 claim for prospective relief against Defendants Kirchmeyer and Levine in their official capacities. (ECF No. 159.) Plaintiff has the complete State administrative record, including transcripts and exhibits from the state administrative hearings and the Board's written decisions. (*See*

1  ECF No. 29.) Further, the Court finds it likely that scrutiny of the Closed Session Minutes
2  could chill frank and open discussion by Board members during closed session
3  deliberations, and could negatively impact voting decisions or practices.
4        Accordingly, Kirchmeyer's assertion of the deliberative process privilege with
5  regard to the Closed Session Minutes is **SUSTAINED**. The Court will not compel
6  Kirchmeyer to produce any further documents to Plaintiff in response to Request for
7  Production Nos. 2, 6, and 10.
8        **IT IS SO ORDERED**.
9  Dated: July 1, 2016

DAVID H. BARTICK
United States Magistrate Judge