UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEHAN ZEB MIR,<br><br>                            Plaintiff,<br><br>v.<br><br>KIMBERLY KIRCHMEYER et al.,<br><br>                          Defendants. | Case No.: 3:12-cv-02340-GPC-DHB<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, AND**<br><br>**(2) DENYING AS MOOT PLAINTIFF'S EX PARTE MOTION FOR EXTENSION OF TIME TO FILE REPLY**<br><br>[ECF Nos. 166, 181] |

      Plaintiff Jehan Zeb Mir ("Plaintiff") moves for the Court to reconsider its order granting Defendants' motion to dismiss Plaintiff's Fourth Amended Complaint ("FAC") on the grounds that the Court overlooked facts and controlling law.[1] (ECF No. 159.)

---

[1] On June 6, 2016, Plaintiff filed an ex parte motion for extension of time to file a reply, which the Court **DENIES AS MOOT** as Plaintiff filed a Reply on the same day. (*See* ECF Nos. 179, 181.)

1

Pursuant to Civil Local Rule 7.1(d)(1), the Court finds the matter suitable for adjudication without oral argument. For the reasons set forth below, the Court **DENIES** Plaintiff's motion.

## DISCUSSION

### I. Standard of Review

A district court has the discretion to reconsider a prior order. *Sch. Dist. No. 1J v. ACandS, Inc., Multnomah Cnty., Or.,* 5 F.3d 1255, 1262 (9th Cir. 1993), cert. denied 512 U.S. 1236 (1994). The Federal Rules of Civil Procedure ("Rules") do not expressly provide for motions for reconsideration; nor does Plaintiff identify the Rule under which he seeks reconsideration. Where a ruling has resulted in final judgment or order, however, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Rule 60(b). *Id.* Because Plaintiff filed his motion within 28 days of the Court's Order, the Court considers the motion under Rule 59(e).[2]

Under the local rules, a party that files a motion for reconsideration of an order must set forth the material facts and circumstances surrounding the motion, including any new or different facts and circumstances that are claimed to exist which did not exist, or were not shown, upon such prior application. CivLR 7.1(i). The Ninth Circuit has held that Rule 59(e) motions for reconsideration should not be granted absent highly unusual circumstances unless the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *Sch. Dist. No. 1J*, 5 F.3d at 1263.

//

---

[2] Local Rule 7.1(i)(2) likewise only permits motions for reconsideration within "twenty–eight (28) days after the entry of the ruling, order or judgment sought to be reconsidered." CivLR 7.1(i)(2).

Motions for reconsideration offer an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). The "law of the case" doctrine, as well as public policy, dictate that the efficient operation of the judicial system requires the avoidance of re–arguing questions that have already been decided. *See Pyramid Lake Paiute Tribe of Indians v. Hodel,* 882 F.2d 364, 369 n. 5 (9th Cir. 1989). A motion under Rule 59(e) is procedurally improper where the movant makes "repetitive contentions of matters which were before the court on its prior consideration or contentions which might have been raised prior to the challenged judgment." *Costello v. U.S. Government,* 765 F. Supp. 1003, 1009 (C.D. Cal. 1991) (citations omitted); *see also Hamilton v. Thomson,* No. 09–cv–648 CW, 2014 WL 988702, at *1 (N.D. Cal. Mar. 10, 2014) ("A motion under Rule 59(e) is not a vehicle permitting the unsuccessful party to 'rehash' arguments previously presented").

## II. Plaintiff's Motion for Reconsideration

Plaintiff seeks reconsideration of the Court's order dismissing the FAC on a number of grounds, most of which Plaintiff has previously asserted and the Court has addressed. In addressing Plaintiff's arguments, the Court presumes familiarity with the Court's May 11, 2016 order. (Order, ECF No. 159.)

