UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEHAN ZEB MIR, M.D., <br><br> Plaintiff, <br><br> v. <br><br> KIMBERLY KIRCHMEYER, et al., <br><br> Defendants. | Civil No.   12cv2340-GPC (DHB) <br><br> **ORDER REGARDING JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE REGARDING DEPOSITION OF LINDA WHITNEY** <br><br> **[ECF No. 197]** |

On September 16, 2016, the parties filed a Joint Motion for Determination of Discovery Dispute regarding the deposition of Linda Whitney. (ECF No. 197.)   For the reasons set forth below, Plaintiff's motion to compel a further deposition of Ms. Whitney is **DENIED**.

## I.  BACKGROUND

Plaintiff initiated this action on September 25, 2012, alleging Defendants wrongfully took disciplinary action against Plaintiff's physician's and surgeon's certificate. (ECF No. 1.)  On July 18, 2016, Plaintiff deposed Linda Whitney, who served as the Executive Director for the California Medical Board from 2010 until her retirement in 2013. (ECF

1

No. 197-3 at 4-6.) Ms. Whitney is not a defendant in this case.

Towards the end of the deposition, Plaintiff asked Ms. Whitney to review over 700 pages of hearing transcripts from the underlying state administrative disciplinary action that took place between October 2004 and May 2005. (ECF No. 197-3 at 14.) He then asked Ms. Whitney to search through the documents and identify where in the transcripts Plaintiff made the statement "the proctor would not allow him to do a femoral popliteal bypass procedure on June 10, 2000." (*Id.*) Plaintiff indicated that if Ms. Whitney needed more time to answer, she should take the transcripts home with her and "go through them tooth and nail" after the deposition. (*Id.* at 16.) However, he acknowledged that the statement did not appear in the transcripts. (*Id.* ("I can tell you it's not there, there is nowhere you can find it.").) Ms. Whitney's counsel objected to the question and instructed her not to respond. (*Id.* at 16-17.)

Plaintiff now requests the Court compel Ms. Whitney to attend a further deposition to answer his question relating to the transcripts. Defendants argue it would be unduly burdensome, annoying, and harassing to require Ms. Whitney to search for a certain statement in the transcripts that does not exist, just to elicit a response that the statement is absent from the document.

## II. ANALYSIS

Federal Rule of Civil Procedure 30(d)(3) permits a deponent or party to move to terminate or limit a deposition at any time during a deposition on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party. Fed. R. Civ. P. 30(d)(3)(A). The Court may order the deposition be terminated or limited in scope and manner as provided in Rule 26(c). Fed. R. Civ. P. 30(d)(3)(B). Rule 26(c) provides that the Court may limit discovery to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c)(1).

During a deposition, a witness may be asked to consult records for the purpose of refreshing the witness's recollection. However, it is improper to require a witness to

examine records he is not familiar with in order to obtain information upon which he could then answer. *Deep South Oil Co. of Texas v. Metropolitan Life Ins. Co.*, 25 F.R.D. 81 (S.D.N.Y. 1959). The Court in *Deep South Oil Co. of Texas* explained:

> As a general rule, the taking of an oral deposition pursuant to F.R.C.P. Rule 26, should not be converted in effect into an interrogatory procedure (Rule 33) or an inspection procedure (Rule 34) by the device of asking a witness a series of questions the answers to which he does not know and then directing him to prepare or formulate answers by examining books or records, which answers would then simply amount to a verbalization of what the witness found in the examined books or records.

*Deep South Oil Co. of Texas*, 25 F.R.D. at 82. *See also In re Folding Carton Antitrust Litigation*, 83 F.R.D. 132 (N.D. Ill. 1979) (holding deponents were not competent to testify about documents they had never seen before, and questions requiring the deponents to study the unfamiliar documents were improper).

Here, Plaintiff did not establish during the deposition that Ms. Whitney had ever seen, had personal knowledge of, or was familiar with the transcripts. (ECF No. 197-3 at 23-24.) Therefore, the Court finds it would be improper to require Ms. Whitney to scour the voluminous transcripts in order to formulate a response to Plaintiff's question. Further, Plaintiff has conceded that the exercise would be futile because the statement he asked Ms. Whitney to locate is not contained within the transcripts. Thus, the Court finds it would be unduly burdensome, annoying, and harassing to require Ms. Whitney to respond to the question. Moreover, Plaintiff has equal access to the information he seeks from Ms. Whitney. Plaintiff has possession of the transcripts, and the documents speak for themselves. Plaintiff does not need to elicit a response from Ms. Whitney to establish the statement is absent from the transcripts.

Accordingly, the Court sustains Defendants' objections to the question posed to Ms. Whitney regarding the transcripts. The Court finds the deposition of Ms. Whitney has been concluded, and declines to order Ms. Whitney to appear for a further deposition, or to further review the transcripts and respond to Plaintiff's question.

///

## III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's motion to compel a further deposition of Ms. Whitney is **DENIED**.

**IT IS SO ORDERED**.

Dated:  October 19, 2016

*[signature]*
LOUISA S PORTER
United States Magistrate Judge