UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEHAN ZEB MIR, M.D.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KIMBERLY KIRCHMEYER, et al.,<br><br>　　　　　Defendants. | Civil No.   12cv2340-GPC (DHB)<br><br>**ORDER REGARDING JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE REGARDING PLAINTIFF'S MOTION TO COMPEL DOCUMENTS FROM SHARON LEVINE**<br><br>**[ECF No. 201]** |

　　On October 24, 2016, the parties filed a Joint Motion for Determination of Discovery Dispute. (ECF No. 201.) Plaintiff moves to compel documents from Defendant Sharon Levine. Upon review of the motion, the Court noted that Defendants failed to provide their portion of the Joint Motion as required by this Court's Chambers Rules.[1] Accordingly, the

---

[1] The Court has warned Plaintiff on numerous occasions that he must comply with Judge Bartick's Chambers Rules regarding the filing of discovery motions. The Court likewise expects Defendants to cooperate and participate in the joint briefing of any future discovery motion in this case, in accordance with the Chambers Rules.

1

Court directed Defendants to respond. (ECF No. 202.) On October 28, 2016, Defendants filed a response opposing Plaintiff's motion to compel. (ECF No. 203.) For the reasons set forth below, Plaintiff's motion is **DENIED**.

## I. BACKGROUND

Plaintiff initiated this action on September 25, 2012, alleging Defendants wrongfully took disciplinary action against his physician's and surgeon's certificate. (ECF No. 1.) Plaintiff specifically named Kimberly Kirchmeyer ("Kirchmeyer") and Sharon Levine ("Levin") as Defendants. (*Id.*) On May 11, 2016, the Court issued an order on Defendants' motion to dismiss, and held that the only remaining claim in this action is Plaintiff's § 1983 claim for prospective relief against Kirchmeyer and Levine in their official capacities. (ECF No. 159.)

On June 29, 2016, the Court granted Plaintiff's Motion to Compel Depositions of Defendants Kirchmeyer and Levine. (ECF No. 175.) The Court noted that Plaintiff had included Requests for Production of Documents in the original deposition notices served on Kirchmeyer and Levine. (*Id.* at 6-7.) Kirchmeyer and Levine objected to the Document Requests, and the Court sustained the objections, with the exception of five Requests. (*Id.*) The Court ordered Kirchmeyer and Levine to respond to Request D, E, H, P, and Q, and to produce all responsive documents at their depositions. (*Id.*) The Court re-opened discovery until July 29, 2016, but only for purpose of completing the depositions of Kirchmeyer and Levine. (*Id.* at 8.) The Court also directed Kirchmeyer and Levine to "respond to the Requests for Production of Documents that were attached to their deposition notices, as directed above." (*Id.*) The Court did not authorize Plaintiff to conduct any additional or different document discovery.

On August 10, 2016, Plaintiff served an amended Notice of Deposition for Levine to be held on August 29, 2016, and again included a Request for Production of Documents. (ECF No. 201 at 24-32.) However, Plaintiff did not merely re-serve the five Document Requests – D, E, H, P, and Q – that the Court previously determined Defendants should respond to. Instead, Plaintiff served eight Document Requests, including Requests for

2

information that he had not previously asked for.  (*Id.* at 30-31.)

Levine Responded to the amended Requests on August 26, 2016, and asserted several objections.  (*Id.* at 34-41.)

Plaintiff now moves to compel Levine to provide further responses to amended Requests A, B, C, D, E, and G.

## II. ANALYSIS

Rule 30(b)(2) provides that a deposition notice may be accompanied by a Request for Production of Documents under Rule 34.  Fed.R.Civ.P. 30(b)(2).  District courts have broad discretion to limit the scope of any discovery method if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."  Fed. R. Civ. P. 26(b)(2)(C)(i).  The Court may also limit discovery that is outside the scope permitted by Rule 26(b)(1), which provides "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ."  Fed. R. Civ. P. 26(b)(2)(C)(ii).

### A.   Amended Requests for Production A, B and C

Plaintiff argues Levine should be ordered to produce documents responsive to amended Requests A, B, and C.  In Request A, Plaintiff seeks documents concerning an allegedly false statement Plaintiff made in 2000.  (ECF No. 201 at 30.)  In Request B, Plaintiff requests documents showing he was given "Notice of Specific Documentation Charges," and in Request C, he seeks "results of all diagnostic tests" upon which the Medical Board made its findings.  (*Id.*)  Levine responded that the requested documents included transcripts and exhibits from Plaintiff's disciplinary hearing, Proposed Decisions, and Decisions of the Medical Board, which are all part of the State Administrative Record that Plaintiff already possesses.  (*Id.* at 37.)

