UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEHAN ZEB MIR,<br><br>                          Plaintiff,<br><br>v.<br><br>KIMBERLY KIRCHMEYER et al.,<br><br>                          Defendants. | Case No.: 3:12-cv-02340-GPC-DHB<br><br>**ORDER AFFIRMING MAGISTRATE JUDGE PORTER'S ORDER DENYING MOTION TO COMPEL FURTHER DEPOSITION OF LINDA WHITNEY**<br><br>**[ECF Nos. 200, 205.]** |

Before the Court are Plaintiff Jehan Zeb Mir's ("Plaintiff's") Objections (Dkt. No. 205) to Magistrate Judge Louisa S. Porter's October 19, 2016 order denying Plaintiff's motion to compel a further deposition of Linda Whitney (Dkt. No. 200). Defendants Kimberly Kirchmeyer and Sharon Levine, M.D. (collectively, "Defendants"), filed a response to Plaintiff's Objections. (Dkt. No. 213.) Plaintiff filed a reply. (Dkt. No. 226.) The Court deems Plaintiff's Objections suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1). Having reviewed Plaintiff's Objections and the applicable law, and for the reasons set forth below, the Court **OVERRULES** Plaintiff's Objections and **AFFIRMS** Magistrate Judge Porter's order denying Plaintiff's motion to

compel a further deposition of Linda Whitney.

## BACKGROUND

Because the Court has previously recited the facts of this case at length, (*see* Dkt. No. 159), a brief review of relevant procedural background suffices for purposes of this Order.

Plaintiff initiated this action on September 25, 2012, alleging that Defendants wrongfully took disciplinary action against his physician's and surgeon's certificate. (Dkt. No. 1.) Plaintiff seeks prospective injunctive relief under 42 U.S.C. § 1983 against Defendants in their official capacities, challenging the underlying California Medical Board's decision to revoke his license. (Dkt. No. 159 at 39.[1])

On July 18, 2016, Plaintiff deposed Linda Whitney, who served as the Executive Director for the California Medical Board from 2010 until her retirement in 2013. (Dkt. No. 197-3 at 4–6.) Ms. Whitney is not a party to this litigation. Near the end of the deposition, Plaintiff asked Ms. Whitney to review over 700 pages of hearing transcripts from the underlying state administrative disciplinary action that occurred between October 2004 and May 2005. (*Id.* at 13–18.) Specifically, Plaintiff asked Ms. Whitney to search through the transcripts and identify where in the transcripts Plaintiff made the statement "the proctor would not allow him to do a femoral popliteal bypass procedure on June 10, 2000." (*Id.* at 14.) Plaintiff informed Ms. Whitney that she did not "have to do it today," but that she could "take these transcripts with [her], and go through them with tooth and nail" after the deposition. (*Id.* at 16.) Notably, Plaintiff conceded on the record that the statement does not appear anywhere in the transcripts. (*Id.* ("I can tell you it's not there, there is nowhere you can find it.").) Ms. Whitney's counsel objected to the question and instructed her not to respond. (*Id.* at 16–17.)

---

[1] All citations to the record refer to pagination generated by the CM/ECF system.

3:12-cv-02340-GPC-DHB

1  Plaintiff sought to compel Ms. Whitney to attend a further deposition to answer his
2  question. (Dkt. No. 197-2 at 8.) In response, Defendants argued that it would be unduly
3  burdensome, annoying, and harassing to require Ms. Whitney to search for a certain
4  statement in the transcripts that does not exist, for the sole purpose of confirming the
5  statement's absence from the transcripts. (Dkt. No. 197 at 4–9.) On October 19, 2016,
6  Magistrate Judge Porter denied Plaintiff's motion to compel. (Dkt. No. 200.) Plaintiff
7  filed the instant Objections *nunc pro tunc* to November 7, 2016. (Dkt. No. 205.)

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 72(a), aggrieved parties may file objections to the rulings of a magistrate judge in non-dispositive matters within fourteen days. Fed. R. Civ. P. 72(a). In reviewing a magistrate judge's order, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980); *Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002). Under the "clearly erroneous standard," a court should overturn a magistrate judge's ruling when it is "left with the definite and firm conviction that a mistake has been committed." *See Concrete Pipe & Prods. of Cal., Inc. v. Constrs. Laborers Pension Trust*, 508 U.S. 602, 622 (1993). A magistrate judge's legal conclusions as to non-dispositive matters are reviewable for clear error. *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 240–41 (9th Cir. 1991) (citing *Maisonville v. F2 America, Inc.*, 902 F.2d 746, 747–48 (9th Cir. 1990)).

## DISCUSSION

Plaintiff objects to Magistrate Judge Porter's order. (Dkt. No. 205.) Plaintiff argues that Ms. Whitney declined to answer his question "even though two hours of deposition time was [sic] still left and it would not have taken more than 30 minutes of her time to flip through the pages of the transcripts to find the answer to the question."

(*Id.* at 4.)  Plaintiff argues that he gave Ms. Whitney "the option to take the transcripts home" and review them "at her leisure in the following month."  (*Id.*)  Plaintiff asserts that there was "nothing burdensome" about his request, because Ms. Whitney was a retiree at the time of her deposition.  (*Id.* at 6.)  Plaintiff asserts his belief that Ms. Whitney "must know when and where the false statement was made" and should have had a "ready answer" to his question.  (*Id.* at 5.)

