UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JEHAN ZEB MIR,

Plaintiff,

v.

KIMBERLY KIRCHMEYER et al.,

Defendants.

Case No.:  3:12-cv-02340-GPC-DHB

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND AFFIRMING MAGISTRATE JUDGES' ORDERS**
**[ECF Nos. 183, 185, 215.]**

Before the Court are Plaintiff Jehan Zeb Mir's ("Plaintiff's") three sets of Objections to Orders issued by Magistrate Judge David H. Bartick and Magistrate Judge Louisa S. Porter:

1. Objections (Dkt. No. 183) to Judge Bartick's June 27, 2016 Order denying Plaintiff's motion to compel a further deposition of Joshua Bardin (Dkt. No. 174);

2. Objections (Dkt. No. 185) to (1) Judge Bartick's June 21, 2016 Order denying in part and reserving in part Plaintiff's *ex parte* application to compel Defendant Kimberly Kirchmeyer to produce documents (Dkt. No. 169) and to (2) Judge Bartick's July 1, 2016 Supplemental Order sustaining Kirchmeyer's assertion of the deliberative process privilege and declining to compel Kirchmeyer to produce any further documents to Plaintiff (Dkt. No. 177); and

3. Objections (Dkt. No. 215) to Judge Porter's November 14, 2016 Order denying Plaintiff's motion to compel production of documents from Defendant Sharon Levine (Dkt. No. 207).

Defendants Kimberly Kirchmeyer and Sharon Levine, M.D. (collectively, "Defendants"), filed three separate responses to each set of Plaintiff's Objections.  (Dkt. Nos. 228, 229, 221, respectively.)  Plaintiff filed three replies.  (Dkt. Nos. 231, 233, 234.)

The Court deems Plaintiff's Objections suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1).  Having reviewed the parties' briefing and the applicable law, and for the reasons set forth below, the Court **OVERRULES** Plaintiff's three sets of Objections and **AFFIRMS** Magistrate Judge Bartick's and Magistrate Judge Porter's Orders.

## BACKGROUND

Because the Court has previously recited the facts of this case at length, (*see* Dkt. No. 159), the Court will not repeat them here.

Plaintiff initiated this action on September 25, 2012, alleging that Defendants wrongfully took disciplinary action against his physician's and surgeon's certificate. (Dkt. No. 1.)  Plaintiff seeks prospective injunctive relief under 42 U.S.C. § 1983 against Defendants in their official capacities, challenging the underlying California Medical Board's decision to revoke his license.  (Dkt. No. 159 at 39.[1])

For clarity, the Court will detail the relevant procedural background to each set of Plaintiff's Objections *infra* in the Discussion section.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 72(a), aggrieved parties may file objections to the rulings of a magistrate judge in non-dispositive matters within fourteen days. Fed. R. Civ. P. 72(a).  In reviewing a magistrate judge's order, the district judge "must

---

[1] All citations to the record refer to pagination generated by the CM/ECF system.

consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980); *Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002). Under the "clearly erroneous standard," a court should overturn a magistrate judge's ruling when it is "left with the definite and firm conviction that a mistake has been committed." *See Concrete Pipe & Prods. of Cal., Inc. v. Constrs. Laborers Pension Trust*, 508 U.S. 602, 622 (1993). A magistrate judge's legal conclusions as to non-dispositive matters are reviewable for clear error. *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 240–41 (9th Cir. 1991) (citing *Maisonville v. F2 America, Inc.*, 902 F.2d 746, 747–48 (9th Cir. 1990)).

## DISCUSSION

### I.   Plaintiff's First Set of Objections (Dkt. No. 183)

#### A. Plaintiff's Deposition of Dr. Bardin

On October 21, 2015, Plaintiff served a deposition subpoena on third party Joshua Bardin, M.D. ("Dr. Bardin") and included in the subpoena a request to produce documents. (Dkt. No. 157-2.) Dr. Bardin's counsel invited Plaintiff to provide him with any documents Plaintiff wanted Dr. Bardin to review prior to the deposition, but Plaintiff did not provide counsel with any documents. (Dkt. No. 157-4 at 3, ¶ 4.)

