UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEHAN ZEB MIR,<br><br>                     Plaintiff,<br><br>v.<br><br>KIMBERLY KIRCHMEYER et al.,<br><br>                     Defendants. | Case No.: 3:12-cv-02340-GPC-AGS<br><br>**ORDER**<br><br>**(1) DENYING PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER STAYING PROCEEDINGS AND AMEND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**(2) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR CHANGE OF VENUE**<br><br>**[ECF Nos. 292, 294.]** |

    On October 17, 2017, Plaintiff Dr. Jehan Zeb Mir filed a Notice and Ex-Parte Application for an Order to Stay Proceedings and Amend Order Granting Defendants' Motion for Summary Judgment Or In Alternative Summary Adjudication and Denying Plaintiff's Motion for Summary Judgment to Certify for Discretionary Appeal. Dkt. No. 292. On October 17, 2017 Plaintiff also filed a Motion for Change of Venue. Dkt. No.

294. On September 26, 2017, the Court granted Defendants' Motion for Summary Judgment[1] and denied Plaintiff's Motion for Summary Judgment. Dkt. No. 288.

## I. EX PARTE APPLICATION TO STAY PROCEEDINGS AND AMEND ORDER GRANTING SUMMARY JUDGMENT

Plaintiff contends that the Court's Dkt. No. 288 order granting Defendant's Motion for Summary Judgment does not dispose of all issues raised in the Fourth Amended Complaint. In its June 8, 2016 Order dismissing Plaintiff's Fourth Amended Complaint the Court held that:

> The Court previously determined that Plaintiff has sufficiently stated a claim for violation of the Fourteenth Amendment under Section 1983 against Defendants Kirchmeyer and Levine to survive a motion to dismiss. (See ECF No. 59 at 11–16.) Thus, what remains is Plaintiff's Section 1983 claim for prospective relief (as defined above) against Defendants Kirchmeyer and Levine in their official capacities only.

Dkt. No. 169 at 39. Accordingly, the sole remaining issue for the Court to address in its Order Granting Defendants' Motion for Summary Judgment was Plaintiff's Section 1983 due process claim. Because the Court granted summary judgment as to Defendants on this claim, there is no remaining issue in this case. The Clerk correctly issued a judgment on September 26, 2017. Dkt. No. 289.

Plaintiff appears to request that the Court certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) by asking the Court to "include a statement that the order involves a controlling question of law as to which there is substantial

---

[1] While Defendants' motion was titled "Motion for Summary Judgment or, in the Alternative, Summary Adjudication of the Issues," the Court's order was not a partial grant of summary judgment (summary adjudication), but rather a grant of summary judgment in its entirety as to all remaining issues in the case.

ground for a difference of opinion and that an immediate appeal may materially advance ultimate termination of litigation." Dkt. No. 292. Because the Court has issued a *final* judgment in this case, Plaintiff's request for the court to certify an interlocutory appeal is moot because he may seek an appeal to the Ninth Circuit Court of Appeals under 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States").[2] Accordingly, the Court denies Plaintiff's request to certify an interlocutory appeal.

Further, the Court will deny Plaintiff's request to stay the proceedings because a final judgment has issued, the case has been closed, and there is no basis to stay further proceedings in this matter.

Accordingly, the Court will **DENY** Plaintiff's Ex Parte Application for an Order Staying Proceeding and to Amend Order Granting Defendants' Motion for Summary Judgment.

## II. MOTION FOR CHANGE OF VENUE

Plaintiff seeks to transfer his case under 28 U.S.C. 1404(a) from the Southern District of California to the Central District of California on the basis of inconvenience to the parties, expenditure of time, delay in filing documents, and convenience to witnesses. Dkt. No. 294. As stated above, a judgment has been issued in this case and the case is currently closed. Plaintiff has filed a Notice of Appeal and consequently his appeal is currently pending before the Ninth Circuit. Dkt. No. 290. Accordingly, the Court will **DENY WITHOUT PREJUDICE** Plaintiff's Motion for Change of Venue. If Dr. Mir's appeal to the Ninth Circuit is successful, he may re-file the Motion for Change of Venue after the conclusion of his appeal.

---

[2] Plaintiff filed a Notice of Appeal on October 16, 2017. Dkt No. 290.

**CONCLUSION**

Accordingly, the Court will (1) **DENY** Plaintiff's Ex Parte Application for an Order Staying Proceeding and to Amend Order Granting Defendants' Motion for Summary Judgment and (2) **DENY WITHOUT PREJUDICE** Plaintiff's Motion for Change of Venue.

**IT IS SO ORDERED.**

Dated: October 18, 2017

Hon. Gonzalo P. Curiel
United States District Judge