UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| JEHAN ZEB MIR, | Case No.: 3:12-cv-02340-GPC-AGS |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER TO CLERK OF THE COURT TO RE-OPEN THE CASE** |
| KIMBERLY KIRCHMEYER et al., | |
| Defendants. | |
| | **[ECF No. 299.]** |

On October 20, 2017, Plaintiff Dr. Jehan Zeb Mir filed a Notice and Ex-Parte Application for an Order to Clerk of the Court to Re-Open the Case. Dkt. No. 299. The Court previously denied Plaintiff's Ex Parte Application for an Order to Stay Proceedings and Amend Order Granting Defendants' Motion for Summary Judgment, Dkt. No. 292, and denied without prejudice Plaintiff's Motion for Change of Venue. Dkt. No. 294. On September 26, 2017, the Court granted Defendants' Motion for Summary Judgment[1] and denied Plaintiff's Motion for Summary Judgment. Dkt. No. 288.

---

[1] While Defendants' motion was titled "Motion for Summary Judgment or, in the Alternative, Summary Adjudication of the Issues," the Court's order was not a partial grant of summary judgment (summary

Plaintiff requests that the Court order the Clerk to re-open the case. Dkt. No. 299 at 1. Plaintiff contends that the case was erroneously closed because the Court's grant of summary adjudication did not dispose of all of the issues in the case. This interpretation is erroneous as the Court granted *summary judgment* as to the entirety of the case and disposed of all remaining issues in the case.

The Court has already explained that the sole remaining claim for the Court to address in its Order Granting Defendants' Motion for Summary Judgment was Plaintiff's Section 1983 due process claim. *See* Dkt. No. 295 (quoting Dkt. No. 169 order granting motion to dismiss Fourth Amended Complaint that stated the only remaining claim was [p]laintiff's Section 1983 claim for prospective relief"). Accordingly, the sole remaining issue for the Court to address in its Order Granting Defendants' Motion for Summary Judgment was this due process claim. Because the Court granted summary judgment as to Defendants on this claim, there are no remaining issues in this case. The Clerk correctly issued a judgment on September 26, 2017. Dkt. No. 289.

Second, the Court will decline to entertain Plaintiff's request to re-open the case because his case is currently on appeal before the Ninth Circuit. *See* Dkt. No. 290 (notice of appeal to Ninth Circuit); Dkt. No. 296 (assigning case no. 17-56576); Dkt. No. 297 (appellate briefing schedule). Once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed. *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). This rule is judge-made; its purpose is to promote judicial economy and avoid the confusion that would ensue from having the same issues before two courts simultaneously. *Masalosalo v. Stonewall Ins. Co.,* 718 F.2d 955, 956 (9th Cir. 1983). The principle of exclusive appellate jurisdiction is

---

adjudication), but rather a grant of summary judgment in its entirety as to all remaining issues in the case.

not, however, absolute. *Masalosalo,* 718 F.2d at 956. The district court retains jurisdiction during the pendency of an appeal to act to preserve the status quo. *Hoffman v. Beer Drivers & Salesmen's Local Union No. 888,* 536 F.2d 1268, 1276 (9th Cir.1976). In order to preserve the status quo during the pendency of the appeal, the court will accordingly decline to re-open the case.

Accordingly, because (1) the district court's Dkt. No. 288 order disposed of all remaining issues in the case and (2) there is an active pending appeal in this case, the Court will **DENY** Plaintiff's Ex Parte Application for an Order to Clerk of the Court to Re-open the Case.

**IT IS SO ORDERED.**

Dated: October 24, 2017

Hon. Gonzalo P. Curiel
United States District Judge