### A. Res Judicata

The Court granted Defendants' motion to dismiss based on res judicata as to Plaintiff's individual–capacity claims against the fifteen Defendants named in the instant case who were also named in *Mir v. Deck*. (*Id.* at 10–16.) For the first time Plaintiff argues that this is "a case of splitting of the claims or bifurcation of claims" where "claims decided first in a bifurcated trial have no res[] judicata effect on claims decided in a later trial." (Mot. Reconsider at 2, ECF No. 166.) Plaintiff does not provide any legal authority in support of his bifurcation argument. In any case, a Rule 59(e) motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could

3

reasonably have been raised earlier in the litigation. *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Plaintiff also argues that absolute immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity. (Mot. Reconsideration at 3, ECF No. 166.) Plaintiff contends that "[t]he only rights and interests established in *Mir v. Deck* were that defendants had absolute immunity against tort damages for racketeering and corrupt conduct and related causes of action" and did not encompass claims for injunctive relief. (*Id.*) As set forth in more detail in the Court's order, res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, *regardless of whether they were asserted or determined in the prior proceeding*. *Chicot County Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 378 (1940) (emphasis added); 1B James Wm. Moore et al., Moore's Federal Practice § 131.11[3] (3d ed. 2013). "Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." *Tahoe–Sierra,* 322 F.3d at 1078. The Court found that the previous lawsuit and the current lawsuit are related to the same transactional nucleus of facts and based on the same evidence. As such, Plaintiff cannot avoid the bar of res judicata.

### B.     Judicial Estoppel

The Court determined that Plaintiff's Section 1983 claim arising from pre–September 25, 2013 conduct is time–barred. (Order at 17–19, ECF No. 159.) Plaintiff for the first time asserts a judicial estoppel argument. Plaintiff argues that "Defendants and the Court are judicially estopped from taking inconsistent positions in waiving requirements of the federal rules of civil procedure Rule 8(c) and Rule 12(g)(2) and then turning around and using it to bludgeon Plaintiff that the complaint was not amended in 120 days." (Mot. Reconsideration at 7, ECF No. 166.)

As an initial matter, it is unclear how judicial estoppel applies to the circumstances of this case. Judicial estoppel applies "[w]here a party assumes a certain position in a legal

proceeding, and succeeds in maintaining that position . . . [and] may not thereafter, simply because his interests have changed, assume a contrary position . . . ." *New Hampshire v. Maine,* 532 U.S. 742, 749 (2001) (internal quotation marks omitted). Here, Plaintiff takes issue with the fact that Defendants did not plead claim preclusion as an affirmative defense as required by Rule 8(c) and violated Rule 12(g)(2) while arguing that Plaintiff did not timely seek leave to amend. Thus, Defendants have not taken inconsistent positions but rather neglected to timely assert an affirmative defense of res judicata. However, as discussed in the Court's Order, waiver of the claim preclusion defense by the parties in litigation does not prevent the trial court from raising the defense sua sponte. *See Plaut v. Spendthrift Farms, Inc.*, 514 U.S. 211, 115 (1995); *see also Clements v. Airport Auth. of Washoe County*, 69 F.3d 321, 329 (9th Cir. 1995) (acknowledging the court's ability to overlook waiver and raise the res judicata issue sua sponte).

### C. Other Basis for Reconsideration

The remainder of Plaintiff's arguments in support of Plaintiff's motion to reconsider were previously presented or could have been presented to this Court. For example, Plaintiff attempts to revisit the Court's determinations regarding the applicable statute of limitations, quasi–judicial and Eleventh Amendment immunity, and the application of the HCQIA to this case. Plaintiff's arguments are no more convincing this time around. A motion for reconsideration is not a vehicle for an unsuccessful party to "rehash" arguments previously presented. *See Hamilton v. Thomson,* No. 09–cv–648 CW, 2014 WL 988702, at *1. Accordingly, the Court finds that Plaintiff has provided no newly discovered evidence, has failed to show clear error or that the Court rendered a manifestly unjust decision, and has further failed to identify any intervening changes in controlling law that would demand reconsideration of the Court's May 11, 2016 Order. *See United States v. Alexander,* 106 F.3d 874, 876 (9th Cir. 1997). The Court therefore **DENIES** Plaintiff's motion for reconsideration.

//

## CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's motion for reconsideration (ECF No. 166) and **DENIES AS MOOT** Plaintiff's motion for extension of time to file a reply (ECF No. 181).

**IT IS SO ORDERED**.

Dated:  August 16, 2016

Hon. Gonzalo P. Curiel
United States District Judge