First, the Court finds Levine's response – that the documents are equally available to Plaintiff in the Administrative Record – is sufficient.  The Court will not order Levine

to produce duplicative documents, as it would be unduly burdensome. Fed. R. Civ. P. 26(b)(2)(C)(i).

Second, the Court finds Plaintiff improperly amended his Document Requests. When the Court granted Plaintiff's motion to compel the depositions of Kirchmeyer and Levine, the Court did <u>not</u> authorize Plaintiff to serve any additional or different Document Requests on Defendants. (*See* ECF No. 175 at 8.) The Court has compared the amended Requests for Production to Levine with Plaintiff's prior Request for Production to Levine. (*Compare* ECF No. 165 at 18-20 *with* ECF No. 201 at 30-31.) The documents sought in Requests A, B, and C were not requested in any of Plaintiff's original Document Requests. Therefore, Requests A, B, and C are new Requests and exceed the scope of the Court's June 29, 2016 order. Further, at the time of the Court's order compelling the depositions, discovery was closed. The Court specifically limited its order to re-opening discovery solely for the purpose of allowing the depositions of Kirchmeyer and Levine to go forward. Because Requests A, B and C were served without permission, and after the discovery cut off, the Court finds they are untimely and unauthorized.

Accordingly, the Court will not order Levine to further respond to Requests A, B, or C.

**B.     Amended Request for Production D, E, and G**

Plaintiff's amended Requests D, E and G are the same as the prior Requests D, E, and P. (*Compare* ECF No. 165 at 18-20 *with* ECF No. 201 at 30-31.) In Requests D and E, Plaintiff seeks documents from open and closed sessions of the Medical Board in 2011 and 2012. (ECF No. 201 at 30-31.) In her response to amended Requests D and E, Levine stated that "after a diligent search and inquiry," she was unable to locate any responsive documents because the documents are not in her possession, custody or control. (ECF No. 201 at 39-40.)

The Court previously held that minutes from the Medical Board's closed sessions in 2006, 2008, and 2010 were privileged under the deliberative process privilege. (*See* ECF No. 177.) Plaintiff argues the Court's earlier determination that the closed session minutes

were privileged, is incorrect, and Levine should be ordered to produce the closes session minutes from 2011 and 2012.

Here, the Court does not find it necessary to re-address its prior ruling regarding the deliberative process privilege because it does not appear Levine is withholding any responsive documents on the basis of privilege.[2]  Instead, Levine's response indicates she does not possess any responsive documents.  Levine's response is sufficient.  Therefore, the Court will not order Levine to further respond to Request D and E.

With regard to Request G, Plaintiff seeks documents exchanged between Levine and Vinod Kumar Garg, M.D. relating to Dr. Garg's 1993 disciplinary proceeding in the State of New York.  (ECF No. 201 at 31.)  Levine objects on grounds that the requested information violates privacy rights and is irrelevant.  The Court agrees.  Plaintiff has not made a sufficient showing of relevance, aside from speculation and innuendo that Dr. Garg was "in cahoots" with Defendants. (ECF No. 301 at 19.)  He has also not shown a sufficient need for the information.  Plaintiff indicates that Defendants have "produced the Documents related to Dr. Garg's suspension by the N.Y. Medical Board at the medical board hearing held in 2005. . . ." (*Id.*)  Further, Plaintiff has been able to depose Dr. Garg. (*See* ECF No. 99.)  Therefore, the Court finds Plaintiff has sufficient information about Dr. Garg.  Therefore, the Court will not order Levine to further respond to Request G.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** Plaintiff's motion to compel production of documents from Defendant Sharon Levine is **DENIED**.

**IT IS SO ORDERED**.

Dated:  November 14, 2016

LOUISA S PORTER
United States Magistrate Judge

---

[2] The Court notes that Plaintiff has filed an Objection to Court's ruling on the deliberative process privilege issue.  That Objection is currently pending before Judge Curiel.  (*See* ECF No. 185.)