Defendants respond that the Court properly denied a further deposition of Ms. Whitney, because Plaintiff failed to establish that Ms. Whitney had personal knowledge of the transcripts to provide testimony relating to matters therein.  (Dkt. No. 213 at 3.)  Defendants contend that Plaintiff did not seek to refresh Ms. Whitney's recollection, but rather wanted her to examine "an incomplete set of voluminous transcript pages" from a state administrative hearing that Ms. Whitney "did not participate in nor . . . was required to review as the Executive Director."  (*Id.* at 4.)  Moreover, Plaintiff himself admitted that the information he sought does not exist in the transcripts.  (*Id.* at 5.)  Plaintiff already has access to the discovery that he seeks.  (*Id.*)

Federal Rule of Civil Procedure 30(d)(3) permits a deponent or party to move to terminate or limit a deposition at any time during a deposition on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party.  Fed. R. Civ. P. 30(d)(3)(A).  The Court may order the deposition be terminated or limited in scope and manner as provided in Rule 26(c).  Fed. R. Civ. P. 30(d)(3)(B).  Rule 26(c) provides that the Court may limit discovery to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c)(1).

As a starting point, Plaintiff's attempt to compel Ms. Whitney to answer his deposition question is incredible in light of his own admission that the statement he asked her to identify does not appear even once within approximately 700 pages of transcripts.

Furthermore, Magistrate Judge Porter properly relied on *Deep South Oil Co. of Texas v. Metropolitan Life Ins. Co.*, 25 F.R.D. 81 (S.D.N.Y. 1959) to conclude that "it is improper to require a witness to examine records he is not familiar with in order to obtain information upon which he could then answer." (Dkt. No. 200 at 2–3.)  In *Deep South Oil Co. of Texas*, the court stated:

> As a general rule, the taking of an oral deposition pursuant to F.R.C.P. rule 26, should not be converted in effect into an interrogatory procedure (Rule 33) or an inspection procedure (Rule 34) by the device of asking a witness a series of questions the answers to which he does not know and then directing him to prepare or formulate answers by examining books or records, which answers would then simply amount to a verbalization of what the witness found in the examined books or records. In the usual case, to sanction such a device would circumvent the particular procedures and objectives of Rules 33 and 34 and would disregard the functional differences between Rule 26 and Rules 33 and 34.

25 F.R.D. at 82; *see also In re Folding Carton Antitrust Litigation*, 83 F.R.D. 132 (N.D. Ill. 1979) (holding deponents were not competent to testify about documents they had never seen before, and questions requiring the deponents to study the unfamiliar documents were improper).  Plaintiff's question to Ms. Whitney was similarly improper, and its impropriety is amplified in light of his concession that he already knew the answer to the question he posed.

Plaintiff's citations are inapposite.  *See Ethicon Endo-Surgery v. U.S. Surgical Corp.*, 160 F.R.D. 98, 99 (S.D. Ohio 1995) (concluding that "[t]he record reflects numerous instances of improper instructions to witnesses not to answer questions by attorneys"); *Calderon v. Experian Info. Sols., Inc.*, 287 F.R.D. 629, 632–33 (D. Idaho 2012), *aff'd*, 290 F.R.D. 508 (D. Idaho 2013) (stating that the weight of the burden "on the party seeking the discovery to prove that the potential witness is a managing agent of the corporation" is "modest" and that where there is a "close question" on this issue, "doubts should be resolved in favor of allowing the deposition"); *Quantachrome Corp. v.*

1  *Micromeritics Instrument Corp.*, 189 F.R.D. 697, 699 (S.D. Fla. 1999) (finding that
2  counsel "improperly and repeatedly instructed deponents not to answer questions based
3  on relevancy or form objections"); *Pilates, Inc. v. Georgetown Bodyworks Deep Muscle*
4  *Massage Centers, Inc.*, 201 F.R.D. 261, 262 (D.D.C. 2000) (concluding that counsel
5  improperly instructed witnesses not to answer questions multiple times during the
6  deposition). Here, as Plaintiff conceded on the record, Plaintiff knows the answer to his
7  own question. No doubt exists as to whether the statement Plaintiff demanded Ms.
8  Whitney to locate appears even once in the voluminous set of transcripts. Defense
9  counsel's one and only instruction to Ms. Whitney not to answer Plaintiff's question was
10 not improper.
11 The Court concludes that Magistrate Judge Porter properly concluded that it would
12 be unduly burdensome, annoying, and harassing to require Ms. Whitney to respond to the
13 question.

## CONCLUSION

15 For the foregoing reasons, the Court **OVERRULES** Plaintiff's Objections and
16 **AFFIRMS** Magistrate Judge Porter's order denying Plaintiff's motion to compel a
17 further deposition of Ms. Whitney. (Dkt. Nos. 200, 205.)
18 **IT IS SO ORDERED**.
19 Dated: December 19, 2016

Hon. Gonzalo P. Curiel
United States District Judge

3:12-cv-02340-GPC-DHB