On December 16, 2015, Dr. Bardin appeared for his deposition. (Dkt. No. 157-3.) In response to Plaintiff's document requests, Dr. Bardin produced his curriculum vitae, board certification, and license, but stated that he did not have any of the other documents that Plaintiff sought. (*Id.* at 4–6.) Dr. Bardin also testified that he did not have any copies of written communications with officials from the Board regarding Plaintiff's underlying administrative matter, and that he lacked recollection of the medical journals, articles, and books upon which he based his testimony in October 2004. (*Id.* at 5.) Dr. Bardin stated that he did not review any documents before the deposition. (*Id.* at 15.)

The deposition concluded after less than ninety minutes. (*Id.* at 61–62.) Shortly

into the deposition, Plaintiff expressed frustration with Dr. Bardin's inability to recall certain events and assumed that Dr. Bardin would thereafter be unable to answer Plaintiff's remaining questions. (*See, e.g.*, *id.* at 28–29.) Plaintiff asserted that the deposition had to be continued because Dr. Bardin had not reviewed his testimony from the underlying administrative proceedings or the medical records. (*Id.*) Despite opposing counsel's repeated, good-faith efforts to encourage Plaintiff to proceed with the deposition, Plaintiff refused and responded that doing so would take too much time. (*See, e.g.*, *id.* at 29–50, 59–60.) Plaintiff unilaterally terminated the deposition. (*Id.* at 60–61.) Opposing counsel advised Plaintiff that Dr. Bardin would not agree to continue the deposition. (*Id.* at 45 – 46; Dkt. No. 157-1 at ¶¶ 5–6; Dkt. No. 157-4 at ¶¶ 7–8.)

### B. Magistrate Judge Bartick's Order (Dkt. No. 174)

On April 15, 2016, Plaintiff filed an *ex parte* motion to compel a further deposition of Dr. Bardin. (Dkt. No. 150.) On June 27, 2016, Judge Bartick denied Plaintiff's motion to compel a further deposition of Dr. Bardin. (Dkt. No. 174.) Judge Bartick began by noting Plaintiff's continued failure to comply with Judge Bartick's chambers rules and orders, the Southern District's Civil Local Rules, and the Federal Rules of Civil Procedure, despite prior warning from the Court. (*Id.* at 3–4.) Although it would have been well within Judge Bartick's discretion to reject Plaintiff's motion solely for Plaintiff's noncompliance with multiple rules, Judge Bartick nonetheless addressed the merits of the parties' discovery dispute. (*Id.*)

First, Judge Bartick cited Federal Rule of Civil Procedure 45(d)(1)'s requirement that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." (*Id.* at 4–5.) Judge Bartick also noted that Rule 45 does not impose a duty on a non-entity witness to review documents or otherwise prepare in advance of the deposition. (*Id.* at 5.) Judge Bartick then concluded that Dr. Bardin fulfilled his obligations under the subpoena by appearing for deposition on December 16, 2015, and

by bringing the requested documents that he had in his possession. (*Id.*) Judge Bartick then concluded that Plaintiff's refusal to continue questioning Dr. Bardin was unreasonable, inappropriate, and based on speculation. (*Id.* at 5–6.) Judge Bartick found that Plaintiff's actions did not constitute "reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena" under Rule 45(d)(1) and denied Plaintiff's motion. (*Id.*)

### C. Plaintiff's Grounds for Objections

Plaintiff objects on grounds that (1) Dr. Bardin is an expert; (2) Dr. Bardin did not produce documents as required under Rule 45(a)(1)(C)–(D), even though the documents were available to him and under his control; and (3) it was appropriate to terminate the deposition in order to provide Dr. Bardin with documents and time to refresh his recollection. (Dkt. No. 183 at 5–9.) In support of his motion to compel a further deposition of Dr. Bardin, Plaintiff cites *Orrison v. Balcor Co.*, 132 F.R.D. 202, 203 (N.D. Ill. 1990) and *Ethicon Endo-Surgery v. U.S. Surgical Corp.*, 160 F.R.D. 98, 99–100 (S.D. Ohio 1995), cases wherein motions to compel further deposition of witnesses were granted. (*Id.* at 8–9.) Finally, Plaintiff argues that continuing the deposition would impose no prejudice on Dr. Bardin. (*Id.* at 9–10.)

Plaintiff's grounds for objections amount to disagreement with Judge Bartick's Order and fail to clear the high bar of demonstrating clear error. First, Plaintiff cannot demonstrate that Judge Bartick's conclusion that Dr. Bardin is not an expert witness is contrary to law or clearly erroneous. Judge Bartick properly concluded that while Dr. Bardin was formerly a medical expert for the California Medical Board and was retained for purposes of testifying in the underlying disciplinary proceedings, Dr. Bardin was not retained or designated as an expert for purposes of this instant action. (Dkt. No. 174 at 2.) Second, Dr. Bardin testified on the record that he did not have in his possession any of the other documents Plaintiff sought. (Dkt. No. 157-3 at 4–6.) Third, Plaintiff cites no law in support of his position that it was appropriate to unilaterally terminate the

deposition to (1) provide Dr. Bardin with documents that Plaintiff did not provide to Dr. Bardin beforehand despite opposing counsel's invitation to do so, and (2) provide Dr. Bardin with more time to refresh his recollection, despite the fact that nearly six hours of deposition time remained and the fact that Plaintiff improperly assumed that Dr. Bardin would be unable to answer his remaining questions.  Furthermore, Plaintiff's legal authorities are inapposite.  *See Contardo v. Merrill Lynch, Pierce, Fenner and Smith*, 119 F.R.D. 622, 625 (D. Mass. 1988) (holding that plaintiff could not circumvent an order prohibiting further discovery in the case "by serving a subpoena *duces tecum* upon an employee of the defendant commanding the employee to produce documents within the custody, control and/or possession of the defendant"); *Orrison v. Balcor Co.*, 132 F.R.D. 202, 203 (N.D. Ill. 1990) (holding that plaintiff could be required to submit to a second deposition even though the discovery cut-off date had passed because plaintiff "brought numerous documents which had not been produced previously" when appearing for the first deposition, and "[n]one of the defendants had a sufficient opportunity to review the documents prior to the deposition"); and *Ethicon Endo-Surgery v. U.S. Surgical Corp.*, 160 F.R.D. 98, 99 (S.D. Ohio 1995) (concluding that "[t]he record reflects numerous instances of improper instructions to witnesses not to answer questions by attorneys").

Judge Bartick's Order was neither contrary to law nor clearly erroneous. Accordingly, this Court **OVERRULES** Plaintiff's Objections (Dkt. No. 183) and **AFFIRMS** Judge Bartick's Order (Dkt. No. 174).

## II.   Plaintiff's Second Set of Objections (Dkt. No. 185)

### A. Judge Bartick's Orders (Dkt. Nos. 169, 177)

On October 19, 2015, Plaintiff served a Request for Production of Documents on Defendant Kimberly Kirchmeyer ("Kirchmeyer").  (Dkt. No. 148 at 44–48.)  In Requests Nos. 2, 6, and 10, Plaintiff requested minutes from the closed session meetings that the Medical Board held in 2006, 2008, and 2010 concerning the disciplinary action against Plaintiff.  (*Id.*)  On December 22, 2015, Kirchmeyer responded and asserted that the

deliberative process privilege applied to the minutes from the closed sessions of the Board meetings.  (*Id.* at 50–68.)

On April 15, 2016, Plaintiff filed an *ex parte* motion to compel Kirchmeyer to produce documents.  (Dkt. No. 148.)  On June 21, 2016, Judge Bartick denied in part and reserved in part Plaintiff's motion.  (Dkt. No. 169.)  Specifically, because Kirchmeyer did not provide a privilege log or a declaration substantiating her claim of deliberative process privilege, Judge Bartick reserved ruling on whether Kirchmeyer should be compelled to produce documents responsive to Plaintiff's Requests for Production Nos. 2, 6, and 10.  (*Id.* at 4–6.)

In addition, Judge Bartick noted Plaintiff's failure to comply with the Court's procedures for filing discovery motions, the Court's rules governing *ex parte* applications, and the duty to meet and confer prior to bringing a discovery motion under Federal Rule of Civil Procedure 37(a) and under the Southern District's Civil Local Rule 26.1(a).  (Dkt. No. 169 at 2–3.)  Moreover, Plaintiff's motion was untimely by two months without justification.  (*Id.* at 3.)  As Judge Bartick correctly stated, (*id.*), it would have been well within Judge Bartick's discretion to reject Plaintiff's motion for these reasons alone.  *See, e.g.*, Civ. L.R. 26.1(a) ("The court will entertain no motion pursuant to Rules 26 through 37, Fed. R. Civ. P., unless counsel will have previously met and conferred concerning all disputed issues."); *Rogers v. Giurbino*, 288 F.R.D. 469, 477 (S.D. Cal. 2012) ("A court can deny a motion to compel solely because of a party's failure to meet and confer prior to filing the motion."); *Scheinuck v. Sepulveda*, No. C 09-0727 WHA PR, 2010 WL 5174340, at *1 (N.D. Cal. Dec. 15, 2010) (same).

On June 29, 2016, Kirchmeyer filed a declaration and privilege log pursuant to the Court's June 21, 2016 Order.  (Dkt. No. 176.)  In a Supplemental Order on July 1, 2016, Judge Bartick concluded that the closed session minutes were predecisional and deliberative, and that Plaintiff's need for the minutes did not outweigh the Board's interest in nondisclosure.  (Dkt. No. 177 at 3.)  Judge Bartick further found that

7

disclosure of the closed session minutes could chill frank and open discussion by Board members during closed session deliberations.  (*Id.* at 4.)  Accordingly, Judge Bartick sustained Kirchmeyer's assertion of the deliberative process privilege.  (*Id.*)

### B. Plaintiff's Grounds for Objections

Plaintiff asserts five objections: (1) the deliberative process privilege does not apply to civil rights claims (Dkt. No. 185 at 4–6); (2) Kirchmeyer's assertion of the qualified deliberative process privilege is overcome by a number of factors, which the Court did not consider (*id.* at 6–8); (3) Kirchmeyer's declaration is not consistent with the privilege log, which is independently defective (*id.* at 8–10); (4) administrative decisions are not protected by the deliberative process privilege (*id.* at 10); and (5) the privilege was waived by the publication of the Board's decisions (*id.* at 10–11).

Again, Plaintiff's grounds for objections amount to disagreement with Judge Bartick's Orders and fail to clear the high bar of demonstrating clear error.  First, Plaintiff provides no legal authority to support his assertion that the deliberative process privilege does not apply to civil rights claims.  Plaintiff's cites to factually inapposite cases wherein courts held that the "deliberative process privilege does not apply when the government's intent is at issue."  *Jones v. City of Coll. Park, Ga.*, 237 F.R.D. 517, 520 (N.D. Ga. 2006) (Title VII and Section 1983 claim alleging "racial discrimination in connection with nonrenewal of Plaintiff's employment"); *see also Waters v. U.S. Capitol Police Bd.*, 218 F.R.D. 323, 324 (D.D.C. 2003) (holding that the deliberative process privilege could not be used "to thwart discovery of information in a case in which a plaintiff challenges governmental action as discriminatory"); *Qamhiyah v. Iowa State Univ. of Sci. & Tech.*, 245 F.R.D. 393, 399 (S.D. Iowa 2007) (holding that the deliberative process privilege did not apply where plaintiff alleged that the deliberative process itself was "tainted with unlawful discrimination"); *Burka v. N.Y. City Transit Auth.*, 110 F.R.D. 660, 667 (S.D.N.Y. 1986) (concluding that "the recorded observations of an eyewitness" were not protected by the deliberative process privilege, as the

"privilege applies only to expressions of opinion or recommendations, not to the facts upon which such evaluations might have been based"); *Mem'l Hosp. for McHenry Cty. v. Shadur*, 664 F.2d 1058, 1063 (7th Cir. 1981) (holding that the deliberative process privilege did not apply where plaintiff "alleged that the defendants . . . used the Hospital committee apparatus discriminatorily to deny him staff privileges at the Hospital in furtherance of an unlawful restraint of trade"); *United States v. Am. Tel. & Tel. Co.*, 524 F. Supp. 1381, 1389 (D.D.C. 1981) ("An exception to the general thought-process rule is made where there are allegations of misconduct or misbehavior, *and evidence to that effect is not privileged*." (emphasis added)); *Kelly v. City of San Jose*, 114 F.R.D. 653, 659 (N.D. Cal. 1987) (dicta voicing the court's opinion that "the 'deliberative process' privilege should be limited to communications designed to contribute, directly, to the formulation of important public policy").  Government intent is not similarly at issue in this case, as this Court previously held that Plaintiff did not sufficiently state a claim for Fourteenth Amendment equal protection violations (*inter alia*, racial discrimination) under Section 1983.  (Dkt. No. 59 at 14–16; Dkt. No. 159 at 32–34.)

Second, Judge Bartick did in fact consider factors to determine whether the deliberative privilege applied.  (Dkt. No. 177 at 3–4.)  Applying settled law, Judge Bartick evaluated the following factors: "1) the relevance of the evidence; 2) the availability of other evidence; 3) the government's role in the litigation; and 4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions."  *F.T.C. v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984).  In particular, Judge Bartick found that Plaintiff already has the complete State administrative record available to him, and that disclosure of the closed session minutes would chill frank and independent discussion by Board members.  (Dkt. No. 177 at 3–4.)  This Court finds that there was no clear error in Judge Bartick's conclusion that Plaintiff's need for the information did not outweigh and override the deliberative process privilege.

Third, Kirchmeyer's declaration is not "incorrect and misleading" or inconsistent with the privilege log. (Dkt. No. 185 at 8.) Plaintiff's citation to *Grossman v. Schwarz*, 125 F.R.D. 376, 381 (S.D.N.Y. 1989) does not avail his objection to Kirchmeyer's declaration. (*Id.*) In her declaration, Kirchmeyer stated that she is the Executive Director for the Medical Board of California, affirmed she had personal knowledge of the facts attested to in the declaration and privilege log, and provided the factual bases for her claim of injury to legitimate government interests flowing from a potential disclosure. (Dkt. No. 176.) Furthermore, Kirchmeyer's list of the dates of the closed session meetings (November 2, 2006; April 24, 2008; and July 29, 2010) and the dates on which the decisions rendered at the meetings were adopted (December 6, 2006; June 13, 2008; and September 27, 2010, respectively) are completely consistent with the dates provided in the privilege log. Plaintiff does not establish how Kirchmeyer's declaration is incorrect or misleading; rather, the record indicates that Kirchmeyer complied with applicable legal requirements. *See Grossman*, 125 F.R.D. at 381 ("Governmental privilege must ordinarily be invoked by a department head or other responsible agency official, after a personal review of the documents, in an affidavit stating a factual basis for the claim of injury to legitimate government interests flowing from disclosure.").

Nor is the privilege log independently defective. (Dkt. No. 176-1.) Contrary to Plaintiff's assertions, (Dkt. No. 185 at 10), the privilege log contains sufficient information, including document descriptions and the subject matter contained within; the author, recipient, and/or custodian of the documents; and the category of privilege and application of privilege asserted for each document, (Dkt. No. 176-1). Plaintiff does not identify any defects in the privilege log that would inhibit Plaintiff or the Court from adequately assessing the claim of privilege. *See Friends of Hope Valley v. Frederick Co.*, 268 F.R.D. 643, 650–51 (E.D. Cal. 2010).

Fourth, Plaintiff mistakenly conflates the ultimate administrative decision itself with the deliberative process that resulted in the decision. (Dkt. No. 185 at 10.) It is

settled law that "the deliberative process privilege permits the government to withhold documents that reflect advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and polices are formulated." *Hongsermeier v. C.I.R.*, 621 F.3d 890, 904 (9th Cir. 2010) (internal citation, quotation marks, and alteration omitted).  Plaintiff's legal authorities are factually inapposite.  *See Mem'l Hosp. for McHenry Cty. v. Shadur*, 664 F.2d 1058, 1063 (7th Cir. 1981) (confidential medical disciplinary proceedings based on peer review required to be disclosed in antitrust action alleging conspiracy); *Scott v. Bd. of Educ. of City of E. Orange*, 219 F.R.D. 333, 337 (D.N.J. 2004) (concluding that "inquiry into the Board's pre-decisional mental impressions and discussions [was] necessary to challenge the purported reason for Plaintiff's termination," as plaintiff "attack[ed] the integrity of the Board's decision to terminate him" and "alleged that he was terminated . . . because he failed to participate in an illegal bidding scheme and because he attempted to unearth such scheme").

Fifth, Plaintiff provides no support for the proposition that the publication of the Board's decisions results in an automatic waiver of the deliberative process privilege. (Dkt. No. 185 at 10–11.)  *Mobil Oil Corp. v. U.S. E.P.A.*, 879 F.2d 698, 699 (9th Cir. 1989) (concluding that the EPA had not "waived its right to invoke statutory exemptions to Mobil's request for documents under FOIA by its release of related documents to Mobil and third parties") does not avail Plaintiff's argument.

Finally, this Court expresses concern with Plaintiff's repeated failure to comply with the rules and orders governing discovery despite multiple warnings from the Court. It would have been well within Judge Bartick's discretion to reject Plaintiff's motion solely for his failure to comply with Judge Bartick's scheduling order and chambers rules, the Southern District's Civil Local Rules, and the Federal Rules of Civil Procedure. *See, e.g.*, Civ. L.R. 26.1(a); *Rogers*, 288 F.R.D. at 477.

In sum, this Court **OVERRULES** Plaintiff's Objections (Dkt. No. 185) and

**AFFIRMS** Judge Bartick's Orders (Dkt. Nos. 169, 177).

**III.    Plaintiff's Third Set of Objections (Dkt. No. 215)**

**A. Judge Porter's Order (Dkt. No. 207)**

Plaintiff moved to compel documents from Defendant Sharon Levine ("Dr. Levine") responsive to his amended Requests for Production of Documents A, B, C, D, E, and G. (Dkt. No. 201.) Judge Porter denied the motion on November 14, 2016. (Dkt. No. 207.) With respect to Requests A, B, and C, Judge Porter determined that the documents requested were equally available to Plaintiff, and that the Requests were improperly served after the discovery cut-off date without permission. (*Id.* at 3–4.) With respect to Requests D and E, Judge Porter determined to be sufficient Dr. Levine's responses indicating that despite a diligent search and inquiry, the documents requested were not in her possession, custody or control. (*Id.* at 4–5.) Finally, with respect to Request G, Judge Porter concluded that the Request sought irrelevant information that violated privacy rights, and that Plaintiff did not establish sufficient need for the information, given his prior deposition of Dr. Garg.[2] (*Id.* at 5.)

**B. Plaintiff's Grounds for Objections**

Plaintiff contends that Judge Porter abused her discretion in denying his motion to compel responses to Requests A, B, and C. (Dkt. No. 215 at 7.) However, Plaintiff merely avers that Judge Porter's determination was incorrect, without establishing any grounds for how Judge Porter's decision was contrary to law. Plaintiff also objects to Judge Porter's determination that his Requests A, B, and C, which requested new documents not requested in Plaintiff's original Document Requests, exceeded the scope of the Court's June 29, 2016 order. (*Id.*) Plaintiff's objection is futile. Judge Porter's June 29, 2016 order reopened discovery solely for the purpose of allowing the depositions of Kirchmeyer and Dr. Levine to go forward and directed Kirchmeyer and

---

[2] Plaintiff does not object to Judge Porter's ruling regarding Request G. (Dkt. No. 215 at 8.)

Dr. Levine to respond only to the Requests for Production of Documents that were attached to their deposition notices.  (Dkt. No. 175 at 8.)  Plaintiff improperly sought documents beyond the scope of discovery allowed by the Court's order.

With respect to Requests D and E, Plaintiff again asserts that the Court's sustention of the deliberative process privilege is erroneous.  (Dkt. No. 215 at 8.)  Plaintiff's objection to Judge Porter's Order is misplaced, as Judge Porter based her decision not on Judge Bartick's earlier ruling sustaining Defendants' assertion of the deliberative process privilege, but on Dr. Levine's statement that "after a diligent search and inquiry," she was unable to locate any responsive documents, as the documents were not in her possession, custody, or control.  (Dkt. No. 207 at 4–5.)  Moreover, this Court has already addressed Plaintiff's objections regarding the deliberative process privilege, *supra* Part II, with respect to the closed session minutes from 2006, 2008, and 2010.

Finally, Plaintiff attached to his Objections excerpts from the deposition transcripts of Linda Whitney and Kimberly Kirchmeyer.  (Dkt. No. 215 at 10–21.)  This Court declines to consider the deposition transcripts, as Plaintiff provides no justification for not first raising the excerpts to the Magistrate Judge.  *See Harbridge v. Yates*, No. 1:10-CV-00473 AWI, 2012 WL 639476, at *1 (E.D. Cal. Feb. 24, 2012) ("[O]bjections to a Magistrate Judge's order are not the place for a party to make a new argument and raise facts not addressed in his original brief." (internal citation and quotation marks omitted)).

Accordingly, this Court **OVERRULES** Plaintiff's Objections (Dkt. No. 185) and **AFFIRMS** Judge Porter's Order (Dkt. No. 207).

## CONCLUSION

For the foregoing reasons, this Court **OVERRULES** Plaintiff's three sets of Objections (Dkt. Nos. 183, 185, 215) and **AFFIRMS** Magistrate Judge Porter's and Magistrate Judge Bartick's Orders.  (Dkt. Nos. 174; 169, 177, 207.)

**IT IS SO ORDERED**.

/ / / /

Dated:  January 17, 2017

Hon. Gonzalo P. Curiel
United States